IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| HUGO MEDELLIN | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. |
| ARION MORSHEDIAN and SPACE EXPLORATION TECHNOLOGIES CORP. | § § § § § | |
| Defendants. | § § | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants Arion Morshedian and Space Exploration Technologies Corp. ("SpaceX"; with Morshedian, "Defendants") remove to this Court the personal injury action that Plaintiff Hugo Medellin filed on July 21, 2021[1] as matter number 2021-CCL-00597 in the County Court at Law No. 3 of Cameron County, Texas (the "State Court Action").

## I.
## STANDARD

1.      A defendant may remove any civil action brought in a state court if the United States District Court for the district and division embracing the place where the state court is located has original jurisdiction over the action. *See* 28 U.S.C. § 1441(a). Under 28 U.S.C. § 1332, a court has original jurisdiction over an action "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a)(1). Further, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or

---

[1] Plaintiff did not serve either of the Defendants on that date.

otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable," so long as removal occurs no more than "1 year after commencement of the action[.]" 28 U.S.C. § 1446(b)(3), (c)(1), (c)(3)(A). This standard is satisfied, as shown below.

## II.
## DIVERSITY JURISDICTION EXISTS AND REMOVAL IS PROPER

2.  Complete diversity[2] exists because: (i) Plaintiff, as stated in his Amended Petition, Ex. 1-2 at Part II, is, and was at the time suit was filed, a citizen of Cameron County, Texas; (ii) Morshedian, as stated in Plaintiff's Amended Petition, *id*., is, and was at the time suit was filed, a citizen of California because his domicile is there; and (iii) SpaceX is, and was at the time suit was filed, a citizen of Delaware (its state of incorporation) and California (the state of its principal place of business, including its headquarters).[3]

3.  The amount in controversy and timeliness requirements for diversity removal are met as well. Plaintiff pled in his petition and again in his amended petition that he sought between $25,000 and $70,000 dollars, and prior to June 20, 2022—even in admissions served on May 9, 2022—he affirmed that he was not seeking more than $75,000. But on June 20, 2022, he filed medical billing affidavits with the court that, when coupled with the single $38,000 medical

---

[2] "No plaintiff can be a citizen of the same state as any defendant." *The Lamar Co., L.L.C. v. Miss. Transp. Comm'n*, 976 F.3d 524, 530 (5th Cir. 2020), *as revised* (Sept. 24, 2020) (citing *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005)).

[3] Plaintiff's Amended Petition, Ex. 1-2 at Part II, admits that SpaceX is an "out of state corporation." A corporation is deemed to be a citizen of any state in which it has been incorporated and of any state where it has its principal place of business. 28 U.S.C. § 1332(c)(1); *Jing Gao v. Blue Ridge Landfill TX, LP*, 783 Fed. App'x 409, 410 (5th Cir. 2019) (citing *Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010)). The "nerve center" test determines the state in which a corporate entity has its principal place of business: "the phrase 'principal place of business' refers to the place where the corporation's high-level officers direct, control, and coordinate the corporation's activities"; "the 'nerve center' will typically be found at a corporation's headquarters." *Friend*, 559 U.S. at 92-93.

invoice served on Defendants in November 2021, totalled more than $93,000.[4] And then on July 8, 2022, Plaintiff sent a demand letter to Defendants seeking well in excess of $75,000 to pursue the maximum amount of insurance coverage under an applicable policy.[5] *Cf. Addo v. Globe Life & Acc. Ins. Co.*, 230 F.3d 759, 762 (5th Cir. 2000) ("Addo's post-complaint demand letter was an 'other paper' under § 1446(b) which gave Globe notice that the case was removable."). It is apparent that Plaintiff has changed his position and that more than $75,000 is now in controversy as of July 8, 2022, but certainly no earlier than June 20, 2022. As Defendants are filing this notice of removal within one year from the commencement of this action and within 30 days of learning that the amount in controversy is now more than $75,000, it is timely.

4. Because the parties are completely diverse, more than $75,000 is in controversy, and removal is timely, this action is properly removed on the grounds of diversity jurisdiction under 28 U.S.C. § 1332(a)(1).

## III.
## VENUE IS PROPER

5. Venue is proper in this Court because the United States District Court for the Southern District of Texas, Brownsville Division embraces the Cameron County Court at Law where the State Court Action was pending before removal. *See* 28 U.S.C. §§ 124(b)(4), 1441(a), 1446(a).

## IV.
## ATTACHMENTS

6. Accompanying this Notice of Removal are the following exhibits:

- o   1-1: Plaintiff's Original Petition

---

[4] Exs. 1-5 (medical billing record filed by Plaintiff in November 2021), 1-6 (medical billing records filed by Plaintiff on June 20, 2022).
[5] Ex. 2. Defendants dispute that Plaintiff is entitled to damages, let alone damages beyond the amount stated in his pleadings and admissions.

- o  1-2: Plaintiff's Amended Petition, with accompanying process[6]
- o  1-3: Morshedian's Original Answer
- o  1-4: SpaceX's Original Answer
- o  1-5: Billing record of Advanced Urgent Care of Brownsville, filed by Plaintiff on November 2, 2021
- o  1-6: Billing records of Pharmaceutical Processing Management, Texas Health Care Mobile Imaging, Jorge Saenz, MD, Texas Pain Clinic, Exceptional Imaging, and Jose G. Dones, filed by Plaintiff on June 20, 2022
- o  1-7: The docket sheet in the State Court Action
- o  1-8: The State Court's scheduling order
- o  1-9: A list of all counsel of record, including addresses, telephone numbers, and parties represented
- o  2: Plaintiff's July 8, 2022 demand letter
- o  3: Index of matters filed

## V.
## CONCLUSION

Defendants respectfully remove the State Court Action to this Court, request that this Court exercise jurisdiction over this action, and request all other relief to which they are entitled.

---

[6] Defendants were not properly served with Plaintiff's Original Petition.

| Dated: July 20, 2022 | Respectfully submitted, |
|---|---|
| **ROERIG, OLIVEIRA, & FISHER, LLP** | **MORGAN, LEWIS & BOCKIUS LLP** |
| */s/ David Oliveira* | */s/ Michelle D. Pector* |
| David Oliveira | Michelle D. Pector |
| State Bar No. 15254675 | State Bar No. 24027726 |
| doliveira@rofllp.com | michelle.pector@morganlewis.com |
| 10225 N. 10th Street | 1000 Louisiana, Suite 4000 |
| McAllen, Texas 78504 | Houston, Texas 77002 |
| (956) 393-6300 Telephone | (713) 890-5000 Telephone |
| (956) 386-1625 Facsimile | (713) 890-5001 Facsimile |

*Attorneys for Defendants Space Exploration Technologies Corporation and Arion Morshedian*

**CERTIFICATE OF SERVICE**

      I hereby certify that on July 20, 2022, a true and correct copy of the foregoing document has been served electronically to all known counsel of record in accordance with the Texas Rules of Civil Procedure.

                                                  */s/ Michelle Pector*
                                                  Michelle Pector