# EXHIBIT 1

FILED
2021-CCL-00597
7/21/2021 6:07 PM
Sylvia Garza-Perez
Cameron County Clerk

NO. 2021-CCL-00597

| | | |
|---|---|---|
| **HUGO MEDELLIN** | § | IN THE COUNTY COURT AT LAW |
| *Plaintiff,* | § | |
| | § | |
| **V.** | § | NO. _____ |
| | § | |
| | § | Cameron County - County Court at Law III |
| **ARION MORSHEDIAN** | § | |
| *Defendant.* | § | **CAMERON COUNTY, TEXAS** |

**PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, NOTICE OF INTENT TO USE DOCUMENTS PURSUANT TO TEXAS RULES OF CIVIL PROCEDURE, RULE 193.7, AND PLAINTIFF'S REQUEST FOR NOTICE BY DEFENDANT OF INTENT TO SEEK ADMISSION OF CRIMINAL CONVICTIONS OF WITNESSES PURSUANT TO TEXAS RULES OF EVIDENCE RULE 609(F)**

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** Hugo Medellin, hereinafter referred to as 'Plaintiff' complaining of and about Arion Moreshedian, hereinafter referred to as 'Defendant' and for cause of action show unto the Court the following:

## I.
## CLAIMS FOR RELIEF AND DISCOVERY CONTROL PLAN

Plaintiff seeks damages (including punitive damages) over $25,000.00, but not exceeding $70,000.00, pursuant to Texas Rules of Civil Procedure 47(c)(4). Plaintiff intends that discovery be conducted under Discovery Level 3.

## II.
## PARTIES AND SERVICE

Plaintiff Hugo Medellin is an individual whose address is 33229 Long Horn Lane, Los Fresnos, Texas 78566.

Defendant Arion Moreshedian, an believed to reside in the State of California. Pursuant to Section 17.062 of the Texas Civil Practice and Remedies Code, Defendant Arion Moreshedian may be served by serving the chairman of the Texas Transportation Commission, J. Bruce Bugg,

Jr., Chairman of the Texas Transportation Commission, 125 East 11th Street, Austin, Texas 78701-2489. Immediately after being served, the Chairman of the Texas Transportation Commission shall mail a copy of the process and notice that the process has been served on the chairman, by certified mail return receipt requested, with postage pre-paid, to Defendant Arion Moreshedian at his residence at 2953 Trotter Way, Walnut Creek, California 94596.

### III.
### JURISDICTION AND VENUE

The subject matter in controversy is within the jurisdictional limits of this court.

Venue in Cameron County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

### IV.
### FACTS

On or about June 11, 2021, Plaintiff Hugo Medellin was operating a motor vehicle traveling westbound near the 3700th block of Boca Chica Boulevard in Brownsville, Cameron County, Texas. At all times relevant, Defendant Arion Morshedian was operating a motor vehicle directly behind the Plaintiff's vehicle.

Defendant Arion Morshedian, failing to control the speed of his vehicle, failing keep a proper lookout, and failing to pay due attention to traffic conditions, slammed violently into the rear of the Plaintiff Hugo Medellin's vehicle. As a result of the collision, Plaintiff sustained severe bodily injuries and extensive property damage.

### V.

## PLAINTIFF'S CLAIMS OF NEGLIGENCE AGAINST DEFENDANT ARION MORSHEDIAN

Defendant Arion Morshedian had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein. Plaintiff's injuries were proximately caused by Defendant Arion Morshedian's negligent, careless and reckless disregard of said duty.

The negligent, careless and reckless disregard of duty of Defendant Arion Morshedian, consisted of, but is not limited to, the following acts and omissions:

A. In that Defendant failed to keep a proper lookout for Plaintiff's safety that would have been maintained by a person of ordinary prudence under the same or similar circumstances; Texas Transportation Code §545.401;

B. In that Defendant failed to turn his motor vehicle to the right or left in an effort to avoid the collision complained of; Texas Transportation Code §545.103;

C. In that Defendant failed to maintain a clear and reasonable distance with other motorists; Texas Transportation Code §545.062;

D. In that Defendant was operating his motor vehicle at a rate of speed which was greater than that would have been operated by a person of ordinary prudence under the same or similar circumstances; Texas Transportation Code §545.062;

E. In that Defendant failed to apply the brakes to his motor vehicle in a timely and prudent manner and/or wholly failed to apply his brakes. Texas Transportation Code §545.351;

F. In that Defendant failed to pay attention in his driving as a person using ordinary prudent care would have done; Texas Transportation Code §545.401;

G. In that Defendant failed to keep such distance away from Plaintiff's motor vehicle as a person using ordinary prudent care would have done; Texas Transportation Code §545.062;

H. In that Defendant failed to control the speed of his motor vehicle to avoid the collision complained of; Texas Transportation Code §545.351; and

I. In that Defendant was distracted by an electronic device at or near the time of the collision complained of; Texas Transportation Code §545.4251.

VI.

## DAMAGES FOR PLAINTIFF HUGO MEDELLIN

As a direct and proximate result of the occurrence made the basis of this lawsuit Plaintiff Hugo Medellin was caused to suffer bodily injury, and to incur the following damages:

A. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff, for the necessary care and treatment of the injuries resulting from the collision complained of herein and such charges are reasonable and were usual and customary charges for such services in Cameron County, Texas;

B. Reasonable and necessary medical care and expenses which, in all reasonable probability, will be incurred in the future;

C. Physical pain and suffering in the past;

D. Physical pain and suffering in the future;

E. Physical impairment in the past;

F. Physical impairment which, in all reasonable probability, will be suffered in the future;

G. Loss of earnings in the past;

H. Loss of earning capacity which, in all reasonable probability, will be incurred in the future;

I. Disfigurement in the future;

J. Mental anguish in the past;

K. Mental anguish in the future;

L. Cost of medical monitoring and prevention in the future.

**VII.**

### NOTICE OF INTENT TO USE DOCUMENTS PRODUCED BY DEFENDANT IN RESPONSE TO PLAINTIFF'S WRITTEN DISCOVERY PURSUANT TO TEXAS RULES OF CIVIL PROCEDURE, RULE 193.7

Plaintiff hereby serves notice that Plaintiff intends to use any and all documents produced by the Defendant in response to written discovery propounded to Defendant.  As such, the produced documents are self-authenticating pursuant to Texas Rules of Civil Procedure, Rule 193.7.

### VIII.
### PLAINTIFF'S REQUEST FOR NOTICE BY DEFENDANTS OF INTENT TO SEEK ADMISSION OF CRIMINAL CONVICTIONS OF WITNESSES PURSUANT TO TEXAS RULES OF EVIDENCE, RULE 609(f)

Plaintiff hereby serves notice to the Defendant, pursuant to Texas Rules of Evidence, Rule 609(f), that Plaintiff demands timely written notice by Defendant that Defendant demands to seek admission of criminal convictions, as defined in Texas Rules of Evidence, Rule 609(a) against any witness designated by any party as a relevant fact witness, testifying expert witness, and/or any consulting expert witness whose mental impressions or opinions have been reviewed by a testifying expert witness.

### IX.
### REQUIRED DISCLOSURES

Defendant is requested to disclose, within thirty (30) days of the filing of his Original Answer, the information and documents required by Rule 194.2 (b) (1-12).

### X.
### JURY DEMAND

Plaintiff demands a trial by jury.

### XII.

Plaintiff's Original Petition – Page 5 of 6

Copy from re:SearchTX

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

**BEGUM LAW GROUP**

/s/ *Mario Cisneros*
Mario Cisneros
State Bar No.: 24065048
2401 Wild Flower Drive, Ste B
Brownsville, Texas 78526
Telephone: (956) 982-1800
Facsimile: (956) 982-8602
Email: BrownsvilleLegal@begumlawgroup.com
*Attorney for Plaintiff*

## COURTESY NOTICE TO DEFENDANT

If you had insurance at the time of the collision, please contact and forward a copy of this petition to your insurance company.