# EXHIBIT 1-2



# Notice of Service of Process

**null / ALL**
**Transmittal Number: 23742380**
**Date Processed: 09/09/2021**

| | |
|---|---|
| **Primary Contact:** | Gail Patton<br>Space Exploration Technologies Corp.<br>1 Rocket Rd<br>Hawthorne, CA 90250-6844 |
| **Electronic copy provided to:** | Sally Weaver |
| **Entity:** | Space Exploration Technologies Corp.<br>Entity ID Number  2112254 |
| **Entity Served:** | Space Exploration Technologies Corp. |
| **Title of Action:** | Hugo Medellin vs. Arion Morshedian |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Personal Injury |
| **Court/Agency:** | Cameron County Court at Law, TX |
| **Case/Reference No:** | 2021-CCL-00597-C |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 09/07/2021 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| **Sender Information:** | Mario Cisneros<br>956-982-1800 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

Citation for Personal Service

Cause No. **2021-CCL-00597 -C**
**THE STATE OF TEXAS**

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

TO THE DEFENDANT:
**Space Exploration Technologies Corp.**
**c/o Corporation Service Company d/b/a CSC-Lawyers Inco**
**211 E. 7th Street, Suite 620**
**Austin, Texas 78701**

GREETINGS:
You are commanded to appear by filing a written answer to the Plaintiff's Amended Petition, Jury Demand, Notice of Intent to Use Documents Pursuant to Texas Rules of Civil Procedure, Rule 193.7, and Plaintiff's Request for Notice by Defendant of Intent to Seek Admission of Criminal Convictions of Witnesses Pursuant to Texas Rules of Evidence, Rule 609(f) at or before 10:00 o'clock A.M. of the Monday next after the expiration of **20 days** after the date of service of this citation before the Honorable County Court at Law III of Cameron County at the Court House of said county in Brownsville, Texas.

Said Plaintiff's Petition was filed in said court, by Mario A Cisneros (Attorney for Plaintiff or Plaintiff), whose address is 2401 Wild Flower DR STE B Brownsville TX 78526 on July 21, 2021, in this case numbered 2021-CCL-00597 on the docket of said court, and styled,

**HUGO MEDELLIN**
**VS**
**ARION MORESHEDIAN and SPACE EXPLORATION TECHNOLOGIES CORP.**

The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's Amended Petition, Jury Demand, Notice of Intent to Use Documents Pursuant to Texas Rules of Civil Procedure, Rule 193.7, and Plaintiff's Request for Notice by Defendant of Intent to Seek Admission of Criminal Convictions of Witnesses Pursuant to Texas Rules of Evidence, Rule 609(f) accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, on this the 1st day of September, 2021.



Sylvia Garza-Perez, County Clerk
Cameron County, Texas
974 E. Harrison St.
(P.O. Box 2178)
Brownsville, Texas 78522-2178

By ___/s/Martin Obregon_____, Deputy
Martin Obregon

SHERIFF'S RETURN

Came to hand on the _____ day of _____, _____, at _____ o'clock and executed (not executed) on the day of _____ _____, at _____ o'clock, by delivering to _____ in person a true copy of this Citation, upon which I endorsed the date of delivery, together with the accompany copy of the _____. Cause of failure to execute this citation is: _____.

FEES serving 1 copy
Total . . . . . . . $_____ Sheriff/Constable _____County, Texas

Fees paid by: _____ By_____, Deputy

09/5-21

Citation for Personal Service

Cause No. **2021-CCL-00597-C**
**THE STATE OF TEXAS**

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

TO THE DEFENDANT:
**Arion Moreshedian**
**102953 Trotter Way**
**WALNUT CREEK CA 94596**
**Or WHEREVER HE MAY BE FOUND**

GREETINGS:
You are commanded to appear by filing a written answer to the Plaintiff's Amended Petition, Jury Demand, Notice of Intent to Use Documents Pursuant to Texas Rules of Civil Procedure, Rule 193.7, and Plaintiff's Request for Notice by Defendant of Intent to Seek Admission of Criminal Convictions of Witnesses Pursuant to Texas Rules of Evidence, Rule 609(f) at or before 10:00 o'clock A.M. of the Monday next after the expiration of **20 days** after the date of service of this citation before the Honorable County Court at Law III of Cameron County at the Court House of said county in Brownsville, Texas.

Said Plaintiff's Petition was filed in said court, by Mario A Cisneros (Attorney for Plaintiff or Plaintiff), whose address is 2401 Wild Flower DR STE B Brownsville TX 78526 on July 21, 2021, in this case numbered 2021-CCL-00597 on the docket of said court, and styled,

**HUGO MEDELLIN**
**VS**
**ARION MORESHEDIAN and SPACE EXPLORATION TECHNOLOGIES CORP.**

The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's Amended Petition, Jury Demand, Notice of Intent to Use Documents Pursuant to Texas Rules of Civil Procedure, Rule 193.7, and Plaintiff's Request for Notice by Defendant of Intent to Seek Admission of Criminal Convictions of Witnesses Pursuant to Texas Rules of Evidence, Rule 609(f) accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, on this the 1st day of September, 2021.



Sylvia Garza-Perez, County Clerk
Cameron County, Texas
974 E. Harrison St.
(P.O. Box 2178)
Brownsville, Texas 78522-2178

By ___/s/Martin Obregon___, Deputy
Martin Obregon

SHERIFF'S RETURN

Came to hand on the _____ day of _____, _____, at _____ o'clock and executed (not executed) on the day of _____ _____, at _____ o'clock, by delivering to _____ in person a true copy of this Citation, upon which I endorsed the date of delivery, together with the accompany copy of the _____. Cause of failure to execute this citation is: _____.

FEES serving 1 copy
Total . . . . . . . $_____ Sheriff/Constable _____County, Texas

Fees paid by: _____  By_____, Deputy

FILED
2021-CCL-00597
8/31/2021 5:24 PM
Sylvia Garza-Perez
Cameron County Clerk

NO. 2021-CCL-00597

| | | |
|---|---|---|
| **HUGO MEDELLIN** | § | IN THE COUNTY COURT AT LAW |
| *Plaintiff,* | § | |
| | § | |
| **V.** | § | NO. 3 |
| | § | |
| **ARION MORSHEDIAN and** | § | |
| **SPACE EXPLORATION** | § | |
| **TECHNOLOGIES CORP.** | § | |
| *Defendants.* | § | CAMERON COUNTY, TEXAS |

**PLAINTIFF'S AMENDED PETITION, JURY DEMAND, NOTICE OF INTENT TO USE DOCUMENTS PURSUANT TO TEXAS RULES OF CIVIL PROCEDURE, RULE 193.7, AND PLAINTIFF'S REQUEST FOR NOTICE BY DEFENDANT OF INTENT TO SEEK ADMISSION OF CRIMINAL CONVICTIONS OF WITNESSES PURSUANT TO TEXAS RULES OF EVIDENCE RULE 609(F)**

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** Hugo Medellin, hereinafter referred to as 'Plaintiff' complaining of and about Arion Moreshedian and Space Exploration Technologies Corp., hereinafter referred to as 'Defendants' and for cause of action show unto the Court the following:

**I.**
**CLAIMS FOR RELIEF AND DISCOVERY CONTROL PLAN**

Plaintiff seeks damages (including punitive damages) over $25,000.00, but not exceeding $70,000.00, pursuant to Texas Rules of Civil Procedure 47(c)(4). Plaintiff intends that discovery be conducted under Discovery Level 3.

**II.**
**PARTIES AND SERVICE**

Plaintiff Hugo Medellin is an individual whose address is 33229 Long Horn Lane, Los Fresnos, Texas 78566.

Defendant Arion Moreshedian, who is believed to reside in the State of California, may be served with process at his home at the following address: 102953 Trotter Way, Walnut Creek,

California 94596, *or* wherever he may be found. Service of said Defendant as described above can be effected by personal delivery.

Defendant, Space Exploration Technologies Corp., an out of state corporation, may be served with process by serving its registered agent, Corporation Service Company d/b/a CSC-Lawyers Inco at 211 E. 7th Street, Suite 620, Austin, Texas 78701. Service of said Defendant as described above can be affected by certified mail.

## III.
## JURISDICTION AND VENUE

The subject matter in controversy is within the jurisdictional limits of this court.

Venue in Cameron County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

## IV.
## FACTS

On or about June 11, 2021, Plaintiff Hugo Medellin was operating a motor vehicle traveling westbound near the 3700th block of Boca Chica Boulevard in Brownsville, Cameron County, Texas. At all times relevant, Defendant Arion Morshedian was operating a motor vehicle directly behind the Plaintiff's vehicle.

Defendant Arion Morshedian, failing to control the speed of his vehicle, failing keep a proper lookout, and failing to pay due attention to traffic conditions, slammed violently into the rear of the Plaintiff Hugo Medellin's vehicle. As a result of the collision, Plaintiff sustained severe bodily injuries and extensive property damage.

Upon information and belief, the vehicle operated by Defendant Arion Morshedian was owned by Defendant Space Exploration Technologies Corp.

Defendant Arion Morshedian, upon information and belief, was within the course and scope of his employment for Defendant Space Exploration Technologies Corp., at the time of the collision. Thus, Defendant Space Exploration Technologies Corp., is liable for the negligent acts and omissions of its agents, servants, and/or employees, namely Defendant Arion Morshedian under the doctrine of *respondeat superior*. Additionally, upon information and belief, Defendant Arion Morshedian was an incompetent driver and Defendant Space Exploration Technologies Corp., negligently entrusted the vehicle driven by Defendant Arion Morshedian at the time of the subject crash.

## V.
## CAUSES OF ACTION – NEGLIGENCE AGAINST DEFENDANT SPACE EXPLORATION TECHNOLOGIES CORP.

On or about June 11, 2021, and at all times mentioned herein, Plaintiff alleges that Defendant Space Exploration Technologies Corp., acting through its employee, Defendant Arion Morshedian, who was at all times acting within the scope of his employment. Defendant Arion Morshedian was engaged in furtherance of Defendant Space Exploration Technologies Corp.'s business. Because Defendant Arion Morshedian was engaged in accomplishing a task for which he was employed and acting within the course and scope of his employment with Defendant Space Exploration Technologies Corp., when the crash occurred, Defendant Space Exploration Technologies Corp., is liable to Plaintiff under the doctrine of *respondeat superior*.

Upon information and belief, Space Exploration Technologies Corp., was negligent in training Defendant Arion Morshedian; in failing to supervise Defendant Arion Morshedian; and retaining Defendant Arion Morshedian. Plaintiff alleges that had Defendant Space Exploration Technologies Corp.'s agents properly trained Defendant Arion Morshedian this incident could have been avoided.

At all times pertinent, Defendant Space Exploration Technologies Corp., and any of its agents, who were acting with their scope of employment were guilty of negligent conduct towards Plaintiff by:

    a. Failing to train its employees regarding proper procedures on following distance and stopping distance;

    b. Failing to train its employees regarding the importance of maintaining a reasonable speed while operating its motor vehicles;

    c. Failing to trains its employees regarding the importance of maintaining a reasonable distance from other vehicles;

    d. Failing to supervise its agents, servants and/or employees to insure the safety of other drivers on the roadway;

    e. Failing to establish and enforce reasonable and adequate policies and/or procedures regarding driving their vehicle;

    f. Failing to establish and enforce reasonable and adequate policies and/or procedures regarding the transportation of cargo, equipment and/or machinery;

    g. Failing to reduce or eliminate the likelihood of harm which Defendant knew or should have known.

These conditions and activities existed even though Defendant Space Exploration Technologies Corp.'s agents knew or through the exercise of due diligence should have known of the existence of the aforementioned and that there was likelihood of a person being injured as occurred to Plaintiff.

Furthermore, Plaintiff would show the Court that had Defendant Space Exploration Technologies Corp.'s agents exercised ordinary care in the maintenance and/or supervision of such activity, it would have been noticed and corrected by such persons.

Plaintiff alleges that each and every, all and singular, of the foregoing acts and/or omissions on the part of Defendant Space Exploration Technologies Corp., constituted negligence which was and is a direct and proximate result of Plaintiff's serious bodily injuries.

At all times material hereto, all of the agents, servants, and/or employees for Defendant Space Exploration Technologies Corp., who were connected with the occurrence made the subject of this suit, were acting within the course and scope of their employment or official duties and in furtherance of the duties of their office or employment. Therefore, Defendant Space Exploration Technologies Corp., is further liable for the negligent acts and omissions of its agents, servants, and/or employees under the doctrine of *respondeat superior*.

## VI.
## CAUSES OF ACTION – NEGLIGENT ENTRUSTMENT AGAINST DEFENDANT SPACE EXPLORATION TECHNOLOGIES CORP.

On June 11, 2021, Defendant Space Exploration Technologies Corp., was the owner of the vehicle operated by Defendant Arion Morshedian.

Defendant Space Exploration Technologies Corp., entrusted the vehicle to Defendant Arion Morshedian, a reckless and incompetent driver.

Defendant Space Exploration Technologies Corp., through the exercise of reasonable care should have known that Defendant Arion Morshedian was a reckless and incompetent driver.

As described herein, Defendant Arion Morshedian was negligent on the occasion in question.

Defendants were the proximate cause of Plaintiff's serious bodily injuries.

## VII.
## PLAINTIFF'S CLAIMS OF NEGLIGENCE AGAINST DEFENDANT ARION MORSHEDIAN

Defendant Arion Morshedian had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein. Plaintiff's injuries were proximately caused by Defendant Arion Morshedian's negligent, careless and reckless disregard of said duty.

The negligent, careless and reckless disregard of duty of Defendant Arion Morshedian, consisted of, but is not limited to, the following acts and omissions:

A. In that Defendant failed to keep a proper lookout for Plaintiff's safety that would have been maintained by a person of ordinary prudence under the same or similar circumstances; Texas Transportation Code §545.401;

B. In that Defendant failed to turn his motor vehicle to the right or left in an effort to avoid the collision complained of; Texas Transportation Code §545.103;

C. In that Defendant failed to maintain a clear and reasonable distance with other motorists; Texas Transportation Code §545.062;

D. In that Defendant was operating his motor vehicle at a rate of speed which was greater than that would have been operated by a person of ordinary prudence under the same or similar circumstances; Texas Transportation Code §545.062;

E. In that Defendant failed to apply the brakes to his motor vehicle in a timely and prudent manner and/or wholly failed to apply his brakes. Texas Transportation Code §545.351;

F. In that Defendant failed to pay attention in his driving as a person using ordinary prudent care would have done; Texas Transportation Code §545.401;

G. In that Defendant failed to keep such distance away from Plaintiff's motor vehicle as a person using ordinary prudent care would have done; Texas Transportation Code §545.062;

H. In that Defendant failed to control the speed of his motor vehicle to avoid the collision complained of; Texas Transportation Code §545.351; and

I. In that Defendant was distracted by an electronic device at or near the time of the collision complained of; Texas Transportation Code §545.4251.

## VIII.
## DAMAGES FOR PLAINTIFF HUGO MEDELLIN

As a direct and proximate result of the occurrence made the basis of this lawsuit Plaintiff Hugo Medellin was caused to suffer bodily injury, and to incur the following damages:

A. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff, for the necessary care and treatment of the injuries resulting from the collision complained of herein and such charges are reasonable and were usual and customary charges for such services in Cameron County, Texas;

B. Reasonable and necessary medical care and expenses which, in all reasonable probability, will be incurred in the future;

C. Physical pain and suffering in the past;

D. Physical pain and suffering in the future;

E. Physical impairment in the past;

F. Physical impairment which, in all reasonable probability, will be suffered in the future;

G. Loss of earnings in the past;

H. Loss of earning capacity which, in all reasonable probability, will be incurred in the future;

I. Disfigurement in the future;

J. Mental anguish in the past;

K. Mental anguish in the future;

L. Cost of medical monitoring and prevention in the future.

### IX.
### NOTICE OF INTENT TO USE DOCUMENTS PRODUCED BY DEFENDANT IN RESPONSE TO PLAINTIFF'S WRITTEN DISCOVERY PURSUANT TO TEXAS RULES OF CIVIL PROCEDURE, RULE 193.7

Plaintiff hereby serves notice that Plaintiff intends to use any and all documents produced by the Defendant in response to written discovery propounded to Defendant. As such, the produced documents are self-authenticating pursuant to Texas Rules of Civil Procedure, Rule 193.7.

## X.
## PLAINTIFF'S REQUEST FOR NOTICE BY DEFENDANTS OF INTENT TO SEEK ADMISSION OF CRIMINAL CONVICTIONS OF WITNESSES PURSUANT TO TEXAS RULES OF EVIDENCE, RULE 609(f)

Plaintiff hereby serves notice to the Defendant, pursuant to Texas Rules of Evidence, Rule 609(f), that Plaintiff demands timely written notice by Defendant that Defendant demands to seek admission of criminal convictions, as defined in Texas Rules of Evidence, Rule 609(a) against any witness designated by any party as a relevant fact witness, testifying expert witness, and/or any consulting expert witness whose mental impressions or opinions have been reviewed by a testifying expert witness.

## XI.
## REQUIRED DISCLOSURES

Defendant is requested to disclose, within thirty (30) days of the filing of his Original Answer, the information and documents required by Rule 194.2 (b) (1-12).

## XII.
## JURY DEMAND

Plaintiff demands a trial by jury.

## XIII.
## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

**BEGUM LAW GROUP**

/s/ *Mario Cisneros*
Mario Cisneros
State Bar No.: 24065048
2401 Wild Flower Drive, Ste B
Brownsville, Texas 78526
Telephone: (956) 982-1800
Facsimile: (956) 982-8602
Email: BrownsvilleLegal@begumlawgroup.com
*Attorney for Plaintiff*

# **COURTESY NOTICE TO DEFENDANT**

If you had insurance at the time of the collision, please contact and forward a copy of this petition to your insurance company.

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Ana Davila on behalf of Mario Cisneros
Bar No. 24065048
adavila@texaslegalgroup.com
Envelope ID: 56845577
Status as of 9/1/2021 8:10 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Mario Cisneros | | BrownsvilleLegal@begumlawgroup.com | 8/31/2021 5:24:49 PM | SENT |

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

CERTIFIED MAIL

GERARDO CHAVEZ
P.O. BOX 623
BROWNSVILLE, TEXAS 78520
SCH 9908/EXP. 09/30/20

7020 0090 0000 4165 5852

U.S. POSTAGE PAID
FCM LG ENV
BROWNSVILLE, TX
78520
SEP 02, '21
AMOUNT
$8.36
R2304H109266-9

Space Exploration Technology
c/o Corporation Service Co.
CSC Lawyers Inc
211 E. 7th St. Ste 620
Austin TX 78701

RETURN RECEIPT
REQUESTED

7870183218 C015