IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| HUGO MEDELLIN | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| vs. | § | Civil Action No: 1:22-cv-00084 |
| | § | |
| ARION MORSHEDIAN and SPACE | § | |
| EXPLORATION TECHNOLOGIES CORP. | § | |
| | § | |
| *Defendants*. | § | |

**JOINT DISCOVERY / CASE MANAGEMENT PLAN
UNDER FEDERAL RULE OF CIVIL PROCEDURE 26**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

NOW COME Plaintiff HUGO MEDELLIN and Defendants ARION MORSHEDIAN and SPACE EXPLORATION TECHNOLOGIES CORP., and hereby file this Joint Discovery / Case Management Plan under Federal Rule of Civil Procedure 26, and would show as follows:

1. **State when the Rule 26 Conference of the parties was held and identify the counsel who attended for each party.**

    The Rule 26 Conference was held via telephone on Wednesday, August 17, 2022. Mario A. Cisneros attended on behalf of Plaintiff Hugo Medellin. Jared Wilkerson attended on behalf of Defendants Arion Morshedian and Space Exploration Technologies Corp. Celia E. Guerra attended on behalf of Defendant Arion Morshedian.

2. **List any cases related to the present action that are pending in any state or federal court, with the style, case number, court, and a brief description of the case.**

    None.

3. **Briefly describe what this case is about.**

    On or about June 11, 2021, Plaintiff was operating his vehicle and traveling westbound near the 3700 block of Boca Chica Boulevard in Brownsville, Cameron County, Texas. Defendant Morshedian was operating a vehicle owned by Defendant Space Exploration Technologies Corporation. It is alleged that Defendant Morshedian failed to control the speed of his vehicle, failed to keep a proper lookout and failed to pay due attention to traffic conditions when he rear-ended Plaintiff's vehicle, causing Plaintiff to sustain bodily injuries and property damage,

which Defendant Morshedian contests. Plaintiff has alleged that Defendant Morshedian was within the course and scope of his employment at the time of the subject crash, which Defendants deny. SpaceX maintains that it has been improperly sued in this matter.

**4. Specify the allegation of federal jurisdiction.**

Diversity.

**5. Name the parties who disagree and the reasons.**

Not applicable.

**6. List any additional parties that should be included, when they can be added, and by whom they are wanted.**

None at this time.

**7. List any anticipated interventions.**

None.

**8. Describe class-action issues.**

Not applicable.

**9. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

Initial Disclosures will be made by all parties on or before August 29, 2022.

**10. Describe the proposed discovery plan the parties have agreed upon, including:**

**A. Responses to all the matters raised in Rule 26(f).**

The parties have conferred regarding all matters raised in Rule 26(f). The parties jointly submit a proposed scheduling order, attached hereto as Exhibit A, for the Court's consideration and approval.

**B. When and to whom Plaintiff anticipates sending interrogatories.**

Plaintiff previously served written discovery requests on both defendants in the earlier state court matter. The parties are in agreement that discovery issued and received in the state court matter may be used in this federal court case.

**C. When and to whom Defendants anticipate sending interrogatories.**

The defendants previously served written discovery requests on Plaintiff in the earlier state court matter. The parties are in agreement that discovery issued and received in the state court matter may be used in this federal court case.

**D. Of whom and by when the Plaintiff anticipates taking oral depositions.**

Plaintiff anticipates completing the oral depositions of Defendant Morshedian, Morshedian's immediate supervisor and/or Defendant Space Exploration Technologies Corp.'s corporate representative on or before November 28, 2022.

**E. Of whom and by when the Defendants anticipate taking oral depositions.**

Defendants have already completed the deposition of the Plaintiff. No additional fact witness depositions are anticipated at this time, but Defendants reserve the right to depose additional fact witnesses in due course.

**F. When Plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**

Plaintiff: January 27, 2023
Defendants: March 13, 2023

**G. List expert depositions Plaintiff (or the party or parties with the burden of proof on an issue) anticipates taking and their anticipated completion date.**

By May 12, 2023, Plaintiff anticipates taking the deposition(s) of Plaintiff's treating provider(s) and Defendants' retained expert witness(es).

**H. List expert depositions the opposing party or parties anticipate(s) taking and their anticipated completion date.**

By May 12, 2023, Defendants anticipate taking the deposition(s) of Plaintiff's treating provider(s) and Defendants' retained expert witness(es).

11. **If the parties do not agree on a part of the discovery plan, describe the separate views and proposals of each party.**

Not applicable.

12. **Specify the discovery, beyond initial disclosures, that has been undertaken to date.**

The parties have exchanged written discovery and completed the deposition of the Plaintiff. Plaintiff will likely be seeking intervention from the Court with regard to discovery requests

sent to Defendants during the state court proceedings. Defendants will also likely seek intervention from the Court in this regard.

**13. State the date the planned discovery can reasonably be completed.**

May 12, 2023.

**14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in the Rule 26 Conference.**

The parties discussed the possibility of conducting mediation once fact discovery has been completed. The parties anticipate completing mediation on or before January 27, 2023.

**15. Describe what each party has done or agreed to do to bring about a prompt resolution.**

See response to Part 14, above.

**16. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

See response to Part 14, above.

**17. Indicate whether or not all parties consent to a trial before a Magistrate Judge. (YES/NO)**

No.

**18. State whether a jury demand has been made, and if so, whether it was made on time.**

Yes.

**19. Specify the combined total number of hours it will take both parties to present the evidence in this case.**

Plaintiff believes presentation of the evidence will require 40 hours (5 days).

Defendants believe presentation of the evidence will require approximately 24 hours.

**20. List pending motions that could be ruled on at the Initial Pretrial Conference.**

None.

**21. List other pending motions.**

None.

22. **Indicate other matters peculiar to this case—including discovery—that deserve the special attention of the Court at the Initial Pretrial Conference.**

    Plaintiff will likely be seeking guidance from the Court concerning discovery requests sent to Defendants during the state court proceedings. Defendants will also likely seek intervention from the Court in this regard.

23. **List the names, bar numbers, addresses, telephone numbers, facsimile numbers, and electronic mail addresses of all counsel and pro se parties.**

    Mario A. Cisneros
    Texas Bar No. 24065048
    Southern District of Texas Bar No. 2601122
    mcisneros@texaslegalgroup.com
    BEGUM LAW GROUP
    2401 Wild Flower, Suite B
    Brownsville, Texas 78526
    (956) 982-1800
    (956) 982-8602 Facsimile
    *Attorney for Plaintiff*

    Michelle D. Pector
    Texas Bar No. 24027726
    Michelle.pector@morganlewis.com
    Jared A. Wilkerson
    Texas Bar No. 24084096
    Jared.wilkerson@morganlewis.com
    MORGAN LEWIS & BOCKIUS LLP
    1000 Louisiana, Suite 4000
    Houston, Texas 77002
    (713) 890-5000 Telephone
    (713) 890-5001 Facsimile
    And
    David Oliveira
    Texas Bar No. 15254675
    doliveira@rofllp.com
    ROERIG, OLIVEIRA & FISHER, LLP
    10225 N. 10th Street
    McAllen, Texas 78504
    (956) 393-6300 Telephone
    (956) 386-1625 Facsimile
    *Attorneys for Defendants*
    *Space Exploration Technologies Corporation and Arion Morshedian*

Scott P. Jones
Texas Bar No. 10955500
Southern District of Texas Bar No. 11023
sjones@brock.law
Celia E. Guerra
Texas Bar No. 24069756
Southern District of Texas Bar No. 2108559
cguerra@brock.law
BROCK GUERRA STRANDMO DIMALINE JONES, P.C.
17339 Redland Road
San Antonio, Texas 78247
(210) 979-0100 Telephone
(210) 979-7810 Facsimile
*Co-Counsel for Defendant Arion Morshedian*

| | |
|---|---|
| [signature] | 8-26-2022 |
| Counsel for Plaintiff | Date |

| | |
|---|---|
| /s/ Michelle Pector | 2022-8-26 |
| Counsel for Defendants | Date |
| Space Exploration Technologies Corporation and Arion Morshedian | |

| | |
|---|---|
| [signature] Celia Guerra | 8-26-2022 |
| Co-Counsel for Defendant | Date |
| Arion Morshedian | |