**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | |
|---|---|
| **HUGO MEDELLIN** § | |
| **Plaintiff,** § | |
| § | |
| **V.** § | **CIVIL ACTION NO. 1:22-CV-00084** |
| § | |
| **ARION MORSHEDIAN and SPACE** § | |
| **EXPLORATION TECHNOLOGIES** § | |
| **CORP.** § | |
| **Defendants.** § | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO QUASH SUBPOENA**

Plaintiff asks the Court to quash Defendant Arion Morshedian's subpoena.

### A. INTRODUCTION

1. Plaintiff is Hugo Medellin; defendants are Arion Morshedian and Space Exploration Technologies Corp.

2. Plaintiff sued defendants for a motor vehicle collision that occurred on June 11, 2021.

3. On August 24, 2022, Plaintiff received a subpoena issued by Defendant Arion Morshedian in an attempt to obtain Plaintiff's personnel and payroll records from the following facilities:

Domino's Pizza
Trimac Liquid Transporters

The subpoena commanded that the above listed medical providers/facilities respond and produce the requested records on or before the fourteenth day from date of receiving the subpoena.

4. Domino's Pizza and Trimac Liquid Transporters are not a party to this suit. Plaintiff is currently employed at Domino's Pizza and Trimac Liquid Transporters.

5. The objectionable depositions upon written question are attached herewith and referenced as Exhibit A.

6. Plaintiff asks the Court to quash the subpoena.

## B. ARGUMENT

7. A court must, on timely motion, quash or modify a subpoena if the subpoena (1) does not allow reasonable time to comply, (2) requires a person to comply with a subpoena beyond the geographic limits set under Federal Rule of Civil Procedure 45(c), (3) requires disclosing privileged or protected material and no exception or waiver applies, or (4) subjects a person to undue burden.

8. Plaintiff timely files this motion. *See* Fed. R. Civ. P. 45(d)(3)(A); *Est. of Ungar v. Palestinian Auth.*, 451 F. Supp. 2d 607, 610 (S.D.N.Y. 2006).

9. This Court must quash Defendant's subpoena for the following reasons:

The subpoena requires disclosure of privileged or protected material, and no exception or waiver applies. Fed. R. Civ. P. 45(d)(3)(A)(iii); *RE/MAX Int'l, Inc. v. Century 21 Real Est. Corp.*, 846 F. Supp. 910, 911–12 (D. Colo. 1994). In the subpoena Defendant intends to send to Domino's Pizza and Trimac Liquid Transporters, Defendant seeks Plaintiff's personnel records for an unspecified period of time. Further, the subpoena seeks any and all personnel records which have no relevance to Plaintiff's injuries at issue in this case. As such, the request is not reasonably limited in time and scope, overbroad, irrelevant and an attempt to obtain Plaintiff's private privileged records.

Plaintiff further objects based on the Texas Supreme Court's holdings in *R.K. v. Ramirez*, 887 S.W.2d 836 (Tex. 1994), *Groves v. Gabriel*, 874 S.W.2d 660 (Tex. 1994) and *Mutter v. Wood*, 744 S.W.2d 600 (Tex. 1988), *In re Flores*, No. 13-20-00105-CV, 2020 WL 1951540 (Tex. App.—Corpus Christi–Edinburg Apr. 17, 2020, no pet.), which provide that for documents to be discoverable, they must be relevant to the underlying suit. As such, Defendant's subpoena constitutes a clear fishing expedition.

Moreover, Plaintiff is not making a lost wage claim.

## C. CONCLUSION

10. For these reasons, Plaintiff asks the Court to grant his motion to quash Defendant's subpoena.

Respectfully submitted,

**BEGUM LAW GROUP**

By: /s/ *Mario A. Cisneros*
Mario A. Cisneros
Federal Bar No. 2601122
2401 Wild Flower, Suite B
Brownsville, Texas 78526
E-mail: mcisneros@texaslegalgroup.com
Tel. (956) 982-1800
Fax. (956) 982-8602

**ATTORNEY IN CHARGE FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

      I hereby certify that on this the 7th day of September, 2022, a copy of the foregoing document was filed electronically with the Clerk of the Court using the CM/ECF system. Notice of this filing will be consent to all counsel of record by operation of the Court's electronic system, electronic mail and/or facsimile transmission.

  Michelle D. Pector
  Texas Bar No. 24027726
  Michelle.pector@morganlewis.com
  Jared A. Wilkerson
  Texas Bar No. 24084096
  Jared.wilkerson@morganlewis.com
  Morgan Lewis & Bockius LLP
  1000 Louisiana, Suite 4000
  Houston, Texas 77002
  Tel: (713) 890-5000
  Fax: (713) 890-5001
  *Attorneys for Defendants*
  *Space Exploration Technologies Corporation and Arion Morshedian*

  David Oliveira
  Texas Bar No. 15254675
  doliveira@rofllp.com
  Roerig, Oliveira & Fisher, LLP
  10225 N. 10th Street
  McAllen, Texas 78504
  Tel: (956) 393-6300
  Fax: (956) 386-1625
  *Attorneys for Defendants*
  *Space Exploration Technologies Corporation and Arion Morshedian*

Scott P. Jones
Texas Bar No. 10955500
Southern District of Texas Bar No. 11023
sjones@brock.law
Celia E. Guerra
Texas Bar No. 24069756
Southern District of Texas Bar No. 2108559
cguerra@brock.law
Brock Guerra Strandmo Dimaline Jones, P.C.
17339 Redland Road
San Antonio, Texas 78247
Tel: (210) 979-0100
Fax: (210) 979-7810
*Attorneys for Defendant Arion Morshedian*

/s/ *Mario A. Cisneros*
Mario A. Cisneros