IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| HUGO MEDELLIN § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. 1:22-cv-00084 |
| § | |
| ARION MORSHEDIAN and SPACE § | |
| EXPLORATION TECHNOLOGIES § | |
| CORP. § | |
| § | |
| Defendants. § | |

### **DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO QUASH SUBPOENAS**

Plaintiff lacks standing to move to quash the subpoenas to his employers. *See Ron Hoover Companies, Inc. v. Yamaha Motor Corp., USA*, No. 2:18-CV-205, 2020 WL 11035919, at *10 (S.D. Tex. Jan. 9, 2020) ("Parties have limited standing to quash subpoenas served on non-parties pursuant to Rule 45. . . . A plaintiff cannot challenge a Rule 45 subpoena on the grounds that it is overly broad, seeks irrelevant information, or violates another person's privacy rights.") (citations omitted; cleaned up).  Plaintiff's employers, not plaintiff, are in possession of the materials subpoenaed.  And Plaintiff has no privilege or right to block the employment and compensation records subpoenaed.  None of his authority suggests otherwise.  The Court should deny the motion to quash without further analysis.

Ignoring his lack of standing, Plaintiff's main objection is that earnings and personnel documents from his employers "have no relevance" in this car accident suit because he is "not making a lost wage claim."  But Plaintiff's complaint states that he is seeking "loss of earnings in the past" and "loss of earning capacity[.]"[1]  ECF 1-3 at 11 of 16.  Accordingly, the subpoenas seek

---
[1] If Plaintiff is now taking the position that he does not seek this relief, he needs to amend his pleading to remove that portion of his amended petition.  If not, the Court should strike the portions of the live

relevant information regarding Plaintiff's earnings, work record, and other personnel records, including attendance and absences from work (which would be relevant to rebut Plaintiff's alleged injuries and/or alleged damages regardless of a lost wages claim).

Plaintiff also asserts that the records are sought for an "unspecified period of time." Plaintiff lacks standing to make this argument. *See Ron Hoover*, 2020 WL 11035919, at *10 ("A plaintiff cannot challenge a Rule 45 subpoena on the grounds that it is overly broad[.]"). In any event, the requests are inherently limited to Plaintiff's period of employment. Plaintiff testified that he has only been working at Domino's since 2019 and at Trimac since 2015. Ex. 1 (Plaintiff depo. excerpts) at 38:4-6, 104:17-18. Records for the term of his employment at his current employers are relevant to questions of, among other things, compensation, workplace injuries, time off before and after the accident at issue, regular attendance at his job after the accident at issue, physicality of job duties, and so on. Plaintiff's argument therefore misses the mark even if he had standing to make it, which he does not.

Plaintiff likewise asserts that the subpoenas seek "privileged or protected" material. This argument is inapt. Plaintiff identifies no employer-employee privilege because none exists. The only case that Plaintiff cites relates to a First Amendment "newsperson's privilege," which does not apply here.

Finally, Plaintiff's motion must be stricken for failing to comply with LR7.1(D). The motion contains no certificate of conference, and Plaintiffs' counsel did not confer before filing

---

amended petition that seek lost earnings and earning capacity based on Plaintiff's judicial admission in the motion to quash. *See Martinez v. Bally's La., Inc.*, 244 F.3d 474, 476-77 (5th Cir. 2001) ("A judicial admission is a formal concession in the pleadings or stipulations by a party or counsel that is binding on the party making them"; an example of a judicial admission is a statement by an attorney that his client was "waiving all claims of physical injury"). Until one of those two things occurs, the subpoenas must be complied with in full.

the motion. Had Plaintiff conferred, Defendants could have saved the valuable judicial resources of this Honorable Court as well as resources of all parties by pointing out the lack of merit in Plaintiff's arguments and obviating the need for the present exercise.

## CONCLUSION

Plaintiff's motion to quash lacks merit and should be denied.

Dated: September 12, 2022

**ROERIG, OLIVEIRA, & FISHER, LLP**

*/s/ David Oliveira*
David Oliveira
State Bar No. 15254675
doliveira@rofllp.com
10225 N. 10th Street
McAllen, Texas 78504
(956) 393-6300 Telephone
(956) 386-1625 Facsimile

Respectfully submitted,

**MORGAN, LEWIS & BOCKIUS LLP**

*/s/ Michelle D. Pector*
Michelle D. Pector
*Attorney-in-Charge*
State Bar No. 24027726
michelle.pector@morganlewis.com
1000 Louisiana, Suite 4000
Houston, Texas 77002
(713) 890-5000 Telephone
(713) 890-5001 Facsimile

*Attorneys for Defendants Space Exploration Technologies Corporation and Arion Morshedian*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on September 12, 2022, a true and correct copy of the foregoing document has been served electronically to all known counsel of record in accordance with the Texas Rules of Civil Procedure.

                                                    */s/ Michelle Pector*
                                                    Michelle Pector