United States District Court
Southern District of Texas
**ENTERED**
September 21, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| HUGO MEDELLIN, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. 1:22-CV-084 |
| § | |
| ARION MORSHEDIAN, *et al.*, § | |
| § | |
| Defendants. § | |

## ORDER

Plaintiff Hugo Medellin moves to quash two subpoenas that Defendants Arion Morshedian and Space Exploration Technologies Corporation served on third parties, Domino's Pizza and Trimac Liquid Transporters. Based on the record and the applicable law, the Court concludes that the subpoenas should not be quashed.

### I.

In this lawsuit, Medellin seeks damages for alleged injuries stemming from a vehicular accident. (Am. Pet., Doc. 1-3) He seeks various categories of damages, including for "loss of earnings in the past" and "loss of earning capacity". (Am. Pet., Doc.1-3, 11)

On August 24, 2022, acting under Federal Rule of Civil Procedure 45, Defendants served subpoenas for documents on Domino's Pizza and Trimac Liquid Transporters. The subpoenas requested all personnel and payroll records for Medellin. (Subpoenas, Doc. 12-1, 4–8)

Medellin moves to quash the subpoenas. He contends that the subpoenas seek documents beyond the permissible scope of discovery because the subpoenas are overbroad, and the documents sought lack relevance to his claim and contain privileged material. (Motion, Doc. 12, 2)

Neither Domino's Pizza nor Trimac Liquid Transporters have filed objections to the subpoenas and, to the Court's knowledge, have not asserted objections to the subpoenas.

## II.

As an initial matter, Medellin lacks standing to challenge the subpoenas served on third parties under Rule 45.

"[F]or a party to have standing to challenge a subpoena issued to a non-party, the party must either have 'possession of the materials subpoenaed' or a 'personal right or privilege with respect to the materials subpoenaed.'" *Jez v. Chem. Co.*, 402 F. Supp. 2d 783, 784–85 (S.D. Tex. 2005) (citing *Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979)); *see also Ron Hoover Cos. v. Yamaha Motor Corp.*, No. 2:18-CV-205, 2020 WL 11035919, at *10–11 (S.D. Tex. Jan. 9, 2020) (denying motion to strike third party subpoenas because Yamaha did "not assert that it has possession of the materials subpoenaed nor does it assert a personal right or privilege related to the requested materials").

In the present matter, Medellin does not claim to have possession of the personnel and payroll records of the third-party employers. He argues that the requested materials contain "privileged and protected material" (Motion, Doc. 12, 2), but he does not identify or provide authorities supporting the alleged privilege. As a general matter, customary privileges, such as the attorney-client privilege, do not apply to an employee's employment records. To the extent that the requested documents contain personal information, such as Medellin's social security number, the parties can enter into an agreement regarding the use of the documents in this lawsuit, or seek a protective order from the Court to protect against the public disclosure of such information in the context of this lawsuit.

## II.

Medellin also challenges the requested documents as beyond the scope of permissible discovery, arguing that they contain no information that bears on the Plaintiff's injuries in this lawsuit. Medellin contends, as one example, that he "is not making a lost wage claim." (Motion, Doc. 12, 2)

As Defendants point out in their Response, however, Medellin's live pleading undercuts his argument. Medellin expressly includes "loss of past earnings" and "loss of earning capacity" as some of his alleged injuries stemming from the Defendants' alleged conduct. (Am. Pet., Doc. 1-3, 11) As a result, documents related to Medellin's past income bear directly on the issues that the Amended Petition raises.

## III.

For these reasons, the Court overrules Medellin's objections to the subpoenas. It is:

**ORDERED** that Plaintiff Hugo Medellin's Motion to Quash Subpoena is **DENIED**.

Signed on September 21, 2022.

*Fernando Rodriguez, Jr.*
Fernando Rodriguez, Jr.
United States District Judge