**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **HUGO MEDELLIN** | § | |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. 1:22-CV-084** |
| | § | |
| **SPACE EXPLORATION** | § | |
| **TECHNOLOGIES, CORP., et. al.,** | § | |
| **Defendants.** | § | |

## PLAINTIFF'S SECOND AMENDED COMPLAINT

### I.   PARTIES

1. Plaintiff, Hugo Medellin, is an individual that is a citizen of the State of Texas.

2. Defendant, Space Exploration Technologies Corp., is a corporation that is an out of state corporation. Defendant has been duly served and has made an appearance herein.

3. Defendant, Arion Moreshedian, an individual and a citizen of California. Defendant, Arion Moreshedian, has been duly served and has made an appearance here.

### II.   JURISDICTION

4. This Court has jurisdiction over the lawsuit under 28 USC 1332(a)(1) because Plaintiff Hugo Medellin and Defendants Space Exploration Technologies Corp., and Arion Morshedian are citizens of different US states, and the amount in controversy exceeds $75,000.00, excluding interest and costs.

### III.   VENUE

5. Venue is proper in this district under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district.

### IV.   FACTS

6. On or about June 11, 2021, Plaintiff Hugo Medellin was operating a motor vehicle traveling westbound near the 3700th block of Boca Chica Boulevard in Brownsville, Cameron County, Texas. At all times relevant, Defendant Arion Morshedian was operating a motor vehicle directly behind the Plaintiff's vehicle.

7. Defendant Arion Morshedian, failing to control the speed of his vehicle, failing keep a proper lookout, and failing to pay due attention to traffic conditions, slammed violently into the rear of the Plaintiff Hugo Medellin's vehicle. As a result of the collision, Plaintiff sustained

severe bodily injuries and extensive property damage.

8. Upon information and belief, the vehicle operated by Defendant Arion Morshedian was owned by Defendant Space Exploration Technologies Corp.

9. Defendant Arion Morshedian, upon information and belief, was within the course and scope of his employment for Defendant Space Exploration Technologies Corp., at the time of the collision. Thus, Defendant Space Exploration Technologies Corp., is liable for the negligent acts and omissions of its agents, servants, and/or employees, namely Defendant Arion Morshedian under the doctrine of *respondeat superior*. Additionally, upon information and belief, Defendant Arion Morshedian was an incompetent driver and Defendant Space Exploration Technologies Corp., negligently entrusted the vehicle driven by Defendant Arion Morshedian at the time of the subject crash.

## V.   LIABILITY OF DEFENDANT SPACE EXPLORATION TECHNOLOGIES, CORP.

10. On or about June 11, 2021, and at all times mentioned herein, Plaintiff alleges that Defendant Space Exploration Technologies Corp., acting through its employee, Defendant Arion Morshedian, who was at all times acting within the scope of his employment. Defendant Arion Morshedian was engaged in furtherance of Defendant Space Exploration Technologies Corp.'s business. Because Defendant Arion Morshedian was engaged in accomplishing a task for which he was employed and acting within the course and scope of his employment with Defendant Space Exploration Technologies Corp., when the crash occurred, Defendant Space Exploration Technologies Corp., is liable to Plaintiff under the doctrine of *respondeat superior*.

11. Upon information and belief, Space Exploration Technologies Corp., was negligent in training Defendant Arion Morshedian; in failing to supervise Defendant Arion Morshedian; and retaining Defendant Arion Morshedian. Plaintiff alleges that had Defendant Space Exploration Technologies Corp.'s agents properly trained Defendant Arion Morshedian this incident could have been avoided.

12. At all times pertinent, Defendant Space Exploration Technologies, Corp., and any of its agents, who were acting within their scope of their employment, were guilty of negligent conduct toward Plaintiff in:

   a. Failing to train its employees regarding proper procedures on following distance and stopping distance;

   b. Failing to train its employees regarding the importance of maintaining a reasonable speed while operating its motor vehicles;

   c. Failing to trains its employees regarding the importance of maintaining a reasonable distance from other vehicles;

   d. Failing to supervise its agents, servants and/or employees to insure the safety of other drivers on the roadway;

  e. Failing to establish and enforce reasonable and adequate policies and/or procedures regarding driving their vehicle;

  f. Failing to establish and enforce reasonable and adequate policies and/or procedures regarding the transportation of cargo, equipment and/or machinery;

  g. Failing to reduce or eliminate the likelihood of harm which Defendant knew or should have known.

13. These conditions and activities existed even though Defendant Space Exploration Technologies Corp.'s agents knew or through the exercise of due diligence should have known of the existence of the aforementioned and that there was likelihood of a person being injured as occurred to Plaintiff.

14. Plaintiff alleges that each and every, all and singular, of the foregoing acts and/or omissions on the part of Defendant Space Exploration Technologies Corp., constituted negligence which was and is a direct and proximate result of Plaintiff's serious bodily injuries.

15. Furthermore, Plaintiff would show the Court that had Defendant Space Exploration Technologies Corp.'s agents exercised ordinary care in the maintenance and/or supervision of such activity, it would have been noticed and corrected by such persons.

16. At all times material hereto, all of the agents, servants, and/or employees for Defendant Space Exploration Technologies Corp., who were connected with the occurrence made the subject of this suit, were acting within the course and scope of their employment or official duties and in furtherance of the duties of their office or employment. Therefore, Defendant Space Exploration Technologies Corp., is further liable for the negligent acts and omissions of its agents, servants, and/or employees under the doctrine of *respondeat superior*.

## VI. <u>NEGLIGENT ENTRUSTMENT AGAINST DEFENDANT SPACE EXPLORATION TECHNOLOGIES CORP.</u>

17. On June 11, 2021, Defendant Space Exploration Technologies Corp., was the owner of the vehicle operated by Defendant Arion Morshedian.

18. Defendant Space Exploration Technologies Corp., entrusted the vehicle to Defendant Arion Morshedian, a reckless and incompetent driver.

19. Defendant Space Exploration Technologies Corp., through the exercise of reasonable care should have known that Defendant Arion Morshedian was a reckless and incompetent driver.

20. As described herein, Defendant Arion Morshedian was negligent on the occasion in question.

21. Defendants were the proximate cause of Plaintiff's serious bodily injuries.

### VII.   PLAINTIFF'S CLAIMS OF NEGLIGENCE AGAINST DEFENDANT ARION MORSHEDIAN

22. Defendant Arion Morshedian had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein. Plaintiff's injuries were proximately caused by Defendant Arion Morshedian's negligent, careless and reckless disregard of said duty.

23. The negligent, careless and reckless disregard of duty of Defendant Arion Morshedian, consisted of, but is not limited to, the following acts and omissions:

A. In that Defendant failed to keep a proper lookout for Plaintiff's safety that would have been maintained by a person of ordinary prudence under the same or similar circumstances; Texas Transportation Code §545.401;

B. In that Defendant failed to turn his motor vehicle to the right or left in an effort to avoid the collision complained of; Texas Transportation Code §545.103;

C. In that Defendant failed to maintain a clear and reasonable distance with other motorists; Texas Transportation Code §545.062;

D. In that Defendant was operating his motor vehicle at a rate of speed which was greater than that would have been operated by a person of ordinary prudence under the same or similar circumstances; Texas Transportation Code §545.062;

E. In that Defendant failed to apply the brakes to his motor vehicle in a timely and prudent manner and/or wholly failed to apply his brakes. Texas Transportation Code §545.351;

F. In that Defendant failed to pay attention in his driving as a person using ordinary prudent care would have done; Texas Transportation Code §545.401;

G. In that Defendant failed to keep such distance away from Plaintiff's motor vehicle as a person using ordinary prudent care would have done; Texas Transportation Code §545.062;

H. In that Defendant failed to control the speed of his motor vehicle to avoid the collision complained of; Texas Transportation Code §545.351; and

I. In that Defendant was distracted by an electronic device at or near the time of the collision complained of; Texas Transportation Code §545.4251.

## VIII. PROXIMATE CAUSE

24. Each and every, all and singular of the foregoing acts and omissions, on the part of the defendants, taken separately and/or collectively, constitute a direct and proximate cause of the injuries and damages set forth below.

## IX. DAMAGES FOR PLAINTIFF HUGO MEDELLIN

25. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff Hugo Medellin, has incurred the following damages:

   a. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in Cameron County, Texas;

   b. Reasonable and necessary medical care and expenses which will, in all reasonable probability, be incurred in the future;

   c. Physical pain and suffering in the past;

   d. Physical pain and suffering in the future;

   e. Mental anguish in the past;

   f. Mental anguish in the future;

   g. Physical impairment in the past;

   h. Physical impairment which, in all reasonable probability, will be suffered in the future;

   i. Disfigurement in the past;

   j. Disfigurement in the future.

26. By reason of the above, Plaintiff Hugo Medellin has suffered losses and damages in a sum within the jurisdictional limits of the Court and for which this lawsuit is brought.

## X. PRAYER

27. For these reasons, Plaintiff Hugo Medellin asks for judgment against defendants for the following:

   a. Plaintiff seeks damages (including punitive damages) over $200,000.00

    but not more than $1,000,000.00.

b. Prejudgment and postjudgment interest.

c. Costs of suit.

d. All other relief the Court deems appropriate.

    Respectfully submitted,

    **BEGUM LAW GROUP**

    By: /s/ *Mario A. Cisneros*
    Mario A. Cisneros
    Federal Bar No. 2601122
    2401 Wild Flower, Suite B
    Brownsville, Texas 78526
    E-mail: mcisneros@texaslegalgroup.com
    Tel. (956) 982-1800
    Fax. (956) 982-8602

    **ATTORNEY IN CHARGE FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

      I certify that on <u>October 11, 2022</u> a copy of Plaintiff's Second Amended Complaint was *electronically filed* on the CM/ECF system, which will automatically serve a Notice of Electronic Filing on the following attorney in charge for Defendants, Space Exploration Technologies, Corp., and Arion Morshedian.

*Via E-Service:* Michelle.Pector@morganlewis.com
Michelle D. Pector
State Bar No. 24027726
Morgan, Lewis & Bockius LLP
1000 Louisiana, Suite 4000
Houston, Texas 77002
Tel. (713) 890-5000
Fax. (713) 890-5001
*Attorney for Defendants*

*Via E-Service:* doliveira@rofllp.com
David Oliveira
State Bar No. 15254675
Roerig, Oliveira & Fisher, LLP
10225 N. 10th Street
McAllen, Texas 78504
Tel. (956) 393-6300
Fax. (956) 386-1625
*Attorney for Defendants*

Scott P. Jones
Texas Bar No. 10955500
Southern District of Texas Bar No. 11023
sjones@brock.law
Celia E. Guerra
Texas Bar No. 24069756
Southern District of Texas Bar No. 2108559
cguerra@brock.law
BROCK GUERRA STRANDMO DIMALINE JONES, P.C.
17339 Redland Road
San Antonio, Texas 78247
(210) 979-0100 Telephone
(210) 979-7810 Facsimile
*Co-Counsel for Defendant Arion Morshedian*

                                        /s/ *Mario A. Cisneros*
                                          Mario A. Cisneros