# IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **HUGO MEDELLIN** | § | |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. 1:22-CV-00084** |
| | § | |
| **ARION MORSHEDIAN and SPACE** | § | |
| **EXPLORATION TECHNOLOGIES** | § | |
| **CORP.** | § | |
| **Defendants.** | § | |

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO QUASH SUBPOENA

Plaintiff asks the Court to quash Defendant Arion Morshedian's subpoena.

## A. INTRODUCTION

1.      Plaintiff is Hugo Medellin; defendants are Arion Morshedian and Space Exploration Technologies Corp.

2.      Plaintiff sued defendants for a motor vehicle collision that occurred on June 11, 2021.

3.      On September 27, 2022, Plaintiff received a subpoena issued by Defendants in an attempt to obtain Plaintiff's cell phone records from *Cricket Communications, Inc.*

The subpoena commanded that *Cricket Communications, Inc.* respond and produce the requested records on or before the fourteenth day from date of receiving the subpoena.

4.      *Cricket Communications, Inc.* is not a party to this suit.  Plaintiff

5.      The objectionable depositions upon written question are attached herewith and referenced as Exhibit A.

6.      Plaintiff asks the Court to quash the subpoena, or, in the alternative, narrowly tailor the subpoena to the specific needs of this case.

## B. ARGUMENT

7.      A court must, on timely motion, quash or modify a subpoena if the subpoena (1) does not allow reasonable time to comply, (2) requires a person to comply with a subpoena beyond the geographic limits set under Federal Rule of Civil Procedure 45(c), (3) requires disclosing

privileged or protected material and no exception or waiver applies, or (4) subjects a person to undue burden.

8.      Plaintiff timely files this motion. *See* Fed. R. Civ. P. 45(d)(3)(A); *Est. of Ungar v. Palestinian Auth.*, 451 F. Supp. 2d 607, 610 (S.D.N.Y. 2006).

9.      This Court must quash Defendant's subpoena for the following reasons:

The subpoena requires disclosure of privileged or protected material, and no exception or waiver applies. Fed. R. Civ. P. 45(d)(3)(A)(iii); *RE/MAX Int'l, Inc. v. Century 21 Real Est. Corp.*, 846 F. Supp. 910, 911–12 (D. Colo. 1994).

In the subpoena Defendants request Plaintiff's cell phone usage for the time period of a full day preceding the crash until a full day after the crash. A 72-hour time period.  As such, the request is not reasonably limited in time and scope, overbroad, irrelevant and an attempt to obtain Plaintiff's private privileged records.

Plaintiff further objects based on the Texas Supreme Court's holdings in *R.K. v. Ramirez*, 887 S.W.2d 836 (Tex. 1994), *Groves v. Gabriel*, 874 S.W.2d 660 (Tex. 1994) and *Mutter v. Wood*, 744 S.W.2d 600 (Tex. 1988), *In re Flores*, No. 13-20-00105-CV, 2020 WL 1951540 (Tex. App.—Corpus Christi–Edinburg Apr. 17, 2020, no pet.), which provide that for documents to be discoverable, they must be relevant to the underlying suit. As such, Defendant's subpoena constitutes a clear fishing expedition.

Plaintiff's counsel conferred with defense counsel on or about October 11, 2022.  Plaintiff expressed concern with the scope of the Defendant's deposition upon written question.  Plaintiff proposed that the inquiry be limited to the 2-hour period before the crash up to the 2-hour period following the crash.  In that same vein, Plaintiff offered to amend his request for deposition upon written question to the defendant's cellular service provider.  Plaintiff agrees that anything beyond the 2-hour period prior to and after the collision constitutes an invasion of privacy.  Given the nature of cellular phone records, there is information not relevant to the claims brought in this particular case.

At the heart of Plaintiff's claims is whether Defendant was negligent in the operation of the vehicle owned and operated for Defendant Space Ex.   However, while Plaintiff seeks to determine whether there was any activity on the cell phone in the moments leading up to the crash that would show Defendant Arion Moreshedian was driving while distracted, the defense has not set forth any reason or explanation why a 72-hour inquiry into the Plaintiff's records is necessary to defend or support any claims in this case.  No explanation has been given for the scope of records sought.  The inquiry is tantamount to a fishing expedition and harassing in nature. In addition to being private and confidential, there is nothing to show that the records have any tendency to make the existence of any fact that is of consequence to the determination of this action more or less probable.  For these reasons, Plaintiff requests that the Court grant this motion or, in the alternative, narrow the scope of the records sought by defense counsel.

## C. CONCLUSION

10.     For these reasons, Plaintiff asks the Court to grant his motion to quash Defendants' subpoena or, in the alternative, narrow the scope of the records sought by defense counsel to a time period that the court finds narrowly tailored to suit the needs of this case.

Respectfully submitted,

**BEGUM LAW GROUP**

By: /s/ *Mario A. Cisneros*
Mario A. Cisneros
Federal Bar No. 2601122
2401 Wild Flower, Suite B
Brownsville, Texas 78526
E-mail: mcisneros@texaslegalgroup.com
Tel. (956) 982-1800
Fax. (956) 982-8602

**ATTORNEY IN CHARGE FOR PLAINTIFF**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this the 11th day of October, 2022, a copy of the foregoing document was filed electronically with the Clerk of the Court using the CM/ECF system. Notice of this filing will be consent to all counsel of record by operation of the Court's electronic system, electronic mail and/or facsimile transmission.

Michelle D. Pector
Texas Bar No. 24027726
Michelle.pector@morganlewis.com
Jared A. Wilkerson
Texas Bar No. 24084096
Jared.wilkerson@morganlewis.com
Morgan Lewis & Bockius LLP
1000 Louisiana, Suite 4000
Houston, Texas 77002
Tel: (713) 890-5000
Fax: (713) 890-5001
*Attorneys for Defendants*
*Space Exploration Technologies Corporation and Arion Morshedian*

David Oliveira
Texas Bar No. 15254675
doliveira@rofllp.com
Roerig, Oliveira & Fisher, LLP
10225 N. 10th Street
McAllen, Texas 78504
Tel: (956) 393-6300
Fax: (956) 386-1625
*Attorneys for Defendants*
*Space Exploration Technologies Corporation and Arion Morshedian*

Scott P. Jones
Texas Bar No. 10955500
Southern District of Texas Bar No. 11023
sjones@brock.law
Celia E. Guerra
Texas Bar No. 24069756
Southern District of Texas Bar No. 2108559
cguerra@brock.law
Brock Guerra Strandmo Dimaline Jones, P.C.
17339 Redland Road
San Antonio, Texas 78247
Tel: (210) 979-0100
Fax: (210) 979-7810
*Attorneys for Defendant Arion Morshedian*

/s/ *Mario A. Cisneros*
Mario A. Cisneros