IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| HUGO MEDELLIN § | |
| § | |
| **Plaintiff,** § | |
| § | |
| v. § | CIVIL ACTION NO. 1:22-cv-00084 |
| § | |
| ARION MORSHEDIAN and SPACE § | |
| EXPLORATION TECHNOLOGIES § | |
| CORP. § | |
| § | |
| **Defendants.** § | |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO QUASH SUBPOENA

To deny Plaintiff's present motion to quash (Doc. 16), this Court need simply refer to its September 21, 2022 order denying Plaintiff's first motion to quash.[1] Doc. 14. The issues, and indeed the motions, are almost identical.

As before and based on the circumstances at issue, Plaintiff lacks standing to move to quash the subpoena to his cell phone provider. *See Ron Hoover Companies, Inc. v. Yamaha Motor Corp., USA*, No. 2:18-CV-205, 2020 WL 11035919, at *10 (S.D. Tex. Jan. 9, 2020) ("Parties have limited standing to quash subpoenas served on non-parties pursuant to Rule 45. . . . A plaintiff cannot challenge a Rule 45 subpoena on the grounds that it is overly broad, seeks irrelevant information, or violates another person's privacy rights.") (citations omitted; cleaned up); *Johnston v. Borders*, No. 6:15-CV-936, 2016 WL 11590591, at *3 (M.D. Fla. Nov. 21, 2016) (denying motion to quash subpoena to Verizon due to, among other things, lack of standing). Plaintiff's cell provider (Cricket), not Plaintiff, is in possession of the phone logs subpoenaed. And Plaintiff has no

---

[1] For purposes of preserving this Court's valuable judicial resources, Defendants respectfully submit that Plaintiff's Motion can be decided by submission if the Court so desires.

privilege to block the subpoena: he does not identify a cellular provider privilege because none exists. The Court should deny the motion to quash without further analysis.

Although not necessary, further analysis clearly supports denying Plaintiff's motion. **First**, Plaintiff asserts that Defendants' "subpoena requires disclosure of privileged or protected material, and no exception or waiver applies." Plaintiff cites no applicable authority[2] to suggest that records of phone numbers with which he communicated could possibly be "privileged," and it is indisputable that Cricket does not even store the content of communications,[3] so no privilege—let alone a non-existent cell provider privilege—could be at issue. *See, e.g.*, *Old Nat'l Bank, N.A. v. Wendler*, No. 3:21-CV-104, 2021 WL 5029522, at *6 (S.D. Ind. Sept. 29, 2021) ("the 'logs' containing the name, phone number, date, or time of such communications does not implicate the attorney-client privilege"). This Court's reasoning when Plaintiff attempted this same quashal tactic regarding his employment records applies again:

> He argues that the requested materials contain "privileged and protected material" (Motion, Doc. 12, 2), but he does not identify or provide authorities supporting the alleged privilege. As a general matter, customary privileges, such as the attorney-client privilege, do not apply to an employee's employment records. To the extent that the requested documents contain personal information, such as Medellin's social security number, the parties can enter into an agreement regarding the use of the documents in this lawsuit, or seek a protective order from the Court to protect against the public disclosure of such information in the context of this lawsuit.

Doc. 14 at 2. In short, Plaintiff makes no attempt to explain, with or without authority, how logs of his calls and text messages, which do not disclose any content of the communications, could possibly be privileged. Accordingly, he "cannot challenge a Rule 45 subpoena on the grounds that

---

[2] As with Plaintiff's first motion to quash, the only case Plaintiff cites relates to a First Amendment "newsperson's privilege," which does not apply here.

[3] *See, e.g.*, https://community.cricketwireless.com/general-account-profile-20/have-court-coming-up-n-need-copies-of-my-messages-from-my-account-how-do-i-get-them-8322?postid=8334#post8334 ("Cricket does not store text messages."). But even if Cricket stored contents, confidentiality could be addressed with a protective order.

it is overly broad [or] seeks irrelevant information[.]" *Ron Hoover Companies*, 2020 WL 11035919, at *10.

**Second**, Plaintiff asserts that a request for 72 hours of information is "overbroad [and] irrelevant". This is a curious argument for Plaintiff to make after issuing his own subpoena for **744 hours** of Morshedian's cell phone records—more than ten times the scope of Defendants' subpoena.[4] Aside from its hypocrisy, the conclusory overbreadth argument plainly lacks merit. Fed. R. Civ. Proc. 26(b)(1).[5] Records for one day before and after the accident are relevant to Plaintiff's causation and damages arguments. For example, the records are expected to show (i) how late Plaintiff was using his phone after delivering pizzas for Dominos the night before the accident and how early he was using his phone the following day before his employment at Trimac and Domino's, which is relevant to assessing fatigue and contributory negligence in connection with his last-minute deceleration immediately before the accident; (ii) whether he was texting or on the phone at the moment the accident occurred; (iii) whether Plaintiff called emergency services, a doctor, or an urgent care within 24 hours after the accident to suggest that he was injured; (iv) whether Plaintiff was in contact with his health or auto insurer within 24 hours after the accident to suggest that he was injured; and (iv) whether Plaintiff called a lawyer before incurring the facially unreasonable medical bills in this case. *See, e.g.*, *Frazier v. Runnels*, No.

---

[4] Ex. A (Plaintiff's subpoena to Verizon).
[5] Plaintiff cites only Texas state authority on relevance, which is generally inapplicable to evidentiary questions of relevance in federal court. Further, Plaintiff's irrelevant cases relate almost exclusively to medical record privileges—but they still reinforce the broad scope of relevance. *See R.K. v. Ramirez*, 887 S.W.2d 836, 842 (Tex. 1994) ("Relevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."); *Mutter v. Wood*, 744 S.W.2d 600, 601 (Tex. 1988) (confirming that relevant medical records were subject to discovery); *In re Flores*, No. 13-20-00105-CV, 2020 WL 1951540, at *4 (Tex. App.—Corpus Christi–Edinburg Apr. 17, 2020, no pet.) ("Parties may seek discovery regarding any matter that is not privileged and is relevant to the subject matter of the pending action. The phrase relevant to the subject matter is to be broadly construed.") (citations omitted).

CV 18-2340, 2019 WL 398930, at *5 (E.D. La. Jan. 31, 2019) (finding subpoenaed information relevant "to identify when plaintiffs contacted [counsel] relative to the time of their alleged accidents and their doctor's visits").

Tellingly, Plaintiff cites no authority to suggest that 72 hours is an "overbroad" period for basic phone records, particularly for records that do not contain the content of any communications. He simply argues that Defendants did not provide his counsel with "an explanation for the scope of the records sought." That is because Plaintiff's counsel did not even raise this issue with defense counsel until 2:07 p.m. on October 11, 2022—the day Plaintiff filed the motion to quash. Defense counsel stated that he would obtain an answer for Plaintiff as soon as possible, which he did, in writing, **within an hour**.[6] Only then did Plaintiff's counsel ask for a rationale for Defendants to seek "records for the day after the crash," suggesting that Plaintiff seeks to hide relevant information that day—such as whether Plaintiff communicated with healthcare providers, whether Plaintiff communicated with counsel prior to seeking any medical treatment, etc. Defense counsel was occupied but again responded quickly—about 2.5 hours later.[7] But by that time Plaintiff had already filed the present motion to quash. Plaintiff has provided no explanation for why his conferral began just a few hours before filing the motion, and since October 11 Plaintiff has not rebutted Defendants' identification of the relevance of the materials sought following the day of the accident.[8]

---

[6] Ex. C (October 11, 2022 email chain between counsel for Plaintiff and counsel for Defendants).
[7] *Id*.; *see also* Ex. B (Declaration of Jared Wilkerson).
[8] While the facts and law warrant a denial of Plaintiff's motion, to the extent any relief is granted to Plaintiff, as a matter of equity and in the alternative, such relief should also be applied to Defendant Arion Morshedian, particularly given that Plaintiff now states that he only seeks four hours of data whereas his subpoena still seeks 744 hours.

4

## CONCLUSION

Plaintiff's motion to quash lacks merit and should be denied. The records sought are relevant and are not privileged.

Dated: October 14, 2022

Respectfully submitted,

**ROERIG, OLIVEIRA, & FISHER, LLP**

*/s/ David Oliveira*
David Oliveira
State Bar No. 15254675
doliveira@rofllp.com
10225 N. 10th Street
McAllen, Texas 78504
(956) 393-6300 Telephone
(956) 386-1625 Facsimile

**MORGAN, LEWIS & BOCKIUS LLP**

*/s/ Michelle D. Pector*
Michelle D. Pector
*Attorney-in-Charge*
State Bar No. 24027726
SDTX Bar No. 28869
michelle.pector@morganlewis.com
Jared Wilkerson
State Bar No. 24084096
SDTX Bar No. 2117319
jared.wilkerson@morganlewis.com
1000 Louisiana, Suite 4000
Houston, Texas 77002
(713) 890-5000 Telephone
(713) 890-5001 Facsimile

*Attorneys for Defendants Space Exploration Technologies Corporation and Arion Morshedian*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on October 14, 2022, a true and correct copy of the foregoing document has been served electronically to all known counsel of record in accordance with the Texas Rules of Civil Procedure.

                                                           */s/ Michelle Pector*
                                                           Michelle Pector