# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | |
|---|---|
| **HUGO MEDELLIN** | : |
| | : |
| vs. | : CIVIL ACTION NO. 1:22-CV-0084 |
| | : |
| **ARION MORESHEDIAN** | : |

## NOTICE OF INTENTION
## TO TAKE DEPOSITION BY WRITTEN QUESTIONS

To Defendant by and through their attorney(s) of record: **Michelle D. Pector (MORGAN LEWIS BOCKIUS, LLP)**
To other party/parties by and through their attorney(s) of record:

You will please take notice that fourteen (14) days from the service of a copy hereof with attached questions, a deposition by written questions will be taken of Custodian of Records for:

**VERIZON WIRELESS (PLEASE REFER TO ATTACHED EXHIBIT "A")**
**1 Verizon Way - Subpoena Compliance**
**Baskin Ridge, NJ 07920-1025**

before a Notary Public for     Lexitas
                                4299 San Felipe, Ste. 350
                                Houston, TX 77027
                                713-375-0121

or its designated agent, which deposition with attached questions may be used in evidence upon the trial of the above-styled and numbered cause pending in the above named court. Notice is further given that request is hereby made as authorized under Rule 45, Federal Rules of Civil Procedure, to the officer taking this deposition to issue a subpoena duces tecum and cause it to be served on the witness to produce any and all records as described on the attached questions and/or Exhibit(s) and any other such record in the possession, custody or control of the said witness, and every such record to which the witness may have access, pertaining to:   **Verizon Phone Number**

and to turn all such records over to the officer authorized to take this deposition so that photographic reproductions of the same may be made and attached to said deposition.

                                        Mario A. Cisneros
                                        BEGUM LAW GROUP
                                        2401 Wild Flower Drive, Suite B
                                        Brownsville, TX 78526
                                        Phone: 956-982-1800  Fax: 956-982-8602
                                        Attorney for Plaintiff
                                        SBA # 24065048

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to all Counsel of Record by hand delivery, FAX, and/or certified mail, return receipt requested, on this day.

Dated: September 19, 2022                by _Mario A. Cisneros_
                                            *Signed with permission*

Order No. 444853

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Notice and written questions has been served upon all parties or their attorneys of record via hand delivery, facsimile, and/or certified mail, return receipt requested, on this day.

Dated: 9/19/22

*[Signature]*

Lexitas
4299 San Felipe, Ste. 350
Houston, TX    77027
713-375-0121  Fax 800-994-0142

Mario A. Cisneros
BEGUM LAW GROUP
2401 Wild Flower Drive, Suite B
Brownsville, TX  78526
Phone: 956-982-1800   Fax: 956-982-8602

Michelle D. Pector
MORGAN LEWIS BOCKIUS, LLP
1000 Louisiana, Suite 4000
Houston, TX  77002
Phone: 713-890-5000   Fax: 713-890-5000

Order No. 444853

# EXHIBIT "A"

1. **The phone number: (408) 782-2555**
2. **Carrier: Verizon Wireless**
3. **Period of time covered: 05/12/2021 - 06/12/2021 "CENTRAL TIME ZONE"**

Records to be produced should include:

**ANY AND ALL RECORDS FROM 05/12/2021 – 06/12/2021 "CENTRAL TIME ZONE" REGARDING (408) 782-2555, INCLUDING BUT NOT LIMITED TO, THE SUBSCRIBER, INFORMATION REFLECTING INCOMING AND OUTGOING PHONE CALLS, DURATION OF SUCH PHONE CALLS, INCOMING AND OUTGOING TEXT MESSAGES, DATA USAGE, CELL TOWER LOCATION, AND ANYTHING ELSE THAT IS REDUCED TO WRITING IN THE POSSESSION, CUSTODY OR CONTROL OF THE SAID WITNESS.**

Please also provide a written statement of your data retention policy or e-discovery compliance rules.

Order Number: 444853.002

AO 88 (Rev. 12/20) Subpoena in a Civil Case

# United States District Court
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

**HUGO MEDELLIN**

**SUBPOENA IN A CIVIL CASE**

vs.

**CASE NUMBER: 1:22-CV-0084**

**ARION MORESHEDIAN**

TO: Custodian of Records for:

VERIZON WIRELESS
1 Verizon Way - Subpoena Compliance
Baskin Ridge, NJ 07920-1025

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of deposition in the above case. The Deposition will be recorded by: WRITTEN DEPOSITION Questions of the above subpoenaed party

| PLACE OF DEPOSITION | DATE AND TIME 10:00 AM on: |
|---|---|
| The office of the custodian: 1 Verizon Way - Subpoena Compliance Baskin Ridge, NJ 07920-1025 | 10/13/2022 |

☒ YOU or your representatives, ARE COMMANDED to produce and permit inspection and copying of the following documents or objects and must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material

**The records described on the attached Direct Questions to be propounded to the witness pertaining to Verizon Phone Number, DOB: , SSN: .**

| PLACE | DATE AND TIME 10:00 AM on: |
|---|---|
| The office of the custodian: 1 Verizon Way - Subpoena Compliance Baskin Ridge, NJ 07920-1025 | 10/13/2022 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b) (6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| **Attorney for: Plaintiff**   Mario A. Cisneros | September 19, 2022 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
**Mario A Cisneros**
**BEGUM LAW GROUP**
**2401 Wild Flower Drive, Suite B, Brownsville, TX 78526; 956-982-1800**

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)
LEXITAS  4299 SAN FELIPE #350, HOU, TX 77027  (713) 375-0121

Order No. 444853.002

AO 88 (Rev. 12/20) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **SERVED** | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
  DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

_____

**Rule 45, Federal Rules of Civil Procedure, Parts C & D:**

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of
production or inspection unless also commanded to appear for a deposition,
hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated
in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested.
The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made,
the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from
significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation
material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party
that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly
present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

AO 88 (Rev. 12/20) Subpoena in a Civil Case

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| HUGO MEDELLIN | : |
| | : |
| vs. | : CIVIL ACTION NO. 1:22-CV-0084 |
| | : |
| ARION MORESHEDIAN | : |

**DIRECT QUESTIONS TO BE PROPOUNDED TO THE WITNESS**

Custodian of Records for: **VERIZON WIRELESS**
Records Pertaining To: **Verizon Phone Number**
Type of Records: **Please refer to Exhibit "A" for a complete description of any and all files, business records, photographs and any other tangible items of any kind**

1. Please state your full name.

   Answer: _____

2. Please state by whom you are employed and the business address.

   Answer: _____

3. What is the title of your position or job?

   Answer: _____

4. Are these memoranda, reports, records, or data compilations, outlined in the subpoena duces tecum, pertaining to the above-named person, in your custody or subject to your control, supervision or direction?

   Answer: _____

5. Are you able to identify these aforementioned records as the originals or true and correct copies of the originals?

   Answer: _____

6. Please hand to the Officer taking this deposition copies of the memoranda, reports, records, or data compilations, mentioned in Question No. 4. Have you complied? If not, why?

   Answer: _____

7. Are the copies which you have handed to the Officer (Notary Public) taking this deposition true and correct copies of such memoranda, reports, records, or data compilations.

   Answer: _____

Order No. 444853.002

8.  Were such memoranda, reports, records, or data compilations kept in the regular course of business of this facility?

    Answer: _____

9.  Was it in the regular course of business of this facility for a person with knowledge of the acts, events, conditions, opinion, or diagnoses, recorded to make the record or to transmit information thereof to be included in such record?

    Answer: _____

10. Were the entries on these records made at or shortly after the time of the transaction recorded?

    Answer: _____

11. Was the method of preparation of these records trustworthy?

    Answer: _____

12. If the records were purged or destroyed for any reason; what is the normal retention period for the records at your facility?

    Answer: _____

_____
WITNESS (Custodian of Records)

Before me, the undersigned authority, on this day personally appeared _____, known to me to be the person whose name is subscribed to the foregoing instrument in the capacity therein stated, who being first duly sworn, stated upon his/her oath that the answers to the foregoing questions are true and correct. I further certify that the records attached hereto are exact duplicates of the original records.

SWORN TO AND SUBSCRIBED before me this _____ day of _____, 20_____.

_____
NOTARY PUBLIC

My Commission Expires: _____

Order No. 444853.002