# Exhibit "A"

FILED
2021-CCL-00597
10/4/2021 9:22 AM
Sylvia Garza-Perez
Cameron County Clerk

## CAUSE NO. 2021-CCL-00597

| | | |
|---|---|---|
| HUGO MEDELLIN,<br>*Plaintiff,*<br><br>v.<br><br>ARION MORSHEDIAN AND<br>SPACE EXPLORATION TECHNOLOGIES CORP.,<br>*Defendants.* | § § § § § § § § § § § | IN THE COUNTY COURT AT LAW<br><br><br>NO. 3<br><br><br>CAMERON COUNTY, TEXAS |

### DEFENDANT SPACE EXPLORATION TECHNOLOGIES CORPORATION'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant Space Exploration Technologies Corporation ("SpaceX") files its Original Answer to Plaintiff's Original Petition in the above-referenced matter and respectfully shows the Court as follows:

### I.  GENERAL DENIAL

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, SpaceX enters a General Denial and denies each and every allegation contained in Plaintiff's Original Petition ("Petition"). SpaceX demands strict proof of such allegations by a preponderance of the evidence, as required by the Constitution and laws of the State of Texas.

### II.  AFFIRMATIVE AND OTHER DEFENSES

1. By way of further answer, if such be necessary, SpaceX specifically denies that it is vicariously liable to Plaintiff under the doctrine of *respondeat superior* as alleged in Plaintiff's Petition.

2. Space X further pleads, if such be necessary, and pleading in the alternative, that Plaintiff fails to state a claim or cause of action against SpaceX upon which relief can be granted.

3. Space X further pleads, if such be necessary, and pleading in the alternative that it owed no duty to Plaintiff.

4. SpaceX further pleads, if such be necessary, and pleading in the alternative that any alleged negligence asserted against SpaceX was not the proximate cause of any alleged damages or harm claimed by Plaintiff.

5. SpaceX further pleads, if such be necessary, and pleading in the alternative that any alleged damages or harm claimed by Plaintiff were not foreseeable.

6. SpaceX further pleads, if such be necessary, and pleading in the alternative that Plaintiff has not been subjected to any monetary, physical, emotional or psychological injuries or damages as a result of any alleged actions or omissions by SpaceX.

7. SpaceX further pleads, if such be necessary, and pleading in the alternative, that Plaintiff's claims are barred, in whole or in part, due to the contributory and/or comparative negligence of Plaintiff.

8. SpaceX further pleads, if such be necessary, and pleading in the alternative, that Plaintiff may not recover any amount of damages if his percentage of responsibility is greater than fifty percent (50%).  Tex. Civ. Prac. & Rem. Code § 33.001.

9. SpaceX further pleads, if such be necessary, and pleading in the alternative, that Plaintiff's damages, if any, were caused by an unavoidable accident.

10. SpaceX further pleads, if such be necessary, and pleading in the alternative, that the damages sought by Plaintiff, if any, were proximately caused, in whole or in part, by independent, intervening, or superseding causes, including acts and/or omissions of others over whom SpaceX had no control.

11. SpaceX further pleads, if such be necessary, and pleading in the alternative, that Plaintiff's alleged damages, if any, of past medical expenses shall be reduced to the amount paid or incurred by Plaintiff or on behalf of Plaintiff pursuant to Tex. Civ. Prac. & Rem. Code § 41.0105.

12. SpaceX further pleads, if such be necessary, and pleading in the alternative, that Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff failed to mitigate his alleged damages, if any.

13. SpaceX further pleads, if such be necessary, and pleading in the alternative, that some or all of the purported incapacity, disability and physical infirmities complained of by Plaintiff is the result of pre-existing injuries, conditions, infirmities, ailments, diseases or disabilities which were not caused or produced by or a result of the incident at issue.

14. SpaceX further pleads, if such be necessary, and pleading in the alternative, that pursuant to Tex. Civ. Prac. & Rem. Code § 18.091 and to the extent Plaintiff seeks to recover for loss of earnings or loss of earning capacity, Plaintiff must prove net loss after reduction for income tax payments or unpaid tax liability pursuant to any Federal income tax law.

15. SpaceX invokes, if such be necessary, and pleading in the alternative, the provisions of Tex. Civ. Prac. & Rem. Code §33.013 in the unexpected event that liability is established by the Plaintiff in this cause.

16. SpaceX further invokes, if such be necessary, and pleading in the alternative, its right to reduction and offset of any dollar verdict which may be rendered in this cause by the amount of any payments or settlements made to Plaintiff by other persons and/or entities or by percentage reductions to which SpaceX would be entitled as a result of judicial or jury findings against other persons or entities.

17.     SpaceX further pleads, if such be necessary, and pleading in the alternative, that Plaintiff is not entitled to any exemplary damages in that SpaceX was not grossly negligent and there was no willful or wanton violation of any legal requirement attributable to SpaceX.

18.     SpaceX further pleads, if such be necessary, and pleading in the alternative, in the unexpected event of any exemplary damage award, SpaceX further invokes the provisions of Tex. Civ. Prac. & Rem. Code § 41.008 et seq. limiting any award of exemplary damages.

19.     SpaceX expressly reserves the right to allege or assert additional defenses affirmative or otherwise as may be revealed by discovery and further investigation in this case.

### III.     REQUEST FOR DISCLOSURE

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiff is requested to disclose to counsel for SpaceX the information or material listed in Rule 194.2(a) – (l) of the Texas Rules of Civil Procedure within thirty (30) days of service of this Request.

### IV.     PRAYER

SpaceX respectfully prays for judgment that includes the following relief:

1. That Plaintiff take nothing against SpaceX and that Plaintiff's Petition be dismissed with prejudice;
2. An award of costs of the suit herein incurred; and
3. Other and further relief to which it may be justly entitled.

| | |
|---|---|
| Dated: October 4, 2021 | Respectfully submitted, |
| **Roerig, Oliveira, & Fisher, LLP** | **Morgan, Lewis & Bockius LLP** |
| */s/ David Oliveira* | */s/ Michelle D. Pector* |
| David Oliveira | Michelle D. Pector |
| State Bar No. 15254675 | State Bar No. 24027726 |
| doliveira@rofllp.com | michelle.pector@morganlewis.com |
| 10225 N. 10th Street | Jared Wilkerson |
| McAllen, Texas 78504 | State Bar No. 24084096 |
| (956) 393-6300 Telephone | jared.wilkerson@morganlewis.com |
| (956) 386-1625 Facsimile | 1000 Louisiana, Suite 4000 |
| | Houston, Texas 77002 |
| | (713) 890-5000 Telephone |
| | (713) 890-5001 Facsimile |
| | |
| | *Attorneys for Defendants Arion Morshedian and Space Exploration Technologies Corporation and* |

## CERTIFICATE OF SERVICE

I hereby certify that on October 4, 2021, a true and correct copy of the foregoing document has been served electronically to all known counsel of record in accordance with the Texas Rules of Civil Procedure.

                                                                                   */s/ Michelle Pector*
                                                                                    Michelle Pector

FILED
2021-CCL-00597
10/4/2021 9:22 AM
Sylvia Garza-Perez
Cameron County Clerk

## CAUSE NO. 2021-CCL-00597

| | | |
|---|---|---|
| HUGO MEDELLIN, <br>    *Plaintiff,* <br><br> v. <br><br> ARION MORSHEDIAN AND <br> SPACE EXPLORATION TECHNOLOGIES <br> CORP., <br>    *Defendants.* | § § § § § § § § § § § | IN THE COUNTY COURT AT LAW <br><br><br> NO. 3 <br><br><br> CAMERON COUNTY, TEXAS |

### **DEFENDANT ARION MORSHEDIAN'S ORIGINAL ANSWER**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant Arion Morshedian ("Morshedian") files this Original Answer to Plaintiff's Original Petition in the above-referenced matter and respectfully shows the Court as follows:

### I.   GENERAL DENIAL

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Morshedian enters a General Denial and denies each and every allegation contained in Plaintiff's Original Petition ("Petition"). Morshedian demands strict proof of such allegations by a preponderance of the evidence, as required by the Constitution and laws of the State of Texas.

### II.   AFFIRMATIVE AND OTHER DEFENSES

1.   By way of further answer, if such be necessary, Morshedian pleads that Plaintiff's claims are barred, in whole or in part, due to the contributory and/or comparative negligence of Plaintiff.

2.   Morshedian further pleads, if such be necessary, and pleading in the alternative, that Plaintiff may not recover any amount of damages if his percentage of responsibility is greater than fifty percent (50%). Tex. Civ. Prac. & Rem. Code § 33.001.

3. Morshedian further pleads, if such be necessary, and pleading in the alternative that any alleged negligence asserted against Morshedian was not the proximate cause of any alleged damages or harm claimed by Plaintiff.

4. Morshedian further pleads, if such be necessary, and pleading in the alternative that any alleged damages or harm claimed by Plaintiff were not foreseeable.

5. Morshedian further pleads, if such be necessary, and pleading in the alternative, that Plaintiff's damages, if any, were caused by an unavoidable accident.

6. Morshedian further pleads, if such be necessary, and pleading in the alternative, that the damages sought by Plaintiff, if any, were proximately caused, in whole or in part, by independent, intervening, or superseding causes, including acts and/or omissions of others over whom Morshedian had no control.

7. Morshedian further pleads, if such be necessary, and pleading in the alternative that Plaintiff has not been subjected to any monetary, physical, emotional or psychological injuries or damages as a result of any alleged actions or omissions by Morshedian.

8. Morshedian further pleads, if such be necessary, and pleading in the alternative, that Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff failed to mitigate his alleged damages, if any.

9. Morshedian further pleads, if such be necessary, and pleading in the alternative, that some or all of the purported incapacity, disability and physical infirmities complained of by Plaintiff is the result of pre-existing injuries, conditions, infirmities, ailments, diseases or disabilities which were not caused or produced by or a result of the incident at issue.

10. Morshedian further pleads, if such be necessary, and pleading in the alternative, that Plaintiff's alleged damages, if any, of past medical expenses shall be reduced to the amount

paid or incurred by Plaintiff or on behalf of Plaintiff pursuant to Tex. Civ. Prac. & Rem. Code § 41.0105.

11.     Morshedian further pleads, if such be necessary, and pleading in the alternative, that pursuant to Tex. Civ. Prac. & Rem. Code § 18.091 and to the extent Plaintiff seeks to recover for loss of earnings or loss of earning capacity, Plaintiff must prove net loss after reduction for income tax payments or unpaid tax liability pursuant to any Federal income tax law.

12.     Morshedian invokes, if such be necessary, and pleading in the alternative, the provisions of Tex. Civ. Prac. & Rem. Code §33.013 in the unexpected event that liability is established by the Plaintiff in this cause.

13.     Morshedian further invokes, if such be necessary, and pleading in the alternative, his right to reduction and offset of any dollar verdict which may be rendered in this cause by the amount of any payments or settlements made to Plaintiff by other persons and/or entities or by percentage reductions to which Morshedian would be entitled as a result of judicial or jury findings against other persons or entities.

14.     Morshedian further pleads, if such be necessary, and pleading in the alternative, that Plaintiff is not entitled to any exemplary damages in that Morshedian was not grossly negligent and there was no willful or wanton violation of any legal requirement attributable to Morshedian.

15.     Morshedian further pleads, if such be necessary, and pleading in the alternative, in the unexpected event of any exemplary damage award, Morshedian further invokes the provisions of Tex. Civ. Prac. & Rem. Code § 41.008 et seq. limiting any award of exemplary damages.

16.     Morshedian expressly reserves the right to allege or assert additional defenses affirmative or otherwise as may be revealed by discovery and further investigation in this case.

### III. REQUEST FOR DISCLOSURE

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiff is requested to disclose to counsel for Morshedian the information and material listed in Rule 194.2(a) – (l) of the Texas Rules of Civil Procedure within thirty (30) days of service of this Request.

### IV. PRAYER

Morshedian respectfully prays for judgment that includes the following relief:

1. That Plaintiff take nothing against Morshedian and that Plaintiff's Petition be dismissed with prejudice;
2. An award of costs of the suit herein incurred; and
3. Other and further relief to which Morshedian may be justly entitled.

Dated: October 4, 2021                                                Respectfully submitted,

**Roerig, Oliveira, & Fisher, LLP**                        **Morgan, Lewis & Bockius LLP**

/s/ David Oliveira                                                    /s/ Michelle D. Pector
David Oliveira                                                         Michelle D. Pector
State Bar No. 15254675                                          State Bar No. 24027726
doliveira@rofllp.com                                              michelle.pector@morganlewis.com
10225 N. 10th Street                                              Jared Wilkerson
McAllen, Texas 78504                                           State Bar No. 24084096
(956) 393-6300 Telephone                                   jared.wilkerson@morganlewis.com
(956) 386-1625 Facsimile                                     1000 Louisiana, Suite 4000
                                                                              Houston, Texas 77002
                                                                              (713) 890-5000 Telephone
                                                                              (713) 890-5001 Facsimile

                                                                              *Attorneys for Defendants Arion Morshedian and Space Exploration Technologies Corporation and*

4

**CERTIFICATE OF SERVICE**

I hereby certify that on October 4, 2021, a true and correct copy of the foregoing document has been served electronically to all known counsel of record in accordance with the Texas Rules of Civil Procedure.

                                          */s/ Michelle Pector*
                                          Michelle Pector