**IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **HUGO MEDELLIN** | | |
| **Plaintiff,** | **§** | |
| | **§** | |
| **V.** | **§** | **CIVIL ACTION NO. 1:22-CV-084** |
| | **§** | |
| **SPACE EXPLORATION** | **§** | |
| **TECHNOLOGIES, CORP., et. al.,** | **§** | |
| **Defendants.** | **§** | |

**PLAINTIFF'S OPPOSED MOTION TO COMPEL DEFENDANTS SPACE EXPLORATION TECHNOLOGIES CORP. AND ARION MORSHEDIAN TO RESPOND TO PLAINTIFF'S REQUESTS FOR PRODUCTION**

**COMES NOW** Plaintiff Hugo Medellin (hereinafter referred to as "Plaintiff") respectfully submitting this, his Motion to Compel Written Discovery Responses, showing unto the Honorable Court in support thereof as follows:

## I.
## INTRODUCTION

This case arises out of a motor vehicle collision that occurred on June 11, 2022, in Brownsville, Cameron County, Texas, when Defendant Arion Morshedian (hereinafter referred to as "Morshedian"), who was operating a vehicle owned by his employer, Defendant Space Explorations Technologies Corp., hereinafter referred to as " SpaceX", collided into Plaintiff's vehicle by, *inter alia*, by failing to keep a proper lookout, maintain a proper following distance, pay attention to traffic conditions and controlling the speed of his vehicle. As a result of the subject collision, Plaintiff sustained serious injuries and damages.

Following the crash, Plaintiff brought suit against Morshedian and SpaceX due to the injuries caused by the crash and has alleged the following:

- Morshedian was negligent in the operation of the SpaceX vehicle at or near the time of the collision;
- SpaceX is responsible for the acts of Morshedian pursuant to the doctrine of *respondeat superior* for the various acts committed by him culminating in the collision in question;
- SpaceX was negligent in the training of Morshedian with regard to the operation of a motor vehicle including—speed control, maintaining a proper lookout; driver inattention; distracted driving;
- SpaceX failed to supervise and/or monitor Morshedian's driving habits;
- SpaceX negligently retained Morshedian; and
- SpaceX failed to establish and enforce adequate policies and/or procedures with regard to the operation of one of its vehicles.[1]

One of the more contentious issues in the case surrounds the determination as to whether Morshedian was in fact within the course and scope of his employment at the time of the collision in question.

Based upon the current evidence and discussions with opposing counsel, the parties' respective positions are diametrically opposed with respect to this particular issue.

## II.
## DOCUMENTS AND WITHIN THE POSSESSION OF SPACEX ARE NECESSARY

Because of the disputed facts relative to the nature of the collision forming the basis of this lawsuit, documents and certain items are required to assist the trier of fact determine:

1. Whether Morshedian was in fact within the course and scope of his employment at the time of the crash;
2. Whether Morshedian's vehicle was damaged in the collision and, if so, whether any repairs were necessary;
3. Whether the damage to Morshedian's vehicle is consistent with the injuries claimed by Plaintiff;
4. Morshedian's duties and responsibilities as a SpaceX employee including the

[1] *See generally* Plaintiff's Second Amended Complaint, hereinafter referred to as Exhibit A.

amount of travel and driving that would be required as he was a California domiciliary at the time of the crash;

5. Whether SpaceX provided training or instruction to Morshedian concerning the operation of a motor vehicle;

6. Whether SpaceX supervised and/or monitored Morshedian's driving habits at or near the time of the crash.

7. Whether SpaceX performed its due diligence in verifying whether Morshedian was a competent driver before entrusting him with a vehicle.

A. *Invoices, repair bills or estimates, reflecting damage to any vehicle involved in the collision in question – Plaintiff's RFPs to SpaceX Nos. 1 and 25.*

In order to solidify Plaintiff's claims that the collision in question proximately caused Plaintiff's injuries, Plaintiff has requested that SpaceX produce any and all repair bills and estimates reflecting damage to any vehicle involved in the collision in question. These materials are necessary to support the causal link between the damage to the vehicles and the injuries claimed in this case. Plaintiff's bio-mechanical expert has also indicated that these materials would be helpful in his analysis.[2] Plaintiff requested these items via Plaintiff's Requests for Production to Defendant SpaceX Nos. 1 and 25.[3]

B. *Morshedian's employee file, including disciplinary actions, reprimands, indications Morshedian was an unsafe driver, accident files, and safety performance history records – Plaintiff's RFPs to SpaceX Nos. 20, 22, 35, 36, and 39.*

In order to determine whether Morshedian was acting within the course and scope of his employment, it is necessary for Plaintiff to examine his employee file. Arguably, the employee file would demonstrate that travel to Brownsville, Texas would be required of Morshedian including driving to and from SpaceX's base of operations in South Texas. Information related to disciplinary actions, reprimands, and indications that Morshedian was an unsafe driver would also lend support to Plaintiff's claim of negligent entrustment. Safety performance history records would also tend to prove or disprove these allegations. These materials are necessary to the acquisition of evidence potentially determinative of SpaceX's responsibility as to the crash in question. Plaintiff requested these items via Plaintiff's Requests for Production to Defendant

---

[2] *See* Report from Raymond P. Smith & Associates, hereinafter referred to as Exhibit A at 10.

[3] *See* Defendant's First Amended Responses to Plaintiff's Requests for Production, hereinafter referred to as Exhibit B.

SpaceX Nos. 20, 22, 35, 36, and 39.[4]

C. *Morshedian's assignment or directive related to his trip to Brownsville, Texas on or about June 2021 – Plaintiff's RFPs to SpaceX Nos. 21 and 35.*

Because the defense refutes that Morshedian was acting within the course and scope of his employment at the time of the crash in question, any materials related to Morshedian's assignment in Brownsville, Texas may assist the trier of fact in this regard. If Morshedian is a domiciliary of California and resides in California, then it begs the question as to the reason for his travel to Brownsville, Texas in his capacity as a SpaceX employee. The materials sought would shed light on his duties and responsibilities as it pertains to his time spent in Brownsville, Texas. It goes without saying that these materials are necessary to the acquisition of evidence potentially determinative of SpaceX's responsibility as to the crash in question. Plaintiff requested these items via Plaintiff's Requests for Production to Defendant SpaceX Nos. 21 and 35.[5]

D. *Expense receipts and reports submitted by Morshedian for the period starting 10 days before the wreck and ending 10 days after the wreck. – Plaintiff's RFPs to SpaceX No. 33.*

As stated previously, whether Morshedian was acting within the course and scope of employment is one of the more contentious issues in this case. Expense receipts submitted by Morshedian would lend support to the argument that it was a part of his duties and responsibilities to travel to South Texas at the time of the crash. The defense has maintained that Morshedian is a resident and domiciliary of California. Evidence concerning his travel to South Texas is certainly relevant to whether he was acting within the course and scope of his employment at the time of the crash. Plaintiff requested these items via Plaintiff's Requests for Production to Defendant SpaceX No. 33.[6]

E. *GPS data, vehicle inspection reports, pre-trip check lists, vehicle accident kits, dispatch and trip reports. – Plaintiff's RFPs to SpaceX No. 32; 37; 40; 41; 44; 50.*

As mentioned at the outset, the vehicle operated by Morshedian was, upon information and belief, was owned by Defendant SpaceX at the time of the collision in question. Because it's alleged that Morshedian was acting within the course and scope of his employment, it is

[4] *See* Exhibit B.

[5] *See Id*.

[6] *See Id*.

necessary to determine the amount of control SpaceX wielded over the vehicle in question. Vehicle use records would be helpful in this regard. Moreover, such records would also be helpful in determining whether SpaceX failed to monitor the driving habits of Morshedian in the moments leading up to the crash in question. The GPS data may show that Morshedian was speeding and/or driving at an unreasonable rate of speed in the moments leading to the collision. Further, these materials may also shed light on any mechanical issues with the vehicle in the days leading to the crash in question. Further, these documents may also shed light as to whether Morshedian was fatigued at the time of the collision. Plaintiff is willing to limit his request to the 10-day period prior to the crash in question to the 24-hour period following the crash. Plaintiff requested these items via Plaintiff's Requests for Production to Defendant SpaceX No. 32, 37, 39, 40, 41, 44, and 50.[7]

F. *SpaceX's company safety and driver manual and employee guidelines provided to Morshedian. – Plaintiff's RFPs to SpaceX No. 21.*

In order to determine whether Morshedian was advised of proper driving techniques and countermeasures to avoid collisions such as the one in question, Plaintiff has requested that SpaceX produce the manuals and guidelines it provided to Morshedian. These materials are necessary to the acquisition of evidence potentially determinative of SpaceX's responsibility as to the crash in question. Plaintiff requested these items via Plaintiff's Requests for Production No. 21.[8]

G. *Materials related to post-crash investigations conducted prior to the anticipation of litigation by SpaceX, incident reports generated by defendants regarding the collision in question, vehicle accident kits issued to Defendant Morshedian. – Plaintiff's RFPs to SpaceX No. 26, 34, and 42.*

Similar to seeking documents to verify whether SpaceX had appropriate safety control measures in place or had a system in place to reduce motor vehicle collisions, Plaintiff wishes to uncover whether a preventability determination or, if any post-crash investigation, was undertaken by SpaceX. Along with these materials, in most cases, a recorded statement is taken by a claims handler or risk management representative in cases such as this one. Similar information can be found in investigative reports prepared by company personnel shortly following a crash in question within investigative reports and/or internal investigations that are often performed pursuant to company protocol. If this information was conducted prior to the

---

[7] *See Id.*

[8] *See Id.*

anticipation of litigation, then the materials cannot be withheld under any sort of privilege. These materials would be certainly relevant and assist the trier of fact as to each party's respective negligence. Plaintiff requested these items via Plaintiff's Requests for Production Nos. 26, 34, and 42.[9]

## III.
## UNSUCCESSFUL ATTEMPTS TO CONFER AND REACH A MUTUAL AGREEEMENT

Movants have repeatedly attempted to obtain access to the documents sought. The numerous emails exchanged between counsel are hereby incorporated by reference.[10] Worth noting, counsel has indicated that the defense's responses are sufficient.

## IV.
## ARGUMENTS AND AUTHORITIES

The purpose of discovery is to seek the truth so that disputes may be decided by what the facts reveal, not by what facts are concealed. *Axelson, Inc. v. McIlhany*, 798 S.W.2d 550, 555 (Tex. 1990). Discovery may be obtained about any matter relevant to the subject matter of the case. Tex. R. Civ. P. 192.3. "Our procedural rules define the general scope of discovery as any unprivileged information that is relevant to the subject of the action, even if it would be inadmissible at trial, as long as the information sought is 'reasonably calculated to lead to the discovery of admissible evidence.'" *In re CSX Corp.*, 124 S.W.3d 149, 152 (Tex. 2003) (citing Tex. R. Civ. P. 192.3).

The relevance of Plaintiff's discovery requests is clear, and the requested information is within the permissible scope of discovery. The information sought by Plaintiff is reasonably calculated to lead to the discovery of admissible evidence concerning, *inter alia*, the subject incident, Morshedian's employment with SpaceX, training, retention, supervision, and monitoring of Morsehdian, and the safety rules, policies and procedures that SpaceX trained Morshedian with (or did not train him with) before allowing him to operate a SpaceX vehicle. The aforementioned requests specifically relate to Plaintiff's claims in Plaintiff's Petition/Complaint against each Defendant.

The aforementioned discovery requests are relevant questions/requests relating to the

---

[9] *See* Exhibit B.

[10] *See* Emails and Correspondence, hereinafter referred to as Exhibit C or "attempts to confer".

subject collision that caused Plaintiff's injuries and damages. As such, Plaintiff seeks responses to the discovery items sought because it is likely that such responses will contain relevant and material facts as to the causes of action against Defendants. The requested items are within the permissible scope of discovery. Despite Plaintiff's requests being proper, Defendants have not adequately responded to Plaintiff's discovery requests as required by TEX. R. CIV. P. 193.1.

Accordingly, Plaintiff asks that the Court compel Defendants to comply with TEX. R. CIV. P. 193.1 by providing adequate responses.

## V.
## PRAYER TO THE COURT

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Court grant this Motion to Compel Written Discovery Responses and enter an order compelling the production of the aforementioned documents. Movants pray for any other and/or further relief to which they may be just entitled, whether at law or in equity.

Respectfully submitted,

**BEGUM LAW GROUP**

By: /s/ *Mario A. Cisneros*
Mario A. Cisneros
Federal Bar No. 2601122
2401 Wild Flower, Suite B
Brownsville, Texas 78526
E-mail: mcisneros@texaslegalgroup.com
Tel. (956) 982-1800
Fax. (956) 982-8602

**ATTORNEY IN CHARGE FOR PLAINTIFF**

**CERTIFICATE OF CONFERENCE**

I hereby certify that on the following dates:

April 25, 2022;

May 17, 2022;

September 16, 2022;

September 23, 2022;

January 26, 2023;

January 30, 2023;

January 31, 2023; and

February 17, 2023.

Plaintiff's counsel sent Defendant's counsel electronic correspondence to confer regarding the inadequate discovery responses, mentioning the discovery requests in question in some form or fashion.

To this date, Plaintiff has not had any meaningful discussions concerning the materials requested.

/s/ *Mario A. Cisneros*
Mario A. Cisneros

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 17th day of February 2023, a copy of the foregoing document was filed electronically with the Clerk of the Court using the CM/ECF system. Notice of this filing will be consent to all counsel of record by operation of the Court's electronic system, electronic mail and/or facsimile transmission.

***Via E-Service:*** *Michelle.Pector@morganlewis.com*
Michelle D. Pector
State Bar No. 24027726
Morgan, Lewis & Bockius LLP
1000 Louisiana, Suite 4000
Houston, Texas 77002
Tel. (713) 890-5000
Fax. (713) 890-5001
*Attorney for Defendants*

***Via E-Service:*** *doliveira@rofllp.com*
David Oliveira
State Bar No. 15254675
Roerig, Oliveira & Fisher, LLP
10225 N. 10th Street
McAllen, Texas 78504
Tel. (956) 393-6300
Fax. (956) 386-1625
*Attorney for Defendants*

Celia E. Guerra
Texas Bar No. 24069756
Southern District of Texas Bar No. 2108559
cguerra@brock.law
BROCK GUERRA STRANDMO DIMALINE JONES, P.C.
17339 Redland Road
San Antonio, Texas 78247
(210) 979-0100 Telephone
(210) 979-7810 Facsimile
*Co-Counsel for Defendant Arion Morshedian*

/s/ *Mario A. Cisneros*
Mario A. Cisneros