Exhibit "C"

CAUSE NO. 2021-CCL-00597

| | | |
|---|---|---|
| HUGO MEDELLIN, | § | COUNTY COURT AT LAW |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | NO. 3 |
| | § | |
| ARION MORSHEDIAN and | § | |
| SPACE EXPLORATION | § | |
| TECHNOLOGIES CORP., | § | |
| | § | |
| Defendants. | § | CAMERON COUNTY, TEXAS |

## DEFENDANT SPACE EXPLORATION TECHNOLOGIES, CORP. AND ARION MORSHEDIAN'S RESPONSES TO PLAINTIFF'S REQUEST FOR PRODUCTION

TO:     Plaintiff Hugo Medellin, by and through their attorney of record, Mario A. Cisneros, Begum Law Group, 2401 Wildflower Dr., Ste. B, Brownsville, Texas 78526.

Pursuant to the Texas Rules of Civil Procedure, Defendant Space Exploration Technologies, Corp. ("SpaceX") and Arion Morshedian ("Morshedian") serve their responses to Plaintiff's Request for Production, which may be supplemented and/or amended in accordance with the Texas Rules of Civil Procedure.

Dated: February 14, 2022

Respectfully submitted,

**Roerig, Oliveira, & Fisher, LLP**

*/s/ David Oliveira*
David Oliveira
State Bar No. 15254675
doliveira@rofllp.com
10225 N. 10th Street
McAllen, Texas 78504
(956) 393-6300 Telephone
(956) 386-1625 Facsimile

**Morgan, Lewis & Bockius LLP**

*/s/ Michelle D. Pector*
Michelle D. Pector
State Bar No. 24027726
michelle.pector@morganlewis.com
Jared Wilkerson
State Bar No. 24084096
jared.wilkerson@morganlewis.com
1000 Louisiana, Suite 4000
Houston, Texas 77002
(713) 890-5000 Telephone
(713) 890-5001 Facsimile

*Attorneys for Defendants Arion Morshedian and*
*Space Exploration Technologies Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on February 14, 2022, a true and correct copy of the foregoing document has been served electronically to all known counsel of record in accordance with the Texas Rules of Civil Procedure.

/s/ Michelle Pector
Michelle Pector

## GLOBAL OBJECTION BY SPACEX

SpaceX objects to each of Plaintiff's Requests because SpaceX has been improperly sued as a Defendant in this lawsuit and should be dismissed. SpaceX further objects to each of Plaintiff's Requests because Morshedian was not acting in the course and scope of his employment with SpaceX when the incident at issue occurred and driving was not a duty Morshedian had for SpaceX. SpaceX further objects to Plaintiffs' Requests because it did not direct, control and was not otherwise involved in Morshedian's driving when the incident at issue occurred.

## RESPONSES TO REQUEST FOR PRODUCTION

1.  Any and all documents, including but not limited to invoices, repair bills or estimates, reflecting the damage to any vehicle involved in the collision in question.

    **RESPONSE: Defendants object to this Request as overly broad and unduly burdensome in its use of the phrases "any and all documents" and "any vehicle," which are not reasonably limited in scope and disproportionate to the needs of this case. Defendants further object to this Request to the extent that it seeks documents that are not in Defendants' possession, custody, control, or that is already in Plaintiff or their counsel's possession or is otherwise equally available to them through more convenient and less burdensome sources. Defendants also object to this Request to the extent it seeks documents or communications protected by the attorney-client privilege, work-product doctrine, any other applicable privilege, or protection, or otherwise seeks for Defendants to create documents that do not exist.**

    **Subject to and without waiving the foregoing objections, responsive non-objectionable repair invoices, to the extent they exist, regarding the Tesla involved in the incident at issue will be produced.**

2.  Color copies of any and all photographs, videotapes, or other depictions of any vehicle involved in the collision in question.

    **RESPONSE: Defendants object to this Request as overly broad and unduly burdensome in its use of the phrases "any and all" and "other depictions," which are not reasonably limited in scope. Defendants further object to this Request to the extent that it seeks documents that are not in Defendants' possession, custody, control or that is already in Plaintiff or their counsel's possession or is otherwise equally available to them through more convenient and less burdensome sources. Defendants also object to this Request to the extent it seeks documents or communications protected by the attorney-client privilege, work-product doctrine, any other applicable privilege, or protection, or otherwise seeks for Defendants to create documents that do not exist.**

**Subject to and without waiving the foregoing objections, responsive non-objectionable photographs, to the extent they exist, will be produced.**

3.      Color copies of any and all photographs of the scene of the collision in question.

**RESPONSE: Defendants object to this Request as overly broad and unduly burdensome in its use of the phrase "any and all", which is not reasonably limited in scope. Defendants further object to this Request to the extent that it seeks photographs that are not in Defendants' possession, custody, control or that is already in Plaintiff or their counsel's possession or is otherwise equally available to them through more convenient and less burdensome sources. Defendants also object to this Request to the extent it seeks documents or communications protected by the attorney-client privilege, work-product doctrine, any other applicable privilege, or protection, or otherwise seeks for Defendants to create documents that do not exist.**

**Subject to and without waiving the foregoing objections, responsive non-objectionable photographs, to the extent they exist, will be produced.**

4.      Color copies of any and all photographs that you intend to use at trial.

**RESPONSE: Defendants object to this Request as overly broad and unduly burdensome in its use of the phrase "any and all", which is not reasonably limited in time or scope. Defendants further object to this Request to the extent that it seeks photographs that are not in Defendants' possession, custody, control or that is already in Plaintiff or their counsel's possession or is otherwise equally available to them through more convenient and less burdensome sources. Defendants also object to this Request to the extent it seeks documents or communications protected by the attorney-client privilege, work-product doctrine, any other applicable privilege, or protection, or otherwise seeks for Defendants to create documents that do not exist. Additionally, Defendants object to this Request as prematurely seeking trial exhibits before required under the Texas Rules of Civil Procedure.**

**Subject to and without waiving the foregoing objections, responsive non-objectionable photographs, to the extent they exist, will be produced.**

5.      All correspondence and other documents sent to any expert.

**RESPONSE: Defendants object to this Request as overly broad and unduly burdensome in its use of the phrase "all correspondence and other documents", which is not reasonably limited in time or scope. Defendants also object to this Request as a premature demand for expert disclosures, an invasion of the attorney work product doctrine, and a violation of Texas Rule of Civil Procedure 195.5 to the extent that it seeks documents outside those listed in Rule 195.5(c) and before applicable deadlines.**

4

6.     All correspondence and other documents received from any expert.

**RESPONSE:**   Defendants object to this Request as overly broad and unduly burdensome in its use of the phrase "all correspondence and other documents", which is not reasonably limited in time or scope.  Defendants also object to this Request as a premature demand for expert disclosures, an invasion of the attorney work product doctrine, and a violation of Texas Rule of Civil Procedure 195.5 to the extent that it seeks documents outside those listed in Rule 195.5(c).

7.     Any and all photographs, videotapes or other depictions of Plaintiff.

**RESPONSE:** Defendants object to this Request as overly broad and unduly burdensome in its use of the phrases "any and all" and "other depictions", which are not reasonably limited in time or scope.  Defendants further object to this Request to the extent that it seeks photographs that are not in Defendants' possession, custody, control or that is already in Plaintiff or their counsel's possession or is otherwise equally available to them through more convenient and less burdensome sources. Defendants also object to this Request to the extent it seeks documents or communications protected by the attorney-client privilege, work-product doctrine, any other applicable privilege, or protection, or otherwise seeks for Defendants to create documents that do not exist. Additionally, Defendants object to this Request as prematurely seeking trial exhibits before the applicable deadlines under the Texas Rules of Civil Procedure.

Subject to and without waiving the foregoing objections, responsive non-objectionable photographs, to the extent they exist, will be produced.

8.     Any and all photographs, videotapes or other depictions of Defendant Morshedian.

**RESPONSE:** Defendants object to this Request as overly broad and unduly burdensome in its use of the phrases "any and all" and "other depictions", which are not reasonably limited in time or scope.  Defendants further object to this Request to the extent it seeks to invade Morshedian's privacy rights.  Defendants also object to this Request as disproportionate to the needs of this case, particularly given that this Request is not limited to the incident at issue and is not in line with the factors set forth in Rule 192.4 of the Texas Rules of Civil Procedure.  Additionally, Defendants object to this Request to the extent it seeks information that is not relevant to any claims or defenses at issue in this case and/or is harassing.

9.     Any and all witness statements.

**RESPONSE:** Defendants object to the phrases "and any all" and "witness statements" as vague and undefined. Defendants further object to this Request as overly broad, unduly burdensome, not reasonably limited in time or subject matter and disproportionate to the needs of this case, particularly given that this Request is

not in line with the factors set forth in Rule 192.4 of the Texas Rules of Civil Procedure. Defendants also object to this Request to the extent it seeks documents or communications protected by the attorney-client privilege, work-product doctrine, any other applicable privilege, or protection, or otherwise seeks for Defendants to create documents that do not exist. Additionally, Defendants object to this Request to the extent that it seeks documents that are not in Defendants' possession, custody, control or are equally available to Plaintiff.

Subject to and without waiving the foregoing objections, Defendants direct Plaintiff to its prior productions.

10.    Any and all statements from Plaintiff.

**RESPONSE:** Defendants object to this Request as overly broad and unduly burdensome in its use of the phrase "any and all", which is not reasonably limited in time or scope. Defendants further object to this Request to the extent that it seeks documents that are not in Defendants' possession, custody, control, or that is already in Plaintiff or their counsel's possession or is otherwise equally available to them through more convenient and less burdensome sources. Defendants also object to this Request as prematurely seeking trial exhibits before the applicable deadlines under the Texas Rules of Civil Procedure.

Subject to and without waiving the foregoing objections, as responsive non-objectionable information is discovered, it will be produced. Defendants' further direct Plaintiff to prior productions.

11.    Any and all statements from any Defendant, Defendant's agents or employees relating to the incident in question.

**RESPONSE:** Defendants object to this Request as overly broad and unduly burdensome in its use of the phrase "any and all" and "relating to the incident in question, which are not reasonably limited in time or scope. Defendants further object to this Request because SpaceX had no involvement in the incident in question. Defendants also object to this Request as disproportionate to the needs of this case, particularly given that this Request is not in line with the factors set forth in Rule 192.4 of the Texas Rules of Civil Procedure. Additionally, Defendants object to this Request to the extent it seeks documents or communications protected by the attorney-client privilege, work-product doctrine, any other applicable privilege, or protection, or otherwise seeks for Defendants to create documents that do not exist.

Subject to and without waiving the foregoing objections, Defendants direct Plaintiff to their prior production.

6

12.      Any and all documents related to Defendant Morshedian's employment with Defendant Space Explorations Technologies Corp.

> **RESPONSE:** **Defendants object to this Request as overly broad and unduly burdensome in its use of the phrases "any and all" and "Morshedian's employment", which are not reasonably limited in time or scope. Defendants further object to this Request to the extent it seeks to invade Morshedian's privacy rights. Defendants also object to this Request as disproportionate to the needs of this case, particularly given that this Request is not limited to the incident at issue and is not in line with the factors set forth in Rule 192.4 of the Texas Rules of Civil Procedure. Additionally, Defendants object to this Request to the extent it seeks information that is not relevant to any claims or defenses at issue in this case and/or is harassing. Defendants further object to this Request to the extent it seeks documents or communications protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege, or protection.**

13.      Any and all pictures, drawings, photographs or videotapes in your possession or subject to your control that are relevant and material to this cause of action, including but not limited to those showing the Plaintiff, those showing any of the vehicles, or any part of the vehicles, involved in the collision in question, or those showing the location of such collision.

> **RESPONSE:** **Defendants object to this Request as duplicative of Requests 2, 3, 7, and 8 and incorporates its responses thereto. Defendants also object to this Request as overly broad and unduly burdensome in its use of the phrases "any and all," "any of the vehicles" and "any part of the vehicles", which are not reasonably limited in time or scope. Additionally, Defendants object to this Request to the extent it prematurely seeks the disclosure of expert testimony or trial exhibits before the applicable deadlines as set forth in the Texas Rules of Civil Procedure. Defendants also object to this Request to the extent it seeks documents or communications protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege, or protection.**

14.      Any information relating to any conviction to be used for impeachment purposes against any party, witness, and/or person with knowledge of facts named in discovery information provided to you before trial. Please include the name of the person convicted, the offense for which he or she was convicted, the year of such conviction, the court of such conviction and the sentence involved.

> **RESPONSE:** **Defendants object to the phrase "to be used for impeachment purposes" as a premature demand for trial exhibits and an invasion of the attorney work product doctrine.**

15.      Any written, taped or mechanically reproduced statement heretofore made of Plaintiff, Defendants, and/or Defendants' agents or employees.

7

**RESPONSE:** Defendants object to this Request as vague, overbroad, and unduly burdensome in that it is not limited to the incident at issue in this lawsuit. Defendants further object to this Request as duplicative of Requests 9, 10, and 11 and incorporates its response thereto.

16.    Any records or documentation (medical or non-medical) concerning Defendant Morshedian that would indicate whether Defendant Morshedian was using alcohol and/or drugs (including prescription or nonprescription, legal or illegal drugs) within forty-eight (48) hours prior to the collision in question.

**RESPONSE:** Defendants object to this Request as overly broad and unduly burdensome in its use of the phrase "any records or documentation", which is not reasonably limited in time or scope. Defendants further object to this Request as irrelevant and because it constitutes an unwarranted fishing expedition. *See Texaco, Inc. v. Sanderson*, 898 S.W.2d 813, 815 (Tex. 1995) (noting that fishing expeditions are impermissible). Defendants also object to this Request to the extent it seeks to invade Morshedian's privacy rights and is harassing.

Subject to and without waiving the foregoing objections, none.

17.    Any records or documentation (medical or non-medical) concerning Defendant Morshedian that would indicate that he had alcohol and/or drugs (including prescription or nonprescription, legal or illegal), or metabolites of alcohol and/or drugs (including prescription or nonprescription, legal or illegal) in the bloodstream or urine at the time of or the time following the collision in question.

**RESPONSE:** Defendants object to this Request as overly broad and unduly burdensome in its use of the phrase "any records or documentation", which is not reasonably limited in time or scope. Defendants further object to this Request as irrelevant and because it constitutes an unwarranted fishing expedition. *See Texaco, Inc. v. Sanderson*, 898 S.W.2d 813, 815 (Tex. 1995) (noting that fishing expeditions are impermissible). Defendants also object to this Request to the extent it seeks to invade Morshedian's privacy rights and is harassing.

Subject to and without waiving the foregoing objections, none.

18.    Any records or documentation (medical or non-medical) that would indicate that Defendant Morshedian was a regular user of any illegal substance(s) within one (1) year preceding the collision in question.

**RESPONSE:** Defendants object to this Request as overly broad and unduly burdensome in its use of the phrase "any records or documentation", which is not reasonably limited in time or scope. Defendants further object to this Request as

irrelevant and because it constitutes an unwarranted fishing expedition. *See Texaco, Inc. v. Sanderson*, 898 S.W.2d 813, 815 (Tex. 1995) (noting that fishing expeditions are impermissible). Defendants also object to this Request to the extent it seeks to invade Morshedian's privacy rights and is harassing.

Subject to and without waiving the foregoing objections, none.

19.   A photostatic copy of the front and back of Defendant Morshedian's current driver's license and any commercial license.

RESPONSE: Defendants object to this Request as duplicative of information already in Plaintiff's possession. Defendants further object to this Request to the extent it seeks to invade Morshedian's privacy rights.

Subject to and without waiving the foregoing objections, Defendants direct Plaintiff to Plaintiff's prior production.

20.   Any documentation concerning Defendant Morshedian involving disciplinary actions, demerits, reprimands or incidents indicating less than satisfactory job performance.

RESPONSE: Defendants object that this Request fails to designate a relevant time period, location or employer. Accordingly, Defendants object to this Request as overly broad, unduly burdensome, not reasonably limited in time and disproportionate to the needs of this case, particularly given that this Request is not in line with the factors set forth in Rule 192.4 of the Texas Rules of Civil Procedure. Defendants further object to this Request as irrelevant and because it constitutes an unwarranted fishing expedition. *See Texaco, Inc. v. Sanderson*, 898 S.W.2d 813, 815 (Tex. 1995) (noting that fishing expeditions are impermissible). Defendants also object to this Request to the extent it seeks documents or communications protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege, or protection.

21.   All manuals, instructions, guidelines, directives, or memoranda concerning the performance or execution of the position held by Defendant Morshedian at the time of the collision in question.

RESPONSE: Defendants object to this Request because it is overly broad, unduly burdensome, seeks irrelevant information and is disproportionate to the needs of this case, as "all manuals, instructions, guidelines, directives, or memoranda concerning the performance or execution of the position held by Defendant Morshedian" have no connection to the claims and defenses in this lawsuit. Defendants further object to this Request to the extent it seeks to invade Morshedian's privacy rights and is harassing. Defendants also object to this Request as disproportionate to the needs of

this case, particularly given that this Request is not in line with the factors set forth in Rule 192.4 of the Texas Rules of Civil Procedure.  Additionally, Defendants object to this Request to the extent it seeks documents or communications protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege, or protection.

22. All records, notes, files, memoranda, or other similar documentation indicating an awareness on your part that Defendant Morshedian was an unsafe driver.

**RESPONSE: Defendants object to this Request as overly broad and unduly burdensome in its use of the phrase "all records, notes, files, memoranda, or other similar documentation", which is not reasonably limited in time or scope.  Defendants further object to the phrases "your part" and "indicating an awareness" as vague and undefined. Defendants also object to this Request as disproportionate to the needs of this case, particularly given that driving was not a job duty Morshedian had and that this Request is not in line with the factors set forth in Rule 192.4 of the Texas Rules of Civil Procedure.   Additionally, Defendants object to this Request to the extent it seeks documents or communications protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege, or protection.**

23. All documents relating to reservation of rights or denial of coverage on the part of any insurance carrier for any of the named defendants with respect to this claim.

**RESPONSE: Defendants object to this Request as overly broad and unduly burdensome in its use of the phrase "all documents relating to", which is not reasonably limited in time or scope.  Defendants further object to Plaintiff's use of the term "this claim" as vague and undefined.  Defendants also object to this Request to the extent it seeks documents or communications protected by the attorney-client privilege, work-product doctrine, any other applicable privilege, or protection, or otherwise seeks for Defendants to create documents that do not exist.**

24. Any written, taped, or mechanically reproduced/recorded statement, testimony or videotape of any person named in responsive discovery of any party either as someone with knowledge of relevant facts or as an expert.

**RESPONSE: Defendants object to this Request as vague, overbroad, and unduly burdensome in that it is not related to the incident at issue in this lawsuit. Defendants further object to this Request as duplicative of Requests 9, 10, and 11 and incorporates its response thereto. Defendants also object to this Request as a premature demand for expert disclosures, an invasion of the attorney work product doctrine, and a violation of Texas Rule of Civil Procedure 195.5 to the extent that it seeks documents outside those listed in Rule 195.5(c).**

25. Any reports, memoranda, documents or materials of any type containing information concerning any type of investigation (including, but not limited to obtaining any

10

background, credit or criminal records, photographs, videotapes, or recorded statements; surveillance, following, eavesdropping; or interviewing persons) of Plaintiff or of any persons named in responsive discovery by any party as someone with knowledge of relevant facts or as an expert that was performed by, for, or on behalf of Defendant, its insurer(s), any adjusting company, or any investigator concerning any liability or damages claim of Plaintiff as outlined in Plaintiff's latest original or amended pleadings on file that were prepared before Defendant had a good faith belief to reasonably anticipate a substantial chance that litigation would ensue in this case.

**RESPONSE: Defendants object to this Request as overly broad, unduly burdensome, and disproportionate to the needs of this case, particularly in its use of the phrase "any reports, memoranda, documents or materials of any type" and given that this Request is not in line with the factors set forth in Rule 192.4 of the Texas Rules of Civil Procedure, in that this Request seeks information that is not Relevant to Plaintiff's claims. Defendants also object to this Request to the extent it seeks documents or communications protected by the attorney-client privilege, work-product doctrine, any other applicable privilege, or protection, or otherwise seeks for Defendants to create documents that do not exist.**

26.     Please produce all correspondence, memoranda, statements, tape recordings, transcripts of tape recordings, wire reports, investigation reports, close-out reports, summaries or any other documents, as well as any other tangible things that were prepared by or received by you, your agents, servants, employees, or representatives (including but not limited to insurance carriers, adjusting companies or investigators) before Defendants had a good faith belief to reasonably anticipate a substantial chance that litigation would ensue in this case which reflect the following:

    a.     Whether Plaintiff actually received or did not receive an injury as claimed in the latest original or amended pleadings on file;

    b.     The extent or duration of Plaintiff's claimed physical or mental incapacity/injury, including any restrictions or lack of restrictions;

    c.     Plaintiff's physical or mental condition before or after the collision in question;

    d.     The earning capacity of Plaintiff before or after the collision in question;

    e.     Plaintiff's ability or inability to work before or after the date of the collision in question;

    f.     Any indemnity reserve relating to the claimed injury of Plaintiff;

    g.     Any investigation performed on behalf of Defendants concerning Plaintiff, including but not limited to photographs, recorded statements, videotapes,

background, criminal or credit records checks, surveillance, following, eavesdropping or interviewing persons;

h.   Any advance payments made to Plaintiff;

i.   Evaluations or analyses of the character or personality of Plaintiff, or any person named in responsive discovery of any party as a person with knowledge of relevant facts or as an expert witness, or an assessment of their abilities as a witness;

j.   Evaluations or analyses of Plaintiff and Plaintiff's legal counsel, such as counsel's ability to evaluate settlement, liability, and damages, or counsel's legal experience, skills or expertise;

k.   The settlement or potential judgment of this case;

l.   Any recorded statement (written, verbal or otherwise) of any witness (factual or expert) named in discovery by any party;

m.   Whether some person, party or entity other than Defendants caused or contributed to the occurrence in question.

**RESPONSE:** **Defendants object to this Request as overly broad and unduly burdensome in its use of the phrase "all correspondence, memoranda, statements, tape recordings, transcripts of tape recordings, wire reports, investigation reports, close-out reports, summaries or any other documents, as well as any other tangible things", which is not reasonably limited in time or scope. Defendants further object to this Request as a premature demand for expert disclosures, an invasion of the attorney work product doctrine, and a violation of Texas Rule of Civil Procedure 195.5 to the extent that it seeks documents outside those listed in Rule 195.5(c). Defendants also object to this Request to the extent it seeks documents or communications protected by the attorney-client privilege, work-product doctrine, any other applicable privilege, or protection, or otherwise seeks for Defendants to create documents that do not exist. Additionally, Defendants object to this Request to the extent it seeks the production of information already in Plaintiff's possession or available through another more convenient, less burdensome source. Defendants further object to this Request as an improper contention Request and because it seeks a legal conclusion.**

27.   If you contend that you had a good faith belief to reasonably anticipate that there was a substantial chance that litigation would ensue on behalf of Plaintiff prior to the date you received notice of this lawsuit, please produce all correspondence, memoranda, statements, tape recordings, transcripts of tape recordings, wire reports, investigation reports, close-out reports, summaries or any other documents, as well as any other tangible things that you

contend showed an outward manifestation that would indicate that there was a substantial chance that litigation would ensue.

**RESPONSE:** **Defendants object to this Request as overly broad and unduly burdensome in its use of the phrase "all correspondence, memoranda, statements, tape recordings, transcripts of tape recordings, wire reports, investigation reports, close-out reports, summaries or any other documents, as well as any other tangible things", which is not reasonably limited in time or scope. Defendants also object to this Request to the extent it seeks documents or communications protected by the attorney-client privilege, work-product doctrine, any other applicable privilege, or protection, or otherwise seeks for Defendants to create documents that do not exist. Defendants further object to this Request as an improper contention Request and because it seeks a legal conclusion.**

28.   Any reports, memoranda, documents or materials of any type which specifically indicate a date or occurrence on which you rely for any contention that you had a good faith belief to reasonably anticipate that there was a substantial chance that litigation would ensue concerning any injury or damages claimed on behalf of Plaintiff.

**RESPONSE:**   **Defendants object to this Request as overly broad and unduly burdensome in its use of the phrase "any reports, memoranda, documents or materials of any type", which is not reasonably limited in time or scope. Defendants also object to this Request to the extent it seeks documents or communications protected by the attorney-client privilege, work-product doctrine, any other applicable privilege, or protection, or otherwise seeks for Defendants to create documents that do not exist. Defendants further object to this Request as an improper contention Request and because it seeks a legal conclusion.**

29.   Any insurance policies that provide, or may provide, coverage for the collision in question.

**RESPONSE:** **Defendants object to this Request as overly broad, unduly burdensome, and disproportionate to the needs of this case, particularly given that this Request is not in line with the factors set forth in Rule 192.4 of the Texas Rules of Civil Procedure. Defendants further object to this Request to the extent it calls for a legal conclusion.**

**Subject to and without waiving the foregoing objections, Defendants direct Plaintiffs to the prior production.**

30.   Any reservation of rights letters or non-waiver agreements.

**RESPONSE:** **Defendants object to this Request as overly broad, unduly burdensome, and disproportionate to the needs of this case, particularly given that this Request is not limited to the incident at issue and is not in line with the factors set forth in Rule**

192.4 of the Texas Rules of Civil Procedure. As stated, this request seeks all reservation of rights letters or non-waiver agreements of Defendants even those unrelated to any claims or defenses at issue in the above-captioned lawsuit. Accordingly, Defendants object to this Request as irrelevant and because it constitutes an unwarranted fishing expedition. *See Texaco, Inc. v. Sanderson*, 898 S.W.2d 813, 815 (Tex. 1995) (noting that fishing expeditions are impermissible). Defendants also object to this Request to the extent it seeks documents or communications protected by the attorney-client privilege, work-product doctrine, any other applicable privilege, or protection, or otherwise seeks for Defendants to create documents that do not exist.

31.  Any cell phone bills that would show whether or not Defendant Morshedian was using a cell phone on the date of the wreck. This request includes, but is not limited to, cell phone bills for the day of the wreck.

     **RESPONSE:** Defendants object to this Request as overly broad and unduly burdensome in its use of the phrases "any cell phone bill" and "cell phone bills for the day of the wreck", which are not reasonably limited in time or scope. Defendants further object to this Request as irrelevant and because it constitutes an unwarranted fishing expedition. *See Texaco, Inc. v. Sanderson*, 898 S.W.2d 813, 815 (Tex. 1995) (noting that fishing expeditions are impermissible). Defendants also object to this Request to the extent it seeks to invade Morshedian's privacy rights and is harassing. Additionally, Defendants object to this Request as disproportionate to the needs of this case, particularly given that this Request is not limited to the time of the incident at issue and is not in line with the factors set forth in Rule 192.4 of the Texas Rules of Civil Procedure.

32.  Provide all GPS and other electronic data and records, including but not limited to all Qualcomm Satellite Communication tracking information showing the location of the vehicle in the incident at issue in this lawsuit for the period starting 10 days before the wreck and ending 10 days after the wreck.

     **RESPONSE:** Defendants object to this Request as overly broad and unduly burdensome in its use of the phrase "all GPS and other electronic data and records", which is not reasonably limited in time or scope. Defendants further object to this Request as irrelevant and because it constitutes an unwarranted fishing expedition. *See Texaco, Inc. v. Sanderson*, 898 S.W.2d 813, 815 (Tex. 1995) (noting that fishing expeditions are impermissible). Defendants also object to this Request as disproportionate to the needs of this case, particularly given that this Request is not limited to the time of the incident at issue and is not in line with the factors set forth in Rule 192.4 of the Texas Rules of Civil Procedure. Additionally, Defendants object to this Request because Morshedian was not driving in the course and scope of his employment with SpaceX. Defendants further object to the use of the terms "GPS" and "Qualcomm Satellite Communication" as vague and undefined.

33.     All expense receipts and reports submitted by Defendant Perez for the period starting 10 days before the wreck and ending 10 days after the wreck.

     **RESPONSE:  Defendants object to this Request as wholly irrelevant.  Plaintiff did not name a "Defendant Perez" as a defendant in this this lawsuit. Defendants further object to the use of the term "the wreck" as vague and undefined.**

34.     All incident reports generated by defendants regarding the collision at issue in this lawsuit.

     **RESPONSE:  Defendants object to this Request as overly broad and unduly burdensome in its use of the phrases "all incident reports".  Defendants further object to this Request to the extent it seeks documents or communications protected by the attorney-client privilege, work-product doctrine, any other applicable privilege, or protection, or otherwise seeks for Defendants to create documents that do not exist. Defendants further object to this Request as an improper contention Request and because it seeks a legal conclusion.  Defendants also object to the term "incident report" as vague and undefined.**

35.     Defendant Space Exploration Technologies Corp's complete employee file for Defendant Morshedian.

     **RESPONSE:  Defendants objects to this Request as irrelevant and because it constitutes an unwarranted fishing expedition.  *See Texaco, Inc. v. Sanderson*, 898 S.W.2d 813, 815 (Tex. 1995) (noting that fishing expeditions are impermissible). Defendants further object to the phrase "complete employee file" as vague, overbroad, irrelevant to the claims and defenses in this case, and disproportionate to the needs of this case, particularly given that this Request is not in line with the factors set forth in Rule 192.4 of the Texas Rules of Civil Procedure.  Defendants also objects to this Request to the extent it seeks to invade Morshedian's privacy rights and is therefore harassing.  Additionally, Defendants object to this Request to the extent it seeks documents or communications protected by the attorney-client privilege, work-product doctrine, any other applicable privilege, or protection, or otherwise seeks for Defendants to create documents that do not exist.  Defendants further object to this Request because Morshedian was not driving in the course and scope of his employment with SpaceX.**

36.     All personnel files, accident files, and other files and documents that Defendant Space Exploration Technologies Corp, maintains or possesses regarding Defendant Morshedian.

     **RESPONSE:  Defendants objects to this Request as irrelevant and because it constitutes an unwarranted fishing expedition.  *See Texaco, Inc. v. Sanderson*, 898 S.W.2d 813, 815 (Tex. 1995) (noting that fishing expeditions are impermissible).**

Defendants further object to the phrase "personnel files, accident files, and other files and documents" as vague, overbroad, not reasonably limited in time and scope, irrelevant to the claims and defenses in this case, and disproportionate to the needs of this case, particularly given that this Request is not in line with the factors set forth in Rule 192.4 of the Texas Rules of Civil Procedure. Defendants further object to this Request as duplicative of Request No. 35.

Subject to and without waiving the foregoing objections, Defendants direct Plaintiff to their response to Request No. 35.

37.   All documents and data that shows the speed, location, ignition status, brake status, acceleration, deceleration, sudden stops, and other information regarding any vehicle operated by Defendant Morshedian during the period starting 10 days before the wreck and ending 10 days after the wreck. The scope of this request includes, but is not limited to, "black box" data, crash data recorders, OmniTRACS data, Qualcomm data, GPS data, XATA data, JETT-Track, DriveOk, FleetMatics, Fleet Management Solutions, Fleetilla, Shadow Tracker, Trimble, and any other data source.

RESPONSE: Defendants object to this Request as overly broad and unduly burdensome in its use of the phrase "All documents and data that shows the speed, location, ignition status, brake status, acceleration, deceleration, sudden stops, and other information regarding any vehicle operated by Defendant Morshedian", which is not reasonably limited in time or scope. Defendants further object to this Request as irrelevant and because it constitutes an unwarranted fishing expedition. *See Texaco, Inc. v. Sanderson*, 898 S.W.2d 813, 815 (Tex. 1995) (noting that fishing expeditions are impermissible). Defendants also object to this Request as disproportionate to the needs of this case, particularly given that this Request is not limited to the time of the incident at issue and is not in line with the factors set forth in Rule 192.4 of the Texas Rules of Civil Procedure. Additionally, Defendants object to this Request because Morshedian was not driving in the course and scope of his employment with SpaceX. Defendants further object to the use of the following terms as vague and undefined: "black box" data, crash data recorders, OmniTRACS data, Qualcomm data, GPS data, XATA data, JETT-Track, DriveOk, FleetMatics, Fleet Management Solutions, Fleetilla, Shadow Tracker, Trimble." Defendants also object to this Request to the extent it seeks documents or communications protected by the attorney-client privilege, work-product doctrine, any other applicable privilege, or protection, or otherwise seeks for Defendants to create documents that do not exist.

38.   A complete copy of the accident register for Defendant Space Exploration Technologies Corp.

RESPONSE: Defendants object to the phrase "accident register" as vague and undefined. Defendants further object to this Request because it is overly broad, unduly burdensome, seeks irrelevant information and is disproportionate to the needs of this case, particularly given that this Request seeks information about accidents

other than the incident at issue in this lawsuit, and other accidents have no connection to the claims and defenses in this lawsuit. Tex. R. Civ. P. 192.4. Additionally, Defendants objects to this Request because it constitutes an unwarranted fishing expedition. *See Texaco, Inc. v. Sanderson*, 898 S.W.2d 813, 815 (Tex. 1995) (noting that fishing expeditions are impermissible). Defendants also object to this Request to the extent it seeks documents or communications protected by the attorney-client privilege, work-product doctrine, any other applicable privilege, or protection, or otherwise seeks for Defendants to create documents that do not exist.

39.   All safety performance history records regarding Defendant Morshedian.

**RESPONSE:** Defendants object to this Request as irrelevant and because it constitutes an unwarranted fishing expedition. *See Texaco, Inc. v. Sanderson*, 898 S.W.2d 813, 815 (Tex. 1995) (noting that fishing expeditions are impermissible). Defendants further object to the phrase "all safety performance history records" as vague, overbroad, irrelevant to the claims and defenses in this case, and disproportionate to the needs of this case, particularly given that this Request is not in line with the factors set forth in Rule 192.4 of the Texas Rules of Civil Procedure. Defendants also objects to this Request to the extent it seeks to invade Morshedian's privacy rights and is therefore harassing. Additionally, Defendants object to this Request to the extent it seeks documents or communications protected by the attorney-client privilege, work-product doctrine, any other applicable privilege, or protection, or otherwise seeks for Defendants to create documents that do not exist. Defendants further object to this Request because Morshedian was not driving in the course and scope of his employment with SpaceX. Defendants also object to this Request as duplicative of Requests 35 and 36.

40.   All driver's vehicle inspection reports completed by Defendant Morshedian for the period starting 30 days before the wreck and ending 14 days after the wreck.

**RESPONSE:** Defendants object to this Request as irrelevant and because it constitutes an unwarranted fishing expedition. *See Texaco, Inc. v. Sanderson*, 898 S.W.2d 813, 815 (Tex. 1995) (noting that fishing expeditions are impermissible). Defendants further object to the phrase "all driver vehicle inspection reports completed by Defendant Morshedian" as vague, overbroad, not reasonably limited in time or scope, irrelevant to the claims and defenses in this case, and disproportionate to the needs of this case, particularly given that this Request is not in line with the factors set forth in Rule 192.4 of the Texas Rules of Civil Procedure. Additionally, Defendants object to this Request to the extent it seeks documents or communications protected by the attorney-client privilege, work-product doctrine, any other applicable privilege, or protection, or otherwise seeks for Defendants to create documents that do not exist. Defendants also object to this Request because Morshedian was not driving in the course and scope of his employment with SpaceX.

41.   All pre-trip check lists completed by Defendant Morshedian for the period starting 30 days before the wreck and ending 14 days after the wreck.

**RESPONSE:** Defendants object to this Request as irrelevant and because it constitutes an unwarranted fishing expedition. *See Texaco, Inc. v. Sanderson*, 898 S.W.2d 813, 815 (Tex. 1995) (noting that fishing expeditions are impermissible). Defendants further object to the phrase "all pre-trip check lists completed by Defendant Morshedian" as vague, overbroad, not reasonably limited in time or scope, irrelevant to the claims and defenses in this case, and disproportionate to the needs of this case, particularly given that this Request is not in line with the factors set forth in Rule 192.4 of the Texas Rules of Civil Procedure. Additionally, Defendants object to this Request to the extent it seeks documents or communications protected by the attorney-client privilege, work-product doctrine, any other applicable privilege, or protection, or otherwise seeks for Defendants to create documents that do not exist. Defendants also object to this Request because Morshedian was not driving in the course and scope of his employment with SpaceX.

Subject to and without waiving the foregoing objections, none.

42.     The vehicle accident kit issued to Defendant Morshedian.

**RESPONSE:** Defendants object to this Request as vague and ambiguous, particularly given that the term "vehicle accident kit" is undefined. Defendants further object to this Request as overbroad in that this Request is not limited to the incident at issue in this lawsuit. Additionally, Defendants object to this Request to the extent it seeks documents or communications protected by the attorney-client privilege, work-product doctrine, any other applicable privilege, or protection, or otherwise seeks for Defendants to create documents that do not exist. Defendants also object to this Request because Morshedian was not driving in the course and scope of his employment with SpaceX.

43.     An exemplar blank vehicle accident kit used by Defendant Space Exploration Technologies Corp.

**RESPONSE:** Defendants object to this Request as vague and ambiguous, particularly given that the term "blank vehicle accident kit" is undefined. Defendants further object to this Request as irrelevant and because it constitutes an unwarranted fishing expedition. *See Texaco, Inc. v. Sanderson*, 898 S.W.2d 813, 815 (Tex. 1995) (noting that fishing expeditions are impermissible). Defendants further object to this Request as overbroad, not reasonably limited in time or scope, unduly burdensome, and disproportionate to the needs of this case, particularly given that this Request is not in line with the factors set forth in Rule 192.4 of the Texas Rules of Civil Procedure. Additionally, Defendants object to this Request to the extent it seeks documents or communications protected by the attorney-client privilege, work-product doctrine, any other applicable privilege, or protection, or otherwise seeks for Defendants to create documents that do not exist. Defendants also object to this Request because Morshedian was not driving in the course and scope of his employment with SpaceX.

44.     All dispatch and trip reports regarding any vehicle operated by Defendant Morshedian for the period starting 30 days before the wreck and ending 10 days after the wreck.

**RESPONSE: Defendants object to this Request as irrelevant and because it constitutes an unwarranted fishing expedition.** *See Texaco, Inc. v. Sanderson*, **898 S.W.2d 813, 815 (Tex. 1995) (noting that fishing expeditions are impermissible). Defendants further object to the phrase "all dispatch and trip reports regarding any vehicle operated by Defendant Morshedian" as vague, overbroad, not reasonably limited in time or scope, irrelevant to the claims and defenses in this case, and disproportionate to the needs of this case, particularly given that this Request is not in line with the factors set forth in Rule 192.4 of the Texas Rules of Civil Procedure. Additionally, Defendants object to this Request to the extent it seeks documents or communications protected by the attorney-client privilege, work-product doctrine, any other applicable privilege, or protection, or otherwise seeks for Defendants to create documents that do not exist. Defendants also object to this Request because Morshedian was not driving in the course and scope of his employment with SpaceX.**

**Subject to and without waiving the foregoing objections, none.**

45.     All claim files and investigations done prior to the date on which Defendant Space Exploration Technologies Corp., was served with this lawsuit.

**RESPONSE: Defendants object to this Request as overly broad, unduly burdensome, and disproportionate to the needs of this case, particularly given that this Request is not limited to the incident at issue in this lawsuit and is not in line with the factors set forth in Rule 192.4 of the Texas Rules of Civil Procedure in that it is not limited to the above-captioned lawsuit. Defendants further object to this Request to the extent it seeks documents or communications protected by the attorney-client privilege, work-product doctrine, any other applicable privilege, or protection, or otherwise seeks for Defendants to create documents that do not exist. Defendants also object to this Request as irrelevant and because it constitutes an unwarranted fishing expedition.** *See Texaco, Inc. v. Sanderson*, **898 S.W.2d 813, 815 (Tex. 1995) (noting that fishing expeditions are impermissible).**

46.     All data, reports, and other information generated by, or stored in, Kellerscan, Log Check, Scanware, PC Driver, and any other computer software program regarding Defendant Morshedian and his trip movements.

**RESPONSE: Defendants object to this Request as overly broad and unduly burdensome in its use of the phrase "all data, reports, and other information generated by, or stored in, Kellerscan, Log Check, Scanware, PC Driver, and any other computer software program", which is not reasonably limited in time or scope. Defendants further object to this Request as irrelevant and because it constitutes an unwarranted fishing expedition.** *See Texaco, Inc. v. Sanderson*, **898 S.W.2d 813, 815 (Tex. 1995) (noting that fishing expeditions are impermissible).  Defendants also**

19

object to this Request as disproportionate to the needs of this case, particularly given that this Request is not limited to the time of the incident at issue and is not in line with the factors set forth in Rule 192.4 of the Texas Rules of Civil Procedure. Additionally, Defendants object to this Request because Morshedian was not driving in the course and scope of his employment with SpaceX.  Defendants further object to the use of the following terms as vague and undefined: "Kellerscan, Log Check, Scanware, PC Driver" and "trip movements".  Defendants also object to this Request to the extent it seeks documents or communications protected by the attorney-client privilege, work-product doctrine, any other applicable privilege, or protection, or otherwise seeks for Defendants to create documents that do not exist.

47.     A copy of all documents relating to Defendant Morshedian's usage of his personal and/or his work cellular phone (including voice calls **and** text messages) for the 6-month period prior to the subject collision (which occurred on June 11, 2021) and ending 30 days after the wreck. In responding to this request, a print-out from the cell phone provider's webpage is sufficient.

**RESPONSE:** Defendants object to this Request as overly broad and unduly burdensome in its use of the phrase "all documents relating to", which is not reasonably limited in time or scope.  Defendants further object to this Request as irrelevant and because it constitutes an unwarranted fishing expedition. *See Texaco, Inc. v. Sanderson*, 898 S.W.2d 813, 815 (Tex. 1995) (noting that fishing expeditions are impermissible).  Defendants also object to this Request as disproportionate to the needs of this case as it is not limited to the time of the incident at issue in this lawsuit. Additionally, Defendants object to this Request as duplicative of Request No. 31 and incorporates its response thereto.

**Subject to and without waiving the foregoing objections, Defendants direct Plaintiff to their answer to Request No. 31.**

48.     A copy of all cellular phone bills for the billing cycle for the 6-month period prior to the subject collision (which occurred on June 11, 2021) and ending 30 days after the wreck) for cellular phones, iPads, tablets, or other mobile devices present in the subject motor vehicle that Defendant Morshedian drove on June 11, 2021. In responding to this request, a print-out from the device's webpage is sufficient.

**RESPONSE:** Defendants object to this Request as overly broad and unduly burdensome in its use of the phrase "all cellular phone bills", which is not reasonably limited in time or scope.  Defendants further object to this Request as irrelevant and because it constitutes an unwarranted fishing expedition.  *See Texaco, Inc. v. Sanderson*, 898 S.W.2d 813, 815 (Tex. 1995) (noting that fishing expeditions are impermissible).  Defendants also object to this Request as disproportionate to the needs of this case as it is not limited to the time of the incident at issue in this lawsuit. Additionally, Defendants object to this Request as duplicative of Request No. 31 and incorporates its response thereto.

**Subject to and without waiving the foregoing objections, Defendants direct Plaintiff to their answer to Request No. 31.**

49.  All billing records and monthly statements for any phone number, device, or calling card provided by your company to Defendant Morshedian for the one year prior to the subject collision (which occurred on June 11, 2021).

**RESPONSE:** Defendants object to this Request as overly broad and unduly burdensome in its use of the phrase "all billing records and monthly statements for any phone number device or calling card", which is not reasonably limited in time or scope. Defendants further object to this Request as irrelevant and because it constitutes an unwarranted fishing expedition. *See Texaco, Inc. v. Sanderson*, 898 S.W.2d 813, 815 (Tex. 1995) (noting that fishing expeditions are impermissible). Defendants also object to this Request as disproportionate to the needs of this case as it is not limited to the time of the incident at issue in this lawsuit. Additionally, Defendants object to this Request as duplicative of Request No. 31 and incorporates its response thereto.

**Subject to and without waiving the foregoing objections, Defendants direct Plaintiff to their answer to Request No. 31.**

50.  Produce any and all records from the tachograph or other on-board recording or GPS device or a satellite location device, such as like QualComm, for the one year prior to the subject collision (which occurred on June 11, 2021), which was in the motor vehicle driven by Defendant Morshedian on June 11, 2021.

**RESPONSE:** Defendants object to this Request as overly broad and unduly burdensome in its use of the phrase "any and all records from the tachograph or other on-board recording or GPS device or a satellite location device,", which is not reasonably limited in time or scope. Defendants further object to this Request as irrelevant and because it constitutes an unwarranted fishing expedition. *See Texaco, Inc. v. Sanderson*, 898 S.W.2d 813, 815 (Tex. 1995) (noting that fishing expeditions are impermissible). Defendants also object to this Request as disproportionate to the needs of this case, particularly given that this Request is not limited to the time of the incident at issue and is not in line with the factors set forth in Rule 192.4 of the Texas Rules of Civil Procedure. Additionally, Defendants object to this Request because Morshedian was not driving in the course and scope of his employment with SpaceX. Defendants further object to the use of the term "QualComm" as vague and undefined. Defendants also object to this Request to the extent it seeks documents or communications protected by the attorney-client privilege, work-product doctrine, any other applicable privilege, or protection, or otherwise seeks for Defendants to create documents that do not exist.

51.  A print-out of Defendant Morshedian's company-issued cell phone provider's webpage evidencing his *cell phone number* on June 11, 2021.

**RESPONSE:** Defendants object to this Request as seeking information duplicative of other Requests, including without limitation, Request Nos. 31,  47, 48, and 49.

Subject to and without waiving the foregoing objection, Defendants directs Plaintiff's attention to and incorporates by reference its Responses to those Requests as if fully set forth herein.

52.     A print-out of Defendant Morshedian's personal cell phone provider's webpage evidencing his *cell phone provider* on June 11, 2021.

**RESPONSE:** Defendants object to this Request as seeking information duplicative of other Requests, including without limitation, Request Nos. 31,  47, 48, and 49.

Subject to and without waiving the foregoing objection, Defendants directs Plaintiff's attention to and incorporates by reference its Responses to those Requests as if fully set forth herein.