**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| HUGO MEDELLIN | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 1:22-CV-084 |
| | § | |
| SPACE EXPLORATION | § | |
| TECHNOLOGIES, CORP., et. al., | § | |
| Defendants. | § | |

**PLAINTIFF'S OPPOSED MOTION TO EXCLUDE THE OPINION TESTIMONY AND REPORT OF ELIZABETH MICHELLE ADDISON**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Hugo Medellin, hereinafter referred to as "Plaintiff" in the above-styled cause, and files this Opposed Motion to Exclude the Opinion Testimony and Report of Elizabeth Michelle Addison as to Cost of Services. In support thereof, Plaintiff respectfully shows as follows:

**I.    SUMMARY OF ARGUMENT**

Elizabeth Michelle Addison, hereinafter referred to as "Addison", a certified coding professional, authored 5 separate reports to challenge the reasonableness of each medical provider who rendered treatment to Plaintiff following the collision in question. *See* Expert Cost and Billing Analysis of Addison, CPC, hereinafter referred to as Exhibit A.

Addison offers an opinion that Plaintiff Medellin's charges for treatment he received to his lower back and/or lumbar spine exceed what would be considered the usual, customary, and reasonable amounts for the services provided, the dates of service, and for the geographic region where the records indicate that the services were rendered.

However, Addison fails to show that her expert opinion on Plaintiff's billed charges is reliable, because she fails to offer a reliable methodology to support her conclusion. *See* Fed. R. Evid. 702; *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589 (1993). Moreover, there is nothing to show that her methodology has been subjected to any type of peer review. Finally, Addison's opinion should be excluded because she has not demonstrated that she is qualified in the field at issue—reasonable charges in the Rio Grande Valley. Accordingly, her opinions on Plaintiff's medical bills should be excluded.

*Counsel for Plaintiff conferred with defense counsel on June 27, 2023, and was notified that this motion is opposed.*

## II.   BACKGROUND

This case arises out of a motor vehicle collision that occurred on June 11, 2021, in Brownsville, Cameron County, Texas, when Defendant Arion Morshedian (hereinafter referred to as "Morshedian"), who was operating a vehicle owned by his employer, Defendant Space Explorations Technologies Corp., hereinafter referred to as " SpaceX", collided into Plaintiff's vehicle by failing to keep a proper lookout, maintain a proper following distance, pay attention to traffic conditions and controlling the speed of his vehicle. As a result of the subject collision, Plaintiff sustained injuries to his lower back.

To present evidence to support the necessity and reasonableness of charges for his treatments, Plaintiff submitted affidavits and reports from his health care providers substantiating them as necessary and their bills as representing reasonable charges.

To challenge these billed charges, Defendants hired Addison to provide her opinions disputing their reasonableness. *See* Exhibit A. Addison makes clear that she utilizes two-separate third-party sources or databases in reaching her opinions—Context 4Healthcare and Find-A-Code.

However, with at least with respect to Context 4Healthcare, hereinafter referred to as "Context 4", Addison is unable to detail or describe the methodology utilized by Context 4 in developing said database. *See* Exhibit A at 7, 31, 51, 70, and 86.  As to Find-A-Code, she states the US Department of Veterans Administration methodology is utilized while also setting forth what is typically allowed by Medicare. *See* Id. at 8, 32, 52, 71, and 87.  Notwithstanding, any testimony provided at the time of trial related to veteran benefits or what is typically paid by the US Department of Veterans Administration for similar services and Medicare reimbursement would run afoul of the collateral source rule.[1] In addition, there is nothing in her report to show that her own methodology has been subjected to any type of peer review.  Because she cannot describe the methodology utilized by these third-party sources and unable to avoid testifying about collateral sources, Addison should be excluded from testifying in this case.

---

[1] Plaintiff is not a recipient of any of these types of benefits—Medicare and US Dept of Veteran Administration related benefits.

With regard to her qualifications, it is not clear whether Addison holds a 4-year college degree. *See* Exhibit A at 15-17. There is nothing to show that she has ever developed a charge master for many of the same or similar facilities where Plaintiff was treated. *Id*. Finally, Addison has never held ownership in any type of medical facilities. *Id*. Thus, Addison failed to establish that she is even qualified to opine as to the reasonableness of Plaintiff's medical charges.

### III.     ARGUMENT

    A.     ***Only qualified experts offering reliable opinions can offer admissible testimony.***

Rule 702 of the Federal Rules of Evidence governs the admissibility of expert testimony and reports, requiring the witness to be "qualified as an expert by knowledge, skill, experience, training, or education" to testify in the form of an opinion as long as the testimony is "based on sufficient facts or data" and "is the product of reliable principles and methods," reliably applied. FED. R. EVID. 702. To be admitted, expert testimony must be both relevant and reliable. *Puga v. RCX Solutions, Inc.*, 922 F.3d 285, 293 (5th Cir. 2019) (citing *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589 (1993)); *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 243-44 (5th Cir. 2002). "To be reliable, expert testimony must be grounded in the methods and procedures of science and be more than unsupported speculation or subjective belief." *Id*. (internal marks omitted). "The expert's assurances that he has utilized generally accepted scientific methodology is insufficient." *Moore v. Ashland Chem. Inc.*, 151 F.3d 269, 276 (5th Cir. 1998) (en banc). The party seeking admission of expert testimony bears the burden to show that the testimony is reliable by a preponderance of the evidence. *Id*.

The district court's role is to act as a gatekeeper of the expert testimony. *Graham v. Dallas Area Rapid Transit*, 288 F. Supp. 3d 711, 729 (N.D. Tex. 2017) (citing *Daubert*, 509 U.S. at 592-93, *Carlson v. Bioremedi Therapeutic Sys., Inc.*, 822 F.3d 194, 199 (5th Cir. 2016), and *In re Air Crash Disaster at New Orleans, La.*, 795 F.2d 1230, 1233 (5th Cir. 1986)). In addition to qualification, the court should conduct a two-part inquiry as part of its gatekeeping role in admitting expert testimony. *Collins v. Benton*, No. CV 18-7465, 2020 WL 3618984, at *4 (E.D. La. July 2, 2020) (discussing *Daubert*'s requirements). First, the court assesses whether the expert testimony is reliable by reviewing whether the expert's underlying reasoning or methodology is valid. *Id*. (citing *Daubert*, 509 U.S. at 589). "The aim is to exclude expert testimony based merely on subjective belief or unsupported speculation." *Id*. Second, the court determines whether the expert's reasoning or methodology "fits" the facts of the case and will aid the trier of fact in

understanding the evidence. *Id*. (citing Fed. R. Evid. 702). This is the relevance prong of the test. *See id*.

  B. ***Addison's opinions are not reliable.***

In her reports, Addison makes clear that she is relying upon other third-party sources in reaching her conclusions concerning a usual customary reasonable, "UCR" charge. *See* Exhibit A at 6-10, 30-34, 50-54, 69-73, and 85-89. However, she is either unable to set forth the methodology in the case of Context 4 or runs afoul of the collateral source rule with respect to Find-A-Code rendering her prospective testimony unreliable.

    1. Context 4

Without being able to discuss a methodology or how Context 4 came up with what she deems to be a UCR charge, her testimony would fail to assist the trier of fact. With respect to Context 4, the jury should be allowed to consider what methodologies were utilized by this source and whether a sound foundation exists for those methodologies. It is not enough for Addison to state that she is relying upon a database without having any knowledge of the methodologies utilized in creating those databases. Pursuant to *Daubert*, Addison must set forth a reliable methodology for the Court to consider and cannot simply state that the methodology utilized by a third-party source is proprietary.

    2. Find-A-Code

With respect to Find-A-Code, Addison's testimony will involve discussion of US Department of Veterans Administration benefits and Medicare reimbursement rates or allowables. This would be nothing more than an attempt to backdoor a violation of the collateral source by attempting to introduce testimony about what a "reimbursement" would be for a person who WAS insured through Medicare, Medicaid, or recipient of VA benefits. Permitting information concerning any collateral source is in contravention of the collateral source rule, and will unfairly and irreparably prejudice Plaintiff and confuse the jury. Even sustaining objections to such questions, testimony, or documents will not prevent prejudice, but will reinforce the development of questionable evidence.

  The judicially created "collateral source rule" is both a rule of evidence as well as a rule of damages. Taylor v. American Fabritech, Inc., 132 S.W.3d 613 (Tex. App. - Houston [14th Dist.] 2004). As a rule of evidence, it precludes the introduction of evidence that some of the plaintiff's damages have been paid by a collateral source. The rationale for such a rule is much like the

reasons supporting Texas Rules of Evidence 411 precluding introduction of liability insurance evidence: Whether a party has received or will receive the protection of insurance is not relevant under most circumstances.

Collateral sources include benefits from entities other than the tortfeasor such as the following:

> Insurance benefits. Brown v. American transfer& Storage Co., 601 S.W.2d 931 (Tex. 1980).
>
> Fringe benefits. McLemore v. Broussard, 670 S.W.2d 301 (Tex. App. - Houston [1st Dist.] 1983).
>
> Gratuitous services. Oil Country Haulers, Inc. v. Griffin, 668 S.W.2d 903 (Tex. App. - Houston [14th Dist.] 1984). State provided services free of charge. Hall v. Birchfield, 718 S.W.2d 313 (Tex. App. - Texarkana 1986).
>
> Voluntary payment of wages by employer. Houston Belt & Terminal Ry v. Johansen, 179 S.W. 853 (Tex. 1915).
>
> VA income and care benefits. Montandon v Colehour, 469 S.W.2d 222 (Tex. Civ. App. - Fort Worth 1971).
>
> VA disability benefits. Gainer v. Walker, 377 S.W.2d 613 (Tex. 1964).
>
> Social Security benefits. Tex. Gen. Indem. Co. v. Hamilton, 420 S.W.2d 735 (Tex. Civ. App. - San Antonio 1967); Traitors &
>
> General Ins. Co. v. Reed, 376 S.W.2d 591 (Tex. Civ. App. - Corpus Christi 1964).
>
> Medicaid benefits. Martinez v. Vela, 2000 WL 12968 (Tex. App. - Austin 2000) (unpublished).
>
> Medicare benefits. Wong v. Graham, 2001 WL 123932 (Tex. App. - Austin 2001) (unpublished).
>
> Medical insurance. Lee-Wright, Inc. v. Hall, 840 S.W.2d 572 (Tex. App. - Houston [1st Dist.] 1992).
>
> Worker's compensation benefits. Lee-Wright, Inc. v. Hall, 840 S.W.2d 572 (Tex. App. - Houston [1st Dist.] 1992).

---

As a rule of damages, the collateral source rule precludes the defendants from offsetting the judgment against any receipt of collateral sources by the plaintiff. The rule's application to offsets comes from Restatement of Torts (Second) §920A which states, "[p]ayments made to or benefits conferred on the injured party from other sources are not credited against the tortfeasor's liability, although they cover all or a part of the harm for which the tortfeasor is liable."

Based on her report, it appears Addison will testify when discussing the Find-A-Code database what a "reimbursement" or allowable "would have been" IF, the Plaintiff was a VA benefits recipient, or had Medicare or Medicaid coverage. *See* Exhibit A at 8-10, 19-24, 32-34, 42-43, 52-54, 62, 71-73, 79, 87-89, 100-101. The defense. through their experts, should be prohibited from comparing what a "reimbursement" under Medicaid, Medicare, or VA benefits would be compared to the Plaintiff's medical expenses. Comparing "reimbursement" rates of collateral sources to a medical patient's billing records who does not have access or otherwise utilized those collateral sources is improper and violates the well-established case law on collateral source rules. The collateral source rule precludes a tortfeasor from obtaining the benefit of payment conferred upon the injured parties from sources other than the tortfeasor. RESTATEMENT (SECOND) OF TORTS § 920A.

The theory behind the collateral source rule is that a wrongdoer should not have the benefit of insurance independently procured by the injured party, and to which the wrongdoer was not privy. Brown v. American Transfer & Storage Co., 601 S.W.2d 931 (Tex.1980), cert. denied, 449 U.S. 1015, 101 S.Ct. 575, 66 L.Ed.2d 474 (1980). The collateral source rule reflects "the position of the law that a benefit that is directed to the injured party should not be shifted so as to become a windfall for the tortfeasor". RESTATEMENT (SECOND) OF TORTS § 920A. Allowing the defense to argue that "if" the Plaintiff had Medicare, Medicaid or Workman's compensation insurance, then the pricing for "medical treatment" would be "X" instead of "Y", when the Plaintiff in fact has not utilized his health insurance is a backdoor way of introducing otherwise prohibited collateral source testimony. Even if such benefits had been extended to Plaintiff, it would be improper to mention a collateral source to the jury.

Moreover, the injection of collateral source evidence into the trial would essentially create a "trial within a trial," as both parties would be forced to present testimony concerning medical expenses, health care benefit plans, group plan discount rates, and/or subrogation rights. This

would be unfairly prejudicial to the Plaintiff, would constitute a waste of time, and would confuse the jury.

Thus, because Addison's testimony concerning Find-A-Code will ultimately lead to the discussion of other collateral sources, she should be prohibited from discussing this particular methodology. Without being able to detail a methodology her testimony will fail to assist and ultimately create confusion for the jury. Thus, the Court should limit her testimony in this regard.

Finally, the Court, in examining Addison's methodology should consider whether Addison's work has ever been subjected to peer review and/or her publications. Based upon her report and curriculum vitae, there is nothing to suggest that Addison's particular method of utilizing Context 4 or Find-A-Code has ever withstood any type of scrutiny. It appears her method ultimately amounts to inputting data into a database and recording the results. In fact, there is nothing to disprove whether Addison utilizes these particular sources to confirm her defense-minded bias as she has been a Juris Medicus employee for the last 3-years. *See* Exhibit A at 15-18. Based on the highlighted concerns, the Court should deem Addison's testimony unreliable and prohibit her prospective testimony.

C. ***Addison is not qualified to challenge charges from Plaintiff's medical providers.***

Finally, Addison has failed to offer evidence that she is qualified to challenge Plaintiff's medical bills. "A district court should refuse to allow an expert witness to testify if it finds that the witness is not qualified to testify in a particular field or on a given subject." *Pharr v. Wille*, No. 1:14-CV-762-DAE, 2016 WL 4082740, at *4 (W.D. Tex. July 29, 2016) (citing *United States v. Cooks*, 589 F.3d 173, 179 (5th Cir. 2009)). The trial judge must determine whether the proffered witness is qualified to give the expert opinion he seeks to express. *See, e.g., Houston-Hines v. Houston Indep. Sch. Dist.*, No. CIV.A. H-04-3539, 2006 WL 897209, at *2 (S.D. Tex. Apr. 4, 2006) (citing *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 156 (1999)). In this gatekeeping determination, the committee notes to Rule 702 provide that "[i]f the witness is relying solely or primarily on experience, then the witness must explain how the experience leads to the conclusion reach, why that experience is a sufficient basis for the opinion, and how that experience is reliability applied to facts." FED. R. EVID. 702 advisory committee's notes.

Here, Addison clearly has qualifications to enter the correct billing codes and to access information about what providers receive in payments. *See* Exhibit A at 15-18. Likewise, her work experience shows she is familiar with some reasonable charges in the San Antonio and

Houston area, which is where she has worked. But she is not a medical doctor or a medical provider. And based on her professional experience as set forth in her curriculum vitae, she has never reviewed or become familiar with what medical providers in the relevant medical subspecialties should charge in the Rio Grande Valley area for Plaintiff's treatments. There are no such averments provided in her report.

Furthermore, while Addison states that she a billing and coding expert, she fails to provide any basis as to how being an expert for medical providers allows her to have the requisite knowledge, skill, and experience with regard to the reasonableness of the charges associated with Plaintiff's specific care and treatment. Addison does not recite any facts that demonstrate that she has knowledge of the billing practices used by the facilities and treatment providers that rendered care and services to Plaintiff. In fact, it is clear that she has not created the databases upon which her opinions rest upon. It boils down to her reaching opinions based upon other third-party sources. Thus, she is unqualified to render opinions concerning the reasonableness of Plaintiff's medical expenses.

## IV. CONCLUSION & PRAYER

**WHEREFORE PREMISES CONSIDERED**, Plaintiff requests this Court grant his Motion to Exclude the Opinion Testimony and Report of Elizabeth Michelle Addison as to Cost of Services in its entirety. Plaintiff further prays that the Court grant him any and all other relief, whether general or special, at law or in equity, to which he may be justly entitled.

Respectfully submitted,

**BEGUM LAW GROUP**

By: /s/ *Mario A. Cisneros*
Mario A. Cisneros
Federal Bar No. 2601122
2401 Wildflower, Suite B
Brownsville, Texas 78526
E-mail: mcisneros@texaslegalgroup.com
Tel. (956) 982-1800
Fax. (956) 982-8602

**ATTORNEY IN CHARGE FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

      This is to certify that a true and correct copy of the above and foregoing document has been forwarded to opposing counsel on this the **27th day of June, 2023**, as follows:

***Via E-Service:*** <u>Michelle.Pector@morganlewis.com</u>
Michelle D. Pector
State Bar No. 24027726
Morgan, Lewis & Bockius LLP
1000 Louisiana, Suite 4000
Houston, Texas 77002
Tel. (713) 890-5000
Fax. (713) 890-5001
*Attorney for Defendants*

***Via E-Service:*** <u>doliveira@rofllp.com</u>
David Oliveira
State Bar No. 15254675
Roerig, Oliveira & Fisher, LLP
10225 N. 10th Street
McAllen, Texas 78504
Tel. (956) 393-6300
Fax. (956) 386-1625
*Attorney for Defendants*

Scott P. Jones
Texas Bar No. 10955500
Southern District of Texas Bar No. 11023
<u>sjones@brock.law</u>
Celia E. Guerra
Texas Bar No. 24069756
Southern District of Texas Bar No. 2108559
<u>cguerra@brock.law</u>
BROCK GUERRA STRANDMO DIMALINE JONES, P.C.
17339 Redland Road
San Antonio, Texas 78247
(210) 979-0100 Telephone
(210) 979-7810 Facsimile
*Co-Counsel for Defendant Arion Morshedian*

                                                            /s/ *Mario A. Cisneros*
                                                            Mario A. Cisneros