IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| HUGO MEDELLIN | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:22-cv-00084 |
| | § | |
| ARION MORSHEDIAN and SPACE | § | |
| EXPLORATION TECHNOLOGIES | § | |
| CORP. | § | |
| | § | |
| Defendants. | § | |

## SPACE EXPLORATION TECHNOLOGIES CORPORATION'S
## MOTION FOR SUMMARY JUDGMENT

# TABLE OF CONTENTS

**Page**

I.     RELEVANT BACKGROUND ..................................................................... 2

II.    LEGAL STANDARD................................................................................... 3

III.   ARGUMENT & AUTHORITIES ............................................................... 3~~4~~

     A.     SpaceX is not vicariously liable for the accident because Morshedian was merely commuting. ............................................................................. 4

     B.     The direct liability claim must be dismissed regardless of the direct liability theory. ..................................................................................... 6

           i.     SpaceX did not negligently entrust a vehicle to Morshedian. ................... 6

           ii.    SpaceX did not negligently retain, train, or supervise Morshedian, and SpaceX.  Indeed, SpaceX had no related duty. ............................. 10~~11~~

IV.   REQUEST FOR RELIEF ........................................................................ 14

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*4Front Engineered Sols., Inc. v. Rosales*,
    505 S.W.3d 905 (Tex. 2016)................................................................14

*Anderson v. Liberty Lobby, Inc.*,
    477 U.S. 242 (1986)..........................................................................7

*Avalos v. Brown Auto. Ctr., Inc.*,
    63 S.W.3d 42 (Tex. App.—San Antonio 2001, no pet)........................17

*Baird v. Shagdarsuren*,
    2020 WL 208815 (N.D. Tex. Jan. 14, 2020) ...................................13

*Beall v. Cooke*,
    No. 01-00-00150-CV, 2001 WL 699915 (Tex. App.—Houston [1st Dist.] June
    21, 2001, no pet.) .........................................................................11

*Brown v. McClure*,
    2021 WL 6119990 (Tex. App.—Houston [1st Dist.] Dec. 28, 2021, no pet.)........13

*Cameron Int'l Corp. v. Martinez*,
    662 S.W.3d 373 (Tex. 2022)............................................................8, 9

*McDorman ex rel. Connelly v. Tex.-Cola Leasing Co. LP, LLP*,
    288 F. Supp. 2d 796 (N.D. Tex. 2003) ...........................................18

*Dangerfield v. Ormsby*,
    264 S.W.3d 904 (Tex. App.—Fort Worth 2008, no pet. h.) ...................15

*Day v. Classic Autoplex GM LLC Classic Chevrolet Buick GMC Cadillac*,
    No. 01-19-00744-CV, 2021 WL 1618463 (Tex. App.—Houston [1st Dist.]
    Apr. 27, 2021, pet. denied) .............................................................13

*Duran v. United States*,
    No. 2:20-CV-00179, 2023 WL 2499941 (S.D. Tex. Feb. 21, 2023) .........8

*EAN Holdings, LLC v. Arce*,
    636 S.W.3d 290 (Tex. App.—Fort Worth 2021, pet. denied) ...............8

*Freyer v. Lyft, Inc.*,
    639 S.W.3d 772 (Tex. App.—Dallas 2021, no pet.)............................13

*Goodyear Tire & Rubber Co. v. Mayes*,
    236 S.W.3d 754 (Tex. 2007)..................................................10, 11, 12

*Greater Houston Transp. Co. v. Phillips*,
   801 S.W.2d 523 (Tex. 1990) ................................................................................16

*Harbin v. Fisher*,
   No. 07-18-00167-CV, 2019 WL 2462346 (Tex. App.—Amarillo June 12,
   2019, no pet.) ......................................................................................................13

*Johnson v. Contract Freighters, Inc*.,
   No. 4:21-CV-00879, 2022 WL 12097254 (S.D. Tex. July 26, 2022) ..............12, 13

*Kilpatrick v. Vasquez*,
   No. 01-09-00731-CV, 2011 WL 1233468 (Tex. App.—Houston [1st Dist.]
   Mar. 31, 2011, no pet.) ........................................................................................17

*LaBella v. Charlie Thomas, Inc*.,
   942 S.W.2d 127 (Tex. App.—Amarillo 1997, writ denied) .................................15

*Magee v. G & H Towing Co*.,
   388 S.W.3d 711 (Tex. App.—Houston [1st Dist.] 2012, no pet.) .........................17

*Martinez v. Valdez*,
   No. CV H-21-3653, 2023 WL 1928870 (S.D. Tex. Feb. 10, 2023) .......................12

*Mejia-Rosa v. John Moore Servs., Inc.*,
   No. 01-17-00955-CV, 2019 WL 3330972 (Tex. App.—Houston [1st Dist.]
   July 25, 2019, no pet.) .........................................................................................13

*Moerbe v. Adcock*,
   No. 1:20-CV-1018-RP, 2022 WL 5568119 (W.D. Tex. Aug. 3, 2022) .................17

*Nabors Drilling, U.S.A., Inc. v. Escoto*,
   288 S.W.3d 401 (Tex. 2009) ................................................................................16

*Najera v. Recana Sols., LLC*,
   No. 14-14-00332-CV, 2015 WL 4985085 (Tex. App.—Houston [14th Dist.]
   Aug. 20, 2015, no pet.) ........................................................................................16

*Nat'l Convenience Stores Inc. v. Matherne*,
   987 S.W.2d 145 (Tex. App.—Houston [14th Dist.] 1999, no pet.)........................18

*Nobbie v. Agency Rent–A–Car, Inc*.,
   763 S.W.2d 590 (Tex. App.—Corpus Christi 1988, writ denied) .........................18

*Otis Eng'g Corp. v. Clark*,
   668 S.W.2d 307 (Tex. 1983) ................................................................................16

*Painter v. Amerimex Drilling I, Ltd*.,
   561 S.W.3d 125 (Tex. 2018) ...........................................................................8, 10

*Rayner v. Claxton*,
  659 S.W.3d 223 (Tex. App.—El Paso 2022, no pet.)............................................................15

*Schneider v. Esperanza Transmission Co.*,
  744 S.W.2d 595 (Tex. 1987).........................................................................................14, 17

*TXI Transp. Co. v. Hughes*,
  306 S.W.3d 230 (Tex. 2010).................................................................................................16

*Waffle House, Inc. v. Williams*,
  313 S.W.3d 796 (Tex. 2010).................................................................................................15

*Wansey v. Hole*,
  379 S.W.3d 246 (Tex. 2012).................................................................................................16

*Wright v. Weaver*,
  516 Fed. Appx. 306 (5th Cir. 2013).....................................................................................12

**Other Authorities**

Fed. R. Civ. P. 56.....................................................................................................................7

Plaintiff Hugo Medellin ("Plaintiff") improperly sued Space Exploration Technologies Corporation ("SpaceX") in this matter. The minor car accident at issue did not occur in the course and scope of Defendant Arion Morshedian's ("Morshedian") work for SpaceX, nor did it occur as a result of direct negligence of SpaceX. Thus, Plaintiff's claims against SpaceX fail as a matter of law. The vicarious liability claim fails because Morshedian was simply commuting home from work when the accident occurred, so Texas's coming-and-going-rule requires dismissal.

The direct negligence claim—whether in terms of negligent entrustment or Plaintiff's other conclusory shotgun-pled theories—also fails because the elements of negligence cannot be met. As to negligent entrustment, Morshedian was a duly licensed driver and was competent as a matter of law when SpaceX lent him a vehicle to commute. He was neither incompetent of driving an automobile nor a reckless driver. Much less was he known to be incompetent.

As to the other direct negligence theories, there is no duty to fire (i.e., not retain) or to train a licensed automobile driver, to supervise him while driving home, or to create policies beyond existing requirements of licensed drivers to drive safely according to traffic regulations. There could have been no breach because there was no duty.

In addition to the lack of duty and lack of breach, the direct negligence claim also fails because no alleged direct negligence of SpaceX was the proximate cause of the accident. As proven by his driver's license, Morshedian had already been trained to avoid traffic accidents with other vehicles, so no causation exists as a matter of law. The mere fact that SpaceX was Morshedian's employer does not force SpaceX to create policies to train, fire, or supervise licensed drivers while commuting to or from work. Summary judgment should be entered to dismiss all claims against SpaceX with prejudice.

# I.  <u>RELEVANT BACKGROUND</u>

Morshedian is an engineer at SpaceX.[1]  He is a licensed automobile driver and has been since 2014.[2]  His driver's license has never been revoked or suspended for any reason.[3]  He had never been in a traffic accident with another vehicle prior to the minor incident at issue in this lawsuit.[4]

On June 9, 2021, Morshedian informed Sergio Lara at SpaceX that his car was in the shop, and he asked if he could temporarily borrow one of SpaceX's vehicles to commute between SpaceX's Starbase facility in Boca Chica and his apartment in Brownsville.[5]  Lara, who oversees certain vehicles at Starbase, became aware that an extra car was available and permitted Morshedian to use it to commute for a few days.[6]

Morshedian, who had driven the type of car before, drove the car home from Boca Chica on June 10th, then back to work on June 11th, all without incident of any kind.[7]  On his way home again from work on the 11th, Morshedian had a minor accident with Plaintiff.[8]  Morshedian's car came into contact with the rear of Plaintiff's vehicle, which led to two vehicles in front of Plaintiff being contacted.[9]  All four drivers spoke to each other and spoke to the attending police officer; no airbags deployed, no tow trucks were called; no injuries were reported or any ambulance called.[10]  After departing the scene, Plaintiff returned to the Domino's Pizza where he was

---

[1] Ex. 1 (Morshedian declaration) ¶¶ 1-2.
[2] Ex. 1 (Morshedian declaration) ¶ 3; Ex. 2 (Morshedian deposition excerpts) at 15:17-16:6.
[3] Ex. 1 (Morshedian declaration) ¶ 3.
[4] *Id*. ¶ 6.
[5] Ex. 1 (Morshedian declaration) ¶ 8; Ex. 2 (Morshedian deposition excerpts) at 35:11-15.
[6] Ex. 3 (Lara declaration) ¶¶ 3-5.
[7] Ex. 1 (Morshedian declaration) ¶¶ 9-11.
[8] Ex. 1 (Morshedian declaration) ¶¶ 9-11; (Morshedian deposition excerpts) at 65:15-17.
[9] Ex. 5 (police report); Ex. 1 (Morshedian declaration) ¶¶ 5, 11-12.
[10] Ex. 4 (Medellin deposition excerpts) at 52:11-54:25; Ex. 5 (police report).

working.[11]  Plaintiff waited two days before going to a clinic.[12]  A month later, he (and not the other drivers) sued.

Morshedian had been a duly licensed automobile driver for about seven years when the accident occurred.  In that time, he had received just two traffic citations.[13]  He had never been in an accident with another vehicle prior to the minor incident at issue in this lawsuit, never had a DWI, never been cited for reckless driving, etc.  As shown below, this driving record does not come close to creating an issue of fact on Plaintiff's unfounded allegation against SpaceX that it purportedly provided a vehicle to a known reckless or incompetent driver.

## II.  LEGAL STANDARD

If no genuine issue of material fact exists, the Court must enter summary judgment.  Fed. R. Civ. P. 56.  Claims such as those challenged here do not merit a trial, as they are a waste of time (and opportunity cost) as well as the valuable judicial resources of the Court, the jury, the defendant, and potentially the court of appeals.  A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party," which is not the case here for SpaceX.  *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986).  A disputed fact is material if it "might affect the outcome of the suit under the governing law."  *Id*.  In this diversity action, Texas law controls substantive questions—such as what constitutes direct negligence and vicarious liability.

## III.  ARGUMENT & AUTHORITIES

Plaintiff's shotgun pleading asserts two deficient claims of negligence against SpaceX— one vicarious, and one direct.  The direct claim contains misplaced theories of negligent

---

[11] Ex. 4 (Medellin deposition excerpts) at 40:4-7.
[12] Medellin's counsel prevented him from answering the question of when he first contacted a lawyer following the accident.
[13] Ex. 1 (Morshedian declaration) ¶¶ 6-7.

entrustment, negligent supervision/training, and negligent adoption of policies.  Each of the two claims is addressed below.  Neither provides a genuine issue of material fact for trial, so they must be dismissed as a matter of law.

### A.      SpaceX is not vicariously liable for the accident because Morshedian was merely commuting.

Under the coming-and-going rule, an employee is not in the course and scope of employment when commuting to or from work, precluding vicarious liability.  *Painter v. Amerimex Drilling I, Ltd*., 561 S.W.3d 125, 131 (Tex. 2018); *Cameron Int'l Corp. v. Martinez*, 662 S.W.3d 373 (Tex. 2022) (rendering summary judgment in employer's favor, reversing court of appeals for improperly finding a fact question, and stating, "[A]n employee does not act within the course and scope of his employment when traveling to and from work. The rationale that informs the rule is that travelers on public roads are equally susceptible to the hazards of doing so, whether employed or not. Such travel hazards do not arise out of the business of an employer; thus, the law does not hold the employer liable for injuries resulting from engaging in these risks.").

This is true regardless of whether the employee is driving a company-owned vehicle: "Under Texas law, an employee is not acting within the scope of his employment while going to and from work, even if he uses his employer's vehicle as the means of transportation."  *Duran v. United States*, No. 2:20-CV-00179, 2023 WL 2499941, at *3 (S.D. Tex. Feb. 21, 2023) (citing *Pilgrim v. Fortune Drilling Co*., 653 F.2d 982, 988 (5th Cir. 1981)); *EAN Holdings, LLC v. Arce*, 636 S.W.3d 290, 300 (Tex. App.—Fort Worth 2021, pet. denied) (reversing and rendering judgment in favor of EAN; holding that the trial court improperly allowed a vicarious liability claim to be tried to a jury, which found that EAN was vicariously liable for an accident caused by its employee who was traveling home from work, even though he was driving an EAN-owned vehicle and had signed an agreement with EAN regarding policies as to the use of such vehicles).

4

The Texas Supreme Court's *Martinez* case from 2022 is indicative of the seriousness with which the Texas Supreme Court regards the coming-and-going rule. There, Cameron International paid its alleged employee, Mueller, a $250 travel allowance to drive from place to place while conducting testing on wells. *Martinez*, 662 S.W.3d at 375-76, 378. He had been staying nights at a Cameron facility and working days for Cameron. Mueller caused an accident on his way to that Cameron facility after buying supplies in Pecos, Texas. *Id.* After the court of appeals found a fact issue on the "special mission" exception to the coming-and-going rule, the Texas Supreme Court reversed and rendered summary judgment in Cameron's favor. *Id.* at 375-76, 378. Neither payment of the travel allowance nor the fact that Mueller was returning from purchasing supplies—which he sometimes shared with coworkers—nor the fact that Mueller was away from home and had been authorized by Cameron to travel to Pecos, created a genuine issue of material fact. *Id.* at 377-378. Mueller was not doing his job or on a special mission when the accident occurred, so he was not in the course and scope of his employment and vicarious liability could not be imposed on Cameron. *Id.* The *Martinez* case was not a close call; the decision was unanimous and did not even allow oral argument. *Id.* at 379.

The facts before this Court are far less favorable for Plaintiff than those in *Martinez*. Morshedian—whose work was engineering, not driving—was not carrying supplies and was not paid to drive. He was simply commuting home for the evening. SpaceX did not order him to drive the vehicle or control his route or the details of his driving.[14] Driving to his residence did not "involve the performance of regular or specifically assigned duties for the benefit of" SpaceX. *Painter*, 561 S.W.3d at 139. This ends the inquiry. The vicarious liability claim against SpaceX must be dismissed under Texas law.

---

[14] Ex. 1 (Morshedian declaration) ¶ 12.

**B.      The direct liability claim must be dismissed regardless of the direct liability theory.**

Direct liability for negligence requires Plaintiff to prove that SpaceX had a duty to Plaintiff and that breaching that duty proximately caused Plaintiffs' damages.  Because no genuine issue of material fact exists, summary judgment should be granted to dismiss this claim.

**i.      SpaceX did not negligently entrust a vehicle to Morshedian.**

To establish negligent entrustment, Plaintiff must show that: (1) SpaceX entrusted the vehicle to Morshedian; (2) Morshedian was an unlicensed, incompetent, or reckless driver; (3) at the time of the entrustment, SpaceX knew or should have known that Morshedian was an unlicensed, incompetent, or reckless driver; (4) Morshedian was negligent on the occasion in question; and (5) Morshedian's negligence proximately caused the accident.  *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 758 (Tex. 2007).  For summary judgment purposes, the second and third elements are supported by less than a scintilla of evidence and, therefore, foreclose Plaintiff's claim against SpaceX as a matter of law.

Regarding those elements, it is indisputable that Morshedian was a duly licensed driver.[15] And there is no evidence that he was "incompetent" or "reckless."  Morshedian had received a grand total of two traffic tickets in his seven years of driving.[16]  He had never been in any sort of accident with another vehicle before the incident at issue in this lawsuit.[17]

The Texas Supreme Court is clear that for a driving record to demonstrate incompetence or recklessness, the evidence must go far beyond ordinary traffic infractions and even go beyond prior multi-vehicle accidents.  *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 758 (Tex. 2007) (an employee's prior citations for driving without insurance, speeding, and rear-ending a

---

[15] Ex. 6 (copy of Morshedian's driver's license); Ex. 1 (Morshedian declaration) ¶ 3.
[16] Ex. 1 (Morshedian declaration).
[17] *Id*.

6

vehicle are insufficient to create a genuine issue of material fact for a negligent entrustment claim).

In *Mayes*, the Texas Supreme Court found:

> First, there is no dispute that Adams was a licensed driver. Second, the evidence upon which Mayes relies to raise a fact issue regarding Adams's alleged incompetence or recklessness as a driver is insufficient. Mayes claims that the three-year driving record obtained as part of Goodyear's hiring process in 1998 is some evidence that Goodyear knew or should have known that Adams was an incompetent or reckless driver when Goodyear entrusted the vehicle to Adams. The 1998 record includes two citations: one for driving without liability insurance in July 1995 and another for a June 1996 collision in which Adams rear-ended a vehicle at a stoplight. Mayes adds that the only ticket Adams received while driving a Goodyear truck — for exceeding the speed limit by about five miles per hour — also constitutes some evidence that Goodyear knew that Adams was an incompetent or reckless driver. It is undisputed that Adams's only accident in a Goodyear truck was his collision with Mayes. This evidence does not raise a genuine issue of material fact[.]

If the Texas Supreme Court could find no genuine issue of material fact in *Mayes*, then it is even clearer that no genuine issue of material fact exists here.  There, Adams had a recent traffic accident with another vehicle.  He also had recent traffic tickets—including while driving a Goodyear vehicle, which would be *some* indication to Goodyear of his driving.  Morshedian, by contrast, had never been in an accident with another vehicle (much less rear-ended another vehicle), and had never received a citation while driving a SpaceX automobile.  As in *Mayes,* Morshedian was not, as a matter of law, an incompetent or reckless driver, and therefore there was no reason for SpaceX to know he was a incompetent or reckless driver when he borrowed the vehicle.

Many other cases after *Mayes* reinforce that the negligent entrustment claim against SpaceX is foreclosed considering Morshedian's valid driver's license and good driving record. For example:

- *Wright v. Weaver*, 516 Fed. Appx. 306, 309-10, 312 (5th Cir. 2013) (affirming summary judgment against plaintiffs; holding that parents were not negligent in entrusting vehicle to their son despite multiple accidents, suspension of license, at least one arrest, and at least one serious criminal conviction)

7

- *Martinez v. Valdez*, No. CV H-21-3653, 2023 WL 1928870, at *4 (S.D. Tex. Feb. 10, 2023) (granting summary judgment for defendants on plaintiff's negligent entrustment claim where the driver had "one commercial moving violation, one commercial vehicle accident, and a six-month period of license suspension based on a failure to appear")

- *Johnson v. Contract Freighters, Inc*., No. 4:21-CV-00879, 2022 WL 12097254, at *3 (S.D. Tex. July 26, 2022), R&R adopted, 2022 WL 12097200 (S.D. Tex. Aug. 11, 2022) (granting dismissal—without even reaching summary judgment stage—where two speeding tickets and an accident were alleged)

- *Baird v. Shagdarsuren*, 2020 WL 208815, at *7 (N.D. Tex. Jan. 14, 2020) ("[A] reasonable jury could not find that Defendant [] was an incompetent or reckless driver. The only potential evidence of incompetence at the time of entrustment—Defendant['s] previous ticket and accident—are insufficient to demonstrate incompetence.")

- *Freyer v. Lyft, Inc.*, 639 S.W.3d 772, 787 (Tex. App.—Dallas 2021, no pet.) (affirming summary judgment against plaintiffs; holding that a driver's two previous car accidents and two previous speeding tickets failed to demonstrate a fact issue regarding the driver's incompetence or recklessness)

- *Day v. Classic Autoplex GM LLC Classic Chevrolet Buick GMC Cadillac*, No. 01-19-00744-CV, 2021 WL 1618463, at *4 (Tex. App.—Houston [1st Dist.] Apr. 27, 2021, pet. denied) (affirming summary judgment in favor of car rental company; "an owner of a car does not have an affirmative duty to investigate the background of a driver before permitting him to drive the car when the undisputed evidence shows that the driver had a valid driver's license")

- *Brown v. McClure*, 2021 WL 6119990, at *7-8 (Tex. App.—Houston [1st Dist.] Dec. 28, 2021, no pet.) (affirming summary judgment where driver had "one ticket for an improper turn, two speeding tickets, and two unspecified driving safety courses. Nothing in the record showed any prior accidents involving McClure or that he was otherwise careless or reckless to such an extent as to be unable to safely operate an automobile.")

- *Harbin v. Fisher*, No. 07-18-00167-CV, 2019 WL 2462346, at *3 (Tex. App.—Amarillo June 12, 2019, no pet.) (reversing denial of defendant's motion for summary judgment; finding that prior speeding tickets, involvement in at least one traffic accident, and exclusion from employer's insurance policy were insufficient to create genuine issue of material fact)

- *Mejia-Rosa v. John Moore Servs., Inc.*, No. 01-17-00955-CV, 2019 WL 3330972, at *9 (Tex. App.—Houston [1st Dist.] July 25, 2019, no pet.) (affirming summary judgment in favor of defendant, and stating, "evidence of one citation for a moving violation and one for rear-ending another car is insufficient to survive summary-judgment.").

8

The question here is not close.  Plaintiff cannot point to convictions and violations that are related to the accident here (a rear-end accident near a stoplight), frequent, and recent.  *See Johnson*, 2022 WL 12097254, at *2 ("[I]t is not enough to show, for example, that a driver might have a momentary lapse in judgment or otherwise act negligently.  Rather, the driver's record must contain convictions and violations that are related to the accident, frequent, and recent.") (citations omitted).  Without such evidence, the negligent entrustment claim fails.  It is important in this regard to "emphasize the important distinction between an operator who is 'incompetent or reckless' and one who is merely 'negligent.' In a sense, the name 'negligent entrustment' can be misleading, because the claim requires a showing of more than just general negligence." *4Front Engineered Sols., Inc. v. Rosales*, 505 S.W.3d 905, 909–10 (Tex. 2016) ("Reyes had to prove that Rosales operated the forklift negligently, but more than just that 4Front knew or should have known Rosales would or might operate the forklift negligently. Instead, he had to prove that Reyes was incompetent to operate the forklift or would operate it recklessly, and that 4Front knew or should have known of Reyes's incompetence or recklessness.").  SpaceX does not concede that Morshedian was negligent, but he most certainly was not reckless or incompetent of driving an automobile.  And even if he were, which is not the case, SpaceX had no reason to know that.  To the contrary, Lara was aware that Morshedian typically drove to work and had his own personal car that he routinely drove in Brownsville and Boca Chica.[18]

Accordingly, the second and third elements fail.  Morshedian, a duly licensed driver, was not an incompetent or reckless driver, and SpaceX had no reason, as a matter of law, to know that he was.

---

[18] Ex. 3 (Lara declaration) ¶ 4.

Finally, Plaintiffs cannot prove proximate causation for two reasons. First, "for entrustment to be a proximate cause, the defendant entrustor should be shown to be reasonably able to anticipate that an injury would result as a natural and probable consequence of the entrustment." *Schneider v. Esperanza Transmission Co*., 744 S.W.2d 595, 596 (Tex. 1987). There is no evidence here that SpaceX was reasonably able to anticipate that injury would result as a natural and probable consequence of entrusting a vehicle to Morshedian, a licensed driver. Second, "knowing the driver to be incompetent or reckless at the time of the entrustment is an essential element to establish negligence," which is not present here. *Rayner v. Claxton*, 659 S.W.3d 223, 248 (Tex. App.—El Paso 2022, no pet.) (citing *Briseno v. Martin*, 561 S.W.2d 794, 796 n.1 (Tex. 1977)). Even if Plaintiff had evidence that Morshedian was incompetent or reckless (which Plaintiff does not have because he was not), Plaintiff has no evidence that SpaceX knew Morshedian to be incompetent or reckless. Proving that SpaceX knew this, and that SpaceX could reasonably anticipate that injury **would** result by allowing one of its engineers to drive, is simply impossible to do in this case.

As no genuine issue of material fact exists regarding elements two or three, or regarding proximate causation, the negligent entrustment claim against SpaceX must be dismissed by summary judgment.

### ii. SpaceX did not negligently retain, train, or supervise Morshedian. Indeed, SpaceX had no related duty.

The other shotgun-pleaded direct negligence theories are conclusory and imprecise add-ons that ultimately raise the same issue as negligent entrustment: Was Morshedian, a licensed driver, incompetent or reckless, and did SpaceX know it and provide him a car in which to commute anyway? The answer, as demonstrated by the evidence, is "no."

The Texas Supreme Court has not "ruled definitively on the existence, elements, and scope" of negligent retention, supervision, and training claims. *Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 804 n. 27 (Tex. 2010).[19]   However, the Texas Supreme Court has stated that in addition to the existence of a duty and a breach of that duty, "[i]n a negligent-hiring or negligent-entrustment claim, a plaintiff must show that the risk that caused the entrustment or hiring to be negligent also proximately caused plaintiff's injuries." *TXI Transp. Co. v. Hughes*, 306 S.W.3d 230, 240 (Tex. 2010) (a claim for negligent entrustment cannot lie if a "defendant's negligence did no more than furnish a condition which made the injury possible"); *Wansey v. Hole*, 379 S.W.3d 246, 247 (Tex. 2012) (a negligent hiring/retention "claim requires that the plaintiff suffer some damages from the foreseeable misconduct of an employee hired pursuant to the defendant's negligent practices").

"In order to establish tort liability, a plaintiff must initially prove the existence and breach of a duty owed to him by the defendant." *Otis Eng'g Corp. v. Clark*, 668 S.W.2d 307, 309 (Tex. 1983).   The existence of a duty is a question of law for the Court.   *See Greater Houston Transp. Co. v. Phillips*, 801 S.W.2d 523, 525 (Tex. 1990).   The questions of existence and scope of duty in the context of an employee using an employer's automobile do not go beyond what is already discussed above in the negligent entrustment context: there is no duty in Texas law for an employer

---

[19]   The elements of a negligent retention claim may be generally stated as 1) the duty to retain competent employees; 2) the employer breaches that duty; and 3) the employer's breach of that duty proximately caused the damages sued for. *See LaBella v. Charlie Thomas, Inc.*, 942 S.W.2d 127, 137 (Tex. App.—Amarillo 1997, writ denied). An employer is liable for negligent retention only when proof is presented that the employer retained an incompetent or unfit employee whom it knew or, by the exercise of reasonable care, should have known was incompetent or unfit, thereby creating an unreasonable risk of harm to others. *See Dangerfield v. Ormsby*, 264 S.W.3d 904, 912 (Tex. App.—Fort Worth 2008, no pet. h.).   "To establish a claim for negligent supervision and training, a plaintiff must show that the employer owed a legal duty to supervise and train its employees, the employer breached that duty, and that breach proximately caused his injuries." *Najera v. Recana Sols., LLC*, No. 14-14-00332-CV, 2015 WL 4985085, at *7 (Tex. App.—Houston [14th Dist.] Aug. 20, 2015, no pet.).

to become the insurer of third parties on the road when a licensed employee gets into an accident on the way to/from work.  Indeed, the Texas Supreme Court is clear that employers do not even have a duty to train employees regarding **fatigued** driving—let alone ordinary commuting.  *See Nabors Drilling, U.S.A., Inc. v. Escoto*, 288 S.W.3d 401, 413 (Tex. 2009) ("we do not impose a duty to train employees regarding the commonly-known dangers of driving while fatigued"; "employer has no duty to warn or instruct an employee with regard to dangers that are ordinarily incident to driving a vehicle and require no special skills or knowledge than that expected of all licensed drivers") (cleaned up; citations omitted).

Thus, there is simply no tort duty between SpaceX and Plaintiff where Morshedian was a licensed driver, was not driving for work, and was not, as a matter of law, incompetent.  *See, e.g.*, *Moerbe v. Adcock*, No. 1:20-CV-1018-RP, 2022 WL 5568119, at *5 (W.D. Tex. Aug. 3, 2022) ("If a driver owns a valid, unrestricted driver's license, an owner has no duty to further investigate his driving history.");[20] *Magee v. G & H Towing Co*., 388 S.W.3d 711, 717 (Tex. App.—Houston [1st Dist.] 2012, no pet.) (no duty of employer to investigate background of licensed employee to drive company vehicle); *Kilpatrick v. Vasquez*, No. 01-09-00731-CV, 2011 WL 1233468, at *4 (Tex. App.—Houston [1st Dist.] Mar. 31, 2011, no pet.) (holding that "an owner of a vehicle does not have an affirmative duty to investigate the background of a driver before permitting him to drive the vehicle, when, as in this case, the record shows and it is undisputed, that the driver had a

---

[20] Lara did not specifically check Morshedian's license before allowing him to drive the SpaceX vehicle while Morshedian's car was in the shop, which is immaterial.  He understood Morshedian was a licensed driver since he had his own vehicle that he drove in Brownsville and Boca Chica, and subsequently saw Morshedian's driver's license. Causation would thus be lacking even if a duty existed to check a license, as Morshedian was in fact licensed.  *See, e.g.*, *Moerbe*, 2022 WL 5568119, at *5 ("plaintiffs must also prove that the risk that caused the entrustment to be negligent also caused the accident at issue"); *Schneider v. Esperanza Transmission Co*., 744 S.W.2d 595, 597 (Tex. 1987) (holding that even though entrustment of company pickup truck to employee who had 15 speeding tickets, with license revocation pending, was negligent, that negligence was not the proximate cause of the accident at issue, which was caused by employee allowing a third party to drive the vehicle).

12

valid driver's license"; also holding that "evidence of a driver's youth or experience" is insufficient to permit an inference that the driver is incompetent) (collecting citations); *Avalos v. Brown Auto. Ctr., Inc*., 63 S.W.3d 42, 48–49 (Tex. App.—San Antonio 2001, no pet) (no duty of automotive repair company to investigate record of customer and licensed driver to whom loan vehicle was entrusted); *Nat'l Convenience Stores Inc. v. Matherne*, 987 S.W.2d 145, 149 (Tex. App.—Houston [14th Dist.] 1999, no pet.) ("an employer has no duty to adopt rules or to warn or instruct an employee, who is an experienced driver, with regard to dangers that are ordinarily incident to driving a vehicle and require no special skills or knowledge other than that expected of all licensed drivers"); *Nobbie v. Agency Rent–A–Car, Inc*., 763 S.W.2d 590, 591–93 (Tex. App.—Corpus Christi 1988, writ denied) (no duty by rental car company to investigate beyond confirmation of license).

Accordingly, Plaintiff cannot pass the first step in the analysis: the existence of a tort duty between SpaceX and Plaintiff. Because the government regulates driving on public roads through, e.g., a licensure process, there is no duty for SpaceX to provide training, or to supervise, or to create policies, beyond the states' requirements. If a driver has a valid license (as Morshedian did), that is the end of the inquiry.

Regarding proximate causation, it does not exist. Even if SpaceX had specific training or policies related to employees commuting in SpaceX vehicles, which SpaceX had no obligation to do, "a valid driver's license was all [Morshedian] was required to possess in order to drive[.]" *McDorman ex rel. Connelly v. Tex.-Cola Leasing Co. LP, LLP*, 288 F. Supp. 2d 796, 807 (N.D. Tex. 2003) (granting summary judgment because, even though Coca-Cola had driving policies and monthly trainings, and driver failed to take monthly trainings for two months prior to accident, "a valid driver's license was all [employee] was required to possess in order to drive the van"). In

13

other words, employers may choose to create policies, trainings, and supervision as to employees who drive ordinary automobiles.  But they have no duty to do so, and not doing so does not create proximate causation.

In short, all direct liability theories against SpaceX are simply permutations of the negligent entrustment theory, all fail as a matter of law, and summary judgment should be entered.

## IV.   REQUEST FOR RELIEF

For the foregoing reasons, SpaceX respectfully requests that summary judgment be granted and that all claims against SpaceX be dismissed with prejudice.

Dated: June 27, 2023

Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP

_/s/ Michelle D. Pector_
Michelle D. Pector
*Attorney-in-Charge*
State Bar No. 24027726
SDTX Bar No. 28869
Jared Wilkerson
State Bar No. 24084096
SDTX Bar No. 2117319
michelle.pector@morganlewis.com
1000 Louisiana, Suite 4000
Houston, Texas 77002
(713) 890-5000 Telephone
(713) 890-5001 Facsimile

ROERIG, OLIVEIRA, & FISHER, LLP

David Oliveira
State Bar No. 15254675
doliveira@rofllp.com
10225 N. 10th Street
McAllen, Texas 78504
(956) 393-6300 Telephone
(956) 386-1625 Facsimile

*Attorneys for Defendants*

15

## <u>CERTIFICATE OF SERVICE</u>

      I hereby certify that on June 27, 2023, a true and correct copy of the foregoing document has been served electronically to all known counsel of record in accordance with the Texas Rules of Civil Procedure.

*/s/ Michelle Pector*       

Michelle Pector
