**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **HUGO MEDELLIN** | § | |
| **Plaintiff,** | § | |
| | § | |
| V. | § | **CIVIL ACTION NO. 1:22-CV-084** |
| | § | |
| **ARION MORSHEDIAN** | § | |
| **Defendant.** | § | |

**PLAINTIFF'S THIRD AMENDED COMPLAINT AND PARTIES CONSENT TO ALLOW PLAINTIFF TO FILE AMENDED PLEADING**

**I.  PARTIES**

1. Plaintiff, Hugo Medellin, is an individual that is a citizen of the State of Texas.

2. Defendant, Arion Moreshedian, an individual and a citizen of California. Defendant, Arion Moreshedian, has been duly served and has made an appearance here.

**II.  JURISDICTION**

3. This Court has jurisdiction over the lawsuit under 28 USC 1332(a)(1) because Plaintiff Hugo Medellin and Defendant Arion Morshedian are citizens of different US states, and the amount in controversy exceeds $75,000.00, excluding interest and costs.

**III.  VENUE**

4. Venue is proper in this district under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district.

**IV.  FACTS**

5. On or about June 11, 2021, Plaintiff Hugo Medellin was operating a motor vehicle traveling westbound near the 3700th block of Boca Chica Boulevard in Brownsville, Cameron County, Texas. At all times relevant, Defendant Arion Morshedian was operating a motor vehicle directly behind the Plaintiff's vehicle.

6. Defendant Arion Morshedian, failing to control the speed of his vehicle, failing keep a proper lookout, and failing to pay due attention to traffic conditions, slammed violently into the rear of the Plaintiff Hugo Medellin's vehicle. As a result of the collision, Plaintiff sustained severe bodily injuries and extensive property damage.

**V.  PLAINTIFF'S CLAIMS OF NEGLIGENCE AGAINST
DEFENDANT ARION MORSHEDIAN**

7.      Defendant Arion Morshedian had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein. Plaintiff's injuries were proximately caused by Defendant Arion Morshedian's negligent, careless and reckless disregard of said duty.

8.      The negligent, careless and reckless disregard of duty of Defendant Arion Morshedian, consisted of, but is not limited to, the following acts and omissions:

A.      In that Defendant failed to keep a proper lookout for Plaintiff's safety that would have been maintained by a person of ordinary prudence under the same or similar circumstances; Texas Transportation Code §545.401;

B.      In that Defendant failed to turn his motor vehicle to the right or left in an effort to avoid the collision complained of; Texas Transportation Code §545.103;

C.      In that Defendant failed to maintain a clear and reasonable distance with other motorists; Texas Transportation Code §545.062;

D.      In that Defendant was operating his motor vehicle at a rate of speed which was greater than that would have been operated by a person of ordinary prudence under the same or similar circumstances; Texas Transportation Code §545.062;

E.      In that Defendant failed to apply the brakes to his motor vehicle in a timely and prudent manner and/or wholly failed to apply his brakes. Texas Transportation Code §545.351;

F.      In that Defendant failed to pay attention in his driving as a person using ordinary prudent care would have done; Texas Transportation Code §545.401;

G.      In that Defendant failed to keep such distance away from Plaintiff's motor vehicle as a person using ordinary prudent care would have done; Texas Transportation Code §545.062;

H.      In that Defendant failed to control the speed of his motor vehicle to avoid the collision complained of; Texas Transportation Code §545.351; and

I.      In that Defendant was distracted by an electronic device at or near the time of the collision complained of; Texas Transportation Code §545.4251.

## VI.   PROXIMATE CAUSE

9.      Each and every, all and singular of the foregoing acts and omissions, on the part of the defendants, taken separately and/or collectively, constitute a direct and proximate cause of the injuries and damages set forth below.

## VII. DAMAGES FOR PLAINTIFF HUGO MEDELLIN

10. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff Hugo Medellin, has incurred the following damages:

   a. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in Cameron County, Texas;

   b. Reasonable and necessary medical care and expenses which will, in all reasonable probability, be incurred in the future;

   c. Physical pain and suffering in the past;

   d. Physical pain and suffering in the future;

   e. Mental anguish in the past;

   f. Mental anguish in the future;

   g. Physical impairment in the past;

   h. Physical impairment which, in all reasonable probability, will be suffered in the future;

   i. Disfigurement in the past;

   j. Disfigurement in the future.

11. By reason of the above, Plaintiff Hugo Medellin has suffered losses and damages in a sum within the jurisdictional limits of the Court and for which this lawsuit is brought.

## VIII. PRAYER

12. For these reasons, Plaintiff Hugo Medellin asks for judgment against defendants for the following:

   a. Plaintiff seeks damages (including punitive damages) over $200,000.00 but not more than $1,000,000.00.

   b. Prejudgment and postjudgment interest.

   c. Costs of suit.

      d.      All other relief the Court deems appropriate.

Respectfully submitted,

**BEGUM LAW GROUP**

By: /s/ *Mario A. Cisneros*
Mario A. Cisneros
Federal Bar No. 2601122
2401 Wild Flower, Suite B
Brownsville, Texas 78526
E-mail: mcisneros@texaslegalgroup.com
Tel. (956) 982-1800
Fax. (956) 982-8602

**ATTORNEY IN CHARGE FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I certify that on July 20, 2023 a copy of Plaintiff's Third Amended Complaint was *electronically filed* on the CM/ECF system, which will automatically serve a Notice of Electronic Filing on the following attorneys:

**Via E-Service:** Michelle.Pector@morganlewis.com
Michelle D. Pector
State Bar No. 24027726
Morgan, Lewis & Bockius LLP
1000 Louisiana, Suite 4000
Houston, Texas 77002
Tel. (713) 890-5000
Fax. (713) 890-5001
*Attorney for Defendants*

**Via E-Service:** doliveira@rofllp.com
David Oliveira
State Bar No. 15254675
Roerig, Oliveira & Fisher, LLP
10225 N. 10th Street
McAllen, Texas 78504
Tel. (956) 393-6300
Fax. (956) 386-1625
*Attorney for Defendants*

Scott P. Jones
Texas Bar No. 10955500
Southern District of Texas Bar No. 11023
sjones@brock.law
Celia E. Guerra
Texas Bar No. 24069756
Southern District of Texas Bar No. 2108559
cguerra@brock.law
BROCK GUERRA STRANDMO DIMALINE JONES, P.C.
17339 Redland Road
San Antonio, Texas 78247
(210) 979-0100 Telephone
(210) 979-7810 Facsimile
*Co-Counsel for Defendant Arion Morshedian*

/s/ *Mario A. Cisneros*
Mario A. Cisneros

## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **HUGO MEDELLIN**<br>**Plaintiff,** | §<br>§<br>§ | |
| **V.** | §<br>§ | **CIVIL ACTION NO. 1:22-CV-084** |
| **ARION MORSHEDIAN**<br>**Defendant.** | §<br>§<br>§ | |

### PARTIES CONSENT TO ALLOW PLAINTIFF TO FILE AMENDED PLEADING

All parties consent to allow Plaintiff leave to file his Third Amended Complaint for the limited purpose of dismissing Space Exploration Technologies Corporation ("SpaceX") with prejudice from the above-referenced matter.

1. Plaintiff, Hugo Medellin, is an individual that is a citizen of the State of Texas.

2. Defendant, Arion Moreshedian, an individual and a citizen of California. Defendant, Arion Moreshedian, has been duly served and has made an appearance here.

3. Plaintiff previously sued defendants for damages stemming from an accident that occurred on or about June 11, 2021.

4. Defendant Arion Morshedian filed an answer on or about October 5, 2021.

5. On June 27, 2023 SpaceX filed a Motion for Summary Judgment with the Court ("Motion").

6. After reviewing SpaceX's Motion, Plaintiff voluntarily agrees to dismiss SpaceX with prejudice from the above-referenced matter.

7. The deadline for filing an amended pleading has passed.

8. All parties— Plaintiff Hugo Medellin and Defendants, consent to allow Plaintiff to file his Third Amended Complaint along with this consent for the sole purpose of facilitating the dismissal of SpaceX with prejudice from this lawsuit.

_____          _7-20-2023_____
Counsel for Plaintiff                                             Date

_____          July 20, 2023
Counsel for Defendants                                        Date

---

Plaintiff's Third Amended Complaint – Page 6 of 7

  /s/ Celia Guerra                                                                                                           7-20-2023

Co-Counsel for Defendant                                                                         Date

Arion Morshedian