IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **HUGO MEDELLIN** | | |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. 1:22-CV-084** |
| | § | |
| **SPACE EXPLORATION** | § | |
| **TECHNOLOGIES, CORP., et. al.,** | § | |
| **Defendants.** | § | |

**PLAINTIFF'S REPLY TO SPACE EXPLORATION TECHNOLOGIES
CORPORATION'S RESPONSE IN OPPOSITION TO PLAINTIFF'S OPPOSED
MOTION TO EXCLUDE THE OPINION TESTIMONY AND REPORT OF
ELIZABETH MICHELLE ADDISON**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Hugo Medellin, hereinafter referred to as "Plaintiff" in the above-styled cause, and files this Reply to Space Exploration Technologies Corporation's Response in Opposition to Plaintiff's Opposed Motion to Exclude the Opinion Testimony and Report of Elizabeth Michelle Addison as to Cost of Services. In support thereof, Plaintiff respectfully shows as follows:

## I.      SUMMARY OF ARGUMENT

Elizabeth Michelle Addison, hereinafter referred to as "Addison", a certified coding professional, authored 5 separate reports to challenge the reasonableness of each medical provider who rendered treatment to Plaintiff following the collision in question.

Addison offers an opinion that Plaintiff Medellin's charges for treatment he received to his lower back and/or lumbar spine exceed what would be considered the usual, customary, and reasonable amounts for the services provided, the dates of service, and for the geographic region where the records indicate that the services were rendered.

However, Addison fails to show that her expert opinion on Plaintiff's billed charges is reliable, because she fails to offer a reliable methodology to support her conclusion. *See* Fed. R. Evid. 702; *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589 (1993). Moreover, there is nothing to show that her methodology has been subjected to any type of peer review. Finally, Addison's opinion should be excluded because she has not demonstrated that she is qualified in

the field at issue—reasonable charges in the Rio Grande Valley. Accordingly, her opinions on Plaintiff's medical bills should be excluded.

## II.     STATEMENT OF THE ISSUES

Plaintiff does not dispute that the sole issue before the Court is whether Addison's testimony and report should be excluded under the principles outlined in Federal Rule of Evidence 702 and *Daubert*.   Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993).

Plaintiff reiterates his contention that Addison's opinions are unreliable and that she is not qualified to opine on the reasonableness of his medical charges.

## III.     ARGUMENT & AUTHORITIES

Plaintiff's challenges raise serious concerns regarding Addison's potential testimony and opinions under *Daubert*.  Thus, the Court should grant Plaintiff's motion.

The defense is unable to show that Addison possess the knowledge of the underlying methodology utilized by both Context 4 and Find-A-Code databases.  They can point to nothing to show that Addison is able to detail or discuss the methods utilized by these databases or whether she has any understanding as to how these databases are developed or created.

The defense maintains that because these databases have been found reliable in other courts, Addison's opinions must be reliable.

However, in the case cited by the defense, the expert [Dickinson] was a nurse practitioner with years of education and experience. *Perez v. Boecken*, No. 5:19-CV-00375, 2020 WL 3074420, at *11 (W.D. Tex. June 10, 2020) ("Dickinson has experience as a practicing nurse, nurse consultant, and owner of a medical bill auditing business.").    As previously put forth, Addison does not hold any medical degrees or at minimum a 4 year-college degree.  Nor has she held any interests in any sort of medical business.  Nothing shows that Addison's qualifications rise to the level of those as the defense expert in the *Perez* case.  Presumably a nurse practitioner with over 20-years of experience may have some knowledge or basis as to how these databases are developed and created, the same cannot be said for someone such as Addison.

The defense has not met their fact-specific burden to not only show that Addison's methodology is reliable but also that Addison is qualified.  Akin to the *Carreon* case cited by the defense, Addison is not a nurse or nurse consultant, and the defense fails to identify in detail Addison's relevant medical field experience that gives her specialized knowledge to read and interpret medical billing data produced by the databases she cites. No. 5:19-CV-124, 2021 WL

3604843, at *6 (S.D. Tex. Mar. 24, 2021).   The Court in the Carreon case found that the Defendant failed to meet his burden to prove the qualifications and reliability of a biller/coder.  *Id*.  In addition, Plaintiff has already pointed out that there is nothing to show that Addison has ever worked or managed a medical facility similar to those where Plaintiff received his medical care and treatment. Moreover, there is nothing to show that she has utilized these databases at any point in her employment history or whether her prior employers ever utilized these databases.   There is no definitive statement from her that anyone in the medical field utilizes these databases for billing persons such as the Plaintiff.

The *Williams* case cited by the defense also involved a medical professional with decades of education, training and experience in the healthcare field and had at the very least some college education in physiology, pathophysiology, and pharmacology. No. 2:19-CV-00325, 2022 WL 6610128, at *2 (S.D. Tex. Feb. 8, 2022) ("And Gonzalez has decades of education, training, and experience in the field, both working for healthcare providers and as an auditor of regulatory compliance.").  The same cannot be said for Addison.  There is nothing to show she has had any similar education nor experience.

The defense also fails to specify that in *Perez* the Court found Dr. Neely's testimony to be reliable not those of a biller/coder. No. SA-19-CV-00375-XR, 2020 WL 3074420, at *13 (W.D. Tex. June 10, 2020).  Presumably, Dr. Neely demonstrated a familiarity with what is typically paid by third party sources and was not forming his opinions on information provided to him by a third-party source such as Addison.  *Id*. at 12.

Similar to this case, the Court in *Cantu v. Wayne Wilkens Trucking*, deemed a biller/coder unqualified to testify.  No. 5:19-CV-1067-XR, 2020 WL 5948267, at *4 (W.D. Tex. Oct. 7, 2020). The court noted:

> Although Mr. Murphy could reasonably opine on what a medical provider might reasonably be paid by an insurance company, there is no clear evidence that he has the experience or expertise necessary to opine on whether a price chosen by a medical provider to charge a patient is reasonable. Stated differently, while it is clear that Mr. Murphy has extensive experience collecting money from Medicare and insurance companies on behalf of medical providers, it is not so clear what experience makes him qualified to testify on what a patient should reasonably be charged for her procedures.
>
> *Id*.
>
> …

> Conspicuously absent from this averment is an affirmative statement that Mr. Murphy was responsible for charging patients for the services rendered by a physician. Mr. Murphy does not need to be a doctor to opine on the reasonableness of Plaintiff's charges, but he must have an expertise in charging or billing *patients*. It appears from the submissions to the Court that Mr. Murphy's expertise is in collecting payment from insurance companies. In fact, Mr. Murphy's only experience dealing with patient billing seems to be "negotiating payment agreements with uninsured patients."

> *Id*. at 5.

Similar to *Cantu*, as previously mentioned, there is nothing to suggest Addison has ever used the databases in question at any point in her career other than within her capacity as a retained expert.  There is nothing setting forth what qualifies her to testify on what a patient such as Medellin should reasonably be charged for the treatment he received.  There is no definitive statement within the materials she provided whether she has ever been responsible for charging patients for the services rendered by a physician.  While Addison may have experience collecting from insurance companies, there is nothing definitive setting forth that she has experience billing patients.

Lastly, the defense is unable to show that Addison's work has been peer-reviewed or somehow looked upon favorably within the relevant field of expertise.  As indicated by the defense, she is simply regurgitating information put forth by another source.  The Court is allowed to balance several factors within its gatekeeping function.   Here, there is nothing to show that Addison is viewed as an expert by anyone within her purported field of expertise.  Following the argument put forth by the defense, any person working in a medical office who is familiar with CPT codes could potentially serve as a billing expert in a federal trial.  Under *Daubert*, this simply cannot be the case.

Thus, there is insufficient evidence to show that Addison has specialized knowledge in the required fields to assist the jury with her testimony.  Moreover, the defense has failed to cite any cases, state or federal, where Addison has been found qualified and her specific methodology reliable.

Moreover, Addison's discussion of US Department of Veterans Administration benefits and Medicare reimbursement rates will violate the collateral source rule.  Just as the rules of evidence do not permit the introduction of testimony concerning liability insurance [whether it exists or not], similarly any discussion of VA benefits or Medicare violate the collateral source

rule.  Any such testimony would unfairly harm or prejudice the Plaintiff by allowing the jury to question or consider not only whether he was entitled to any such benefits at the time of the crash during their deliberations but what would have been paid by these entities.  Any such testimony concerning VA benefits or Medicare reimbursement rates would also be totally irrelevant as Plaintiff was not entitled to any such benefits at the time of the crash.  In this regard, the *Perez* case offered by the defense is not binding authority and this Court is not duty bound to follow the case law offered by the defense.  Further, Plaintiff would show that any testimony concerning VA Benefits and Medicare benefits would be a complete waste of judicial resources.

Thus, for the reasons set forth, Plaintiff's motion to limit or exclude the testimony of Addison should be granted.

## IV.     CONCLUSION & PRAYER

**WHEREFORE PREMISES CONSIDERED**, Plaintiff requests this Court grant his Motion to Exclude the Opinion Testimony and Report of Elizabeth Michelle Addison as to Cost of Services in its entirety. Plaintiff further prays that the Court grant him any and all other relief, whether general or special, at law or in equity, to which he may be justly entitled.

Respectfully submitted,

**BEGUM LAW GROUP**


By: /s/ *Mario A. Cisneros*
Mario A. Cisneros
Federal Bar No. 2601122
2401 Wildflower, Suite B
Brownsville, Texas 78526
E-mail: mcisneros@texaslegalgroup.com
Tel. (956) 982-1800
Fax. (956) 982-8602

**ATTORNEY IN CHARGE FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing document has been forwarded to opposing counsel on this the **25th day of July, 2023**, as follows:

***Via E-Service:*** *Michelle.Pector@morganlewis.com*
Michelle D. Pector
State Bar No. 24027726
Morgan, Lewis & Bockius LLP
1000 Louisiana, Suite 4000
Houston, Texas 77002
Tel. (713) 890-5000
Fax. (713) 890-5001
*Attorney for Defendants*

***Via E-Service:*** *doliveira@rofllp.com*
David Oliveira
State Bar No. 15254675
Roerig, Oliveira & Fisher, LLP
10225 N. 10th Street
McAllen, Texas 78504
Tel. (956) 393-6300
Fax. (956) 386-1625
*Attorney for Defendants*

Scott P. Jones
Texas Bar No. 10955500
Southern District of Texas Bar No. 11023
sjones@brock.law
Celia E. Guerra
Texas Bar No. 24069756
Southern District of Texas Bar No. 2108559
cguerra@brock.law
BROCK GUERRA STRANDMO DIMALINE JONES, P.C.
17339 Redland Road
San Antonio, Texas 78247
(210) 979-0100 Telephone
(210) 979-7810 Facsimile
*Co-Counsel for Defendant Arion Morshedian*

/s/ *Mario A. Cisneros*
Mario A. Cisneros